**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 23-cv-1149-KLM

JOHN DOE,

      Plaintiff,

v.

JANE ROE,

      Defendant.

---

**RESPONSE OF DEFENDANT IN OPPOSITION TO**
**MOTION TO RESTRICT PARTY NAMES**

---

Defendant "Jane Roe," through undersigned counsel, files this response in opposition to Plaintiff's Motion to Restrict Party Names (Dkt. # 2) (the "Motion To Restrict") and states:

### INTRODUCTION

When Mr. Doe chose to file his lawsuit against the victim of his sexual abuse for speaking out about what he did to her, he assumed the consequences that go with that action. One such consequence of forcing Ms. Roe into federal court is that the dispute is a matter of public record, with the public able to understand both the identity of the parties involved and each of their claims and defenses. In short, Mr. Doe "must be prepared to accept the public scrutiny" that attaches to his decision to bring this action. *See Doe v. Merck & Co., Inc.*, No. 11-cv-02680-RBJ-KLM, 2012 WL 555520, at *4 (D. Colo. Feb. 17, 2012).

This principle is particularly important here because this case deals with a matter of considerable public concern and importance. Whatever the ultimate disposition of this case, the

public has a keen interest in its subject matter, including in examining the use of litigation by perpetrators of sexual assault to curtail the #MeToo movement and to silence speech about sexual misconduct that has proven so critical in changing norms that have for far too long allowed sexual abuse to continue unabated.

Furthermore, one court has already considered evidence of Mr. Doe's conduct against Ms. Roe, and issued a comprehensive consent order and injunction to prevent Mr. Doe from continuing to abuse, harass, stalk, follow and threaten her. That court, sitting in Louisiana, conducted its proceedings in public with the parties' names identified. Both Ms. Roe's petition for protection from abuse and the consent order and injunction used the parties' names and are publicly available. In light of that, there would be no just reason to require the parties to proceed using pseudonyms here.

The instant motion should be denied. Should either party wish to seek restriction as to any specific identified fact in future filings, the Court's Civil Practice Standards already permit motions to restrict public access through less-restrictive means than a blanket order requiring the use of pseudonyms.

## ARGUMENT

### 1. The Legitimate Public Interest in Open Judicial Proceedings

Courts have long recognized the public's interest in access to legal proceedings, interests discussed more fully in an Objection to the Motion to Restrict filed by a nonparty to this case. *See* Objection to Motion to Restrict Party Names filed by Nonparty Eugene Volokh at 3-4 (Dkt. # 7). As the Tenth Circuit has explained, the use of pseudonyms has no explicit sanction in the federal rules; to the contrary, F.R.C.P. 10(a) requires that all parties' names appear in the complaint. *Doe v. Woodard*, No. 15-cv-01165-KLM, 2015 WL 13848981, at *1 (D. Colo. July 20, 2015) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)). While

trial courts have discretion to allow a party to proceed anonymously, this "unusual procedure" is available only in certain, limited circumstances. *Merck & Co.*, 2012 WL 555520, at *1; *see also Doe v. Doe*, --- F.Supp.3d ---, 2023 WL 115563 (E.D.N.C. Jan. 5, 2023) (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)) (requiring "extraordinary circumstances" to justify anonymity when balancing the party's stated interest in anonymity against both the public's interest in openness and any prejudice to the opposing party), *appeal filed*, (4th Cir. Jan. 18, 2023); *see also Doe v. Regents of Univ. of Colo.*, 603 F. Supp. 3d 1014, 1020 (D. Colo. 2022) (denying request to proceed anonymously given that the public access interest outweighed the privacy interest of a party seeking to proceed pseudonymously).

With this backdrop, the Tenth Circuit has identified three exceptional contexts in which using a pseudonym may be appropriate: (1) matters of a highly sensitive and personal nature; (2) situations involving a real danger of physical harm; and (3) cases in which the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *Doe v. Wang*, No. 20-cv-02765-RMR-MEH, 2022 WL 89172, at *3 (D. Colo. Jan. 6, 2022) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2012)). In considering these contexts, courts have cautioned that "the risk that a plaintiff may suffer some embarrassment is not enough" to warrant the use of a pseudonym. *Id*.

When applying these standards, a court must "weigh[] the public interest in determining whether some form of anonymity is warranted." *Femedeer,* 227 F.3d at 1246 (citing *M.M. v. Zavara,* 139 F.3d at 802–03 (10th Cir. 1998)). In doing so, it is to consider the circumstances presented, including factors such as whether the plaintiff is a minor, whether the plaintiff was or is likely to be threatened with physical harm by proceeding in the plaintiff's own name, and whether proceeding anonymously creates "a unique threat of fundamental unfairness to the

3

defendant." *Merck & Co.*, 2012 WL 555520, at *3.  Here, Plaintiff cannot establish that any of those factors weighs in his favor.

First, Plaintiff does not claim to have been a minor during the events in question.

Second, Plaintiff broadly claims that he is "concerned" about potential acts of "reprisal" that may impact his future education, finances, or mental health, but he does not show why he faces any greater risk than the generalized concern of most other defamation plaintiffs, much less demonstrate that he will be threatened with physical harm.  *See Doe v. Doe*, 2023 WL 115563, at *2 (finding plaintiff failed to produce "evidence to support more than a mere general fear of retaliation or mere embarrassment" (omitting internal quotations)).  Indeed, Plaintiff does not identify the nature of *any* specific alleged reprisals.

Given that there were prior public proceedings in Louisiana between these same two parties, the possibility of reprisals here seems particularly remote.  Those earlier proceedings began when, on January 24, 2022, Defendant filed a Petition for Protection from Abuse in a Louisiana state court, using the real names of both parties to this proceeding, not pseudonyms. Thereafter, the Louisiana state court issued a Consent Order and Injunction that, among other forms of relief, immediately and permanently restrained and enjoined Plaintiff from "[a]busing, harassing, stalking, following or threatening" Defendant in "any manner whatsoever," prohibited him from going within 100 yards of her residence, place of employment or school, and further ordered that Plaintiff would "immediately withdraw" from Tulane University.[1]  In other words, there is already a publicly-available record that describes – and issues an order regarding –

---

[1] For reasons that will be addressed in this case, Defendant focused on Plaintiff's physical abuse, harassment and stalking in the Louisiana state court action but was not yet ready to disclose her account of the sexual abuse and assaults that she also suffered.  Even without those further disclosures, the record was compelling enough to the Louisiana court that its order provided for substantial relief.

Plaintiff's behavior toward Defendant that incorporates their real names. But Plaintiff does not suggest that this publicly-available information led to "reprisals" as a result of those earlier proceedings.

Third, there is no threat of unfairness to Plaintiff since Defendant will also be named in the proceeding. Permitting Plaintiff to try to "'clear his name' and wield a potential judgment against Jane Doe to his advantage but hide under a shield of anonymity if unsuccessful" is fundamentally unfair to Defendant. *Doe v. Doe*, 2023 WL 115563 at *3; *see also Chalmers v. Martin*, No. 21-cv-02468-NRN, 2021 WL 6136179, at *2 (Dec. 28, 2021) (denying request for leave to proceed under pseudonym by civil defendant accused of sexual assault). It is further inconsistent with well-established defamation law. *See, e.g.*, Objection at 10 (citing cases).

Significantly, Plaintiff does not cite to a single case in which a court permitted a private individual plaintiff to proceed pseudonymously solely against a private individual defendant, much less against an individual defendant who is an alleged sexual assault survivor. *Accord Doe*, 2023 WL 115563, at *4 ("The cited cases do not involve a private individual plaintiff proceeding pseudonymously and suing a private individual defendant also named under a pseudonym. Moreover, plaintiff has failed to cite a case in which a plaintiff in a defamation or libel action was allowed to proceed pseudonymously against an alleged victim of sexual assault."); *Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *6 (E.D.N.Y. Oct. 14, 2020) ("The Court finds it highly persuasive that Plaintiff fails to and is unable to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault."). Instead, Plaintiff includes a string cite of cases that he says arose from "parallel claims" filed against colleges and universities in which "John Does" were permitted. Motion to Restrict at ¶ 29. Those cases add

little to the analysis here. None of the cases cited in paragraph 29 of the Motion to Restrict contains any analysis about why the plaintiff was permitted to proceed anonymously.[2] Moreover, every one of those cases involves claims by John Doe plaintiffs that colleges and universities failed to comply with federal civil rights law or, in one case, state common law,[3] when pursuing proceedings under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, proceedings that, as explained in the nonparty Objection at 10, are confidential and governed by federal law. As such, these civil rights cases against public and private institutions are not, as Plaintiff asserts, "parallel" to defamation claims brought against a private individual who has discussed a sexual assault. As the court in *Doe v. Doe* held in another case involving Tulane students, the considerations identified in those cases simply do not apply when a plaintiff sues an alleged sexual assault survivor for defamation. *See Doe v. Doe*, 2023 WL 115563, at *4 (citations omitted).[4]

---

[2] Most of the opinions do not even address the decision to permit the plaintiff to proceed anonymously, which is presumably why Plaintiff did not direct the Court to specific pages of the opinions. *See, e.g., Doe v. Univ. of Denver*, 1 F.4th 822 (10th Cir. 2021); *Doe v. Univ. of Denver*, 2022 COA 57, *cert. granted in part*, No. 22SC499, 2023 WL 2372557 (Colo. Mar. 6, 2023); *Doe v. Univ. of Mass.-Amherst*, No. 14-30143-MGM, 2015 WL 4306521 (D. Mass. July 14, 2015); *Doe v. Univ. of S. Fla. Board of Trustees*, No. 8:15-cv-682-T-30EAJ, 2015 WL 3453753 (M.D. Fla. May 29, 2015); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. June 2, 2015); *Doe v. Univ. of Mont.*, Civil Action No. 12-77-M-DLC (D. Mont. June 26, 2012). While in *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. Oct. 13, 2009), the district court overruled the objection to the magistrate judge's order permitting the plaintiff to proceed under a pseudonym, it did so without analysis, noting only that the magistrate judge's memorandum and order was well-reasoned and well-supported.

[3] In *Doe v. Univ. of Denver*, 2022 COA 57, which arises out of the same Title IX proceedings addressed in *Doe v. Univ. of Denver*, 1 F.4th 822 (10th Cir. 2021), Mr. Doe pursued state law claims against the University of Denver for its conduct of Title IX proceedings, claims that were originally dismissed by the federal district court.

[4] Defendant argues that the fact that this case involves only private individuals actually lessens the public interest and weighs in favor of confidentiality but does not cite any authority in support

Courts in the Tenth Circuit have, of course, long permitted alleged survivors of sexual assault or sexual harassment – or their parents – to proceed anonymously. *See Doe ex rel. Doe v. Brighton Sch. Dist. 27J*, No. 19-cv-0950-WJM-NRN, 2019 WL 1573301, at *1 (citing cases). But Plaintiff has not alleged that he was sexually assaulted. And Defendant, who *will* allege that she was sexually assaulted in her counterclaims, is choosing to proceed using her own name so as to ensure that the larger and important issues raised by this case – including ensuring that survivors of sexual assault not lose their voice through shame or the threat of legal action – are advanced.

To that end, Plaintiff's request that the parties proceed using pseudonyms and that all filings be placed under Level 1 restriction goes too far. In the event either party wishes to seek to maintain the confidentiality of any portion of any particular future court filing, that party can at that time file a motion under D.C.COLO.L.Civ.R.7.2, seeking leave to redact that material from publicly-available versions of those pleadings. *See Caldwell v. United States*, No. 19-cv-02278-CMA-KLM, 2020 WL 7496496, at *2 (D. Colo. Nov. 23, 2020) (denying broad request to redact pleadings addressing alleged sexual assault and ordering the sexual-assault-survivor plaintiff to identify specific pages to be restricted from public view).

## Conclusion

For the reasons set forth above, Defendant respectfully requests that the Motion to Restrict be denied.

---

for this argument. In fact, federal case law suggests that this factor weighs against confidentiality, given the impact on the private defendant. *See V. Polytechnic Inst. & State Univ.*, No. 7:21-CV-3782022, 2022 WL 972629, at *3.

DATED this 19th day of May, 2023.

   *s/ Kimberly M. Hult*
Kimberly M. Hult
Daniel D. Williams
Christopher W. Ford
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Facsimile: (303) 442-6493
Kimberly.Hult@hbcboulder.com
Dan.Williams@hbcboulder.com
Chris.Ford@hbcboulder.com

8