# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff

## PROPOSED SCHEDULING ORDER

### I.  DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling Conference under Fed. R. Civ. P. 16(b) is set for August 31, 2023, at 11:00 A.M., in Courtroom A401, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, before U.S. Magistrate Judge Kathryn A. Starnella.  Appearing for the parties are:

| | |
|---|---|
| Laura A. Menninger<br>Jacob McMahon<br>HADDON, MORGAN & FOREMAN, P.C.<br>950 17th Street, Suite 1000<br>Denver, CO 80202<br>303-831-7364<br>LMenninger@hmflaw.com<br>jmcmahon@hmflaw.com<br>*Attorneys for Plaintiff* | Kimberly M. Hult<br>Daniel Williams<br>HUTCHINSON BLACK AND COOK, LLC<br>921 Walnut Street, Suite 200<br>Boulder, CO 80302<br>303-442-6514<br>Kimberly.hult@hbcbouder.com<br>dan.williams@hbcboulder.com<br>*Attorneys for Defendant* |

### II.  STATEMENT OF JURISDICTION

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States. This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 as the judicial district in which certain of the events and omissions at issue occurred.

## III. STATEMENTS OF CLAIMS AND DEFENSES

### A. Plaintiff Jacob Levy's Statement

Plaintiff Jacob Levy and Defendant Holly Shuster dated while they were undergraduate students at Tulane University in New Orleans, Louisiana. They lived together and had consensual sexual contact during their relationship. As a part of and during their relationship, Ms. Shuster requested, in writing, a number of different explicit sexual contacts from Mr. Levy. She detailed the "really hard sex" that she enjoyed, including that she wanted to be "pinn[ed] . . . down," wanted "scratches" on her, wanted him to "hold [her] down" and "force [her] back down" and wanted him to forcefully use sex toys on her. Ms. Shuster expressed she wanted to "do teacher student" and described in graphic sexual details as to how Mr. Levy should act in that "roleplay." Towards the end of their relationship, Ms. Shuster conveyed that she wanted to "try more bdsm things like being tied to something where I'm like ur prisoner" and that they should engage in "torture but like in a good way which is why I feel like it's good for bdsm" because "it's never painful" and "it's torture because it feels so good." In early November 2021, Ms. Shuster communicated to Mr. Levy that she would be his if he named a time and place and would "get [her] a ring."

Nevertheless, the couple broke up. After Ms. Shuster complained that Mr. Levy continued to contact her, Tulane issued mutual no-contact orders in November 2021 barring Ms. Shuster from contacting him and Mr. Levy from contacting her. The Civil District Court in the

Parish of Orleans, Louisiana, entered a Consent Order and Injunction in February 2022 making the no-contact order permanent. There was never any evidentiary hearing in the Orleans Parish court process. Through Tulane's informal resolution process, Mr. Levy agreed to voluntarily withdraw from Tulane.

Mr. Levy then ceased contact with Ms. Shuster and enrolled in college in Boulder, Colorado. In September 2022, just as Mr. Levy joined a fraternity, Ms. Shuster texted the fraternity's leadership to oppose his membership. The texts, which were written in the first person either by Ms. Shuster or at her direction, contained malicious false claims, including that:

(1) Mr. Levy "sexually assaulted and raped" her "countless times," that she was "basically not allowed to say no to sex," that he "would ask and ask and ask [to have sex] until [she] eventually gave in," and that he "forced [her] to have sex with him multiple times a day, everyday";

(2) Ms. Shuster had "woken up to him straddling [her] and masturbating on top of [her] sleeping body multiple times";

(3) she "never wanted to have sex with him," and he "forc[ed] [her] to do painful things which [she] objected to, but he did anyway, despite [her] clearly saying no multiple times";

(4) Mr. Levy was "kicked out of Tulane for rape and stalking";

(5) Mr. Levy threatened Ms. Shuster's friends and family and attempted to cut her off from every person in her life.

Based on Ms. Shuster's messages, Mr. Levy was immediately terminated from the fraternity. Circulation of her lies in Boulder led to Mr. Levy's ostracization, and he was forced to return home to California. Ms. Shuster also spread her lies to Mr. Levy's friends at Tulane.

Mr. Levy now asserts, through his First Amended Complaint [Dkt. #33], three claims against Ms. Shuster under Colorado state law:

1. Defamation *per se* and *per quod*,

2. Intrusion on seclusion, and

3. Unreasonable disclosure of private facts.

Mr. Levy has answered [Dkt. #34] and denied all of the counterclaims asserted by Ms. Shuster [Dkt. #27], and pled a number of affirmative defenses, including consent, unclean hands, and First Amendment protected expression.

### B. Defendant/Counterclaimant Holly Shuster

This is the second case arising out of a violent intimate relationship, one that included sexual, physical, and emotional abuse, by Mr. Levy toward Ms. Shuster. After the relationship ended in November 2021, Mr. Levy responded by engaging in a pattern of sexual harassment, assault, battery, stalking, and cyberstalking, and he repeatedly violated the terms of a No Contact Order that Ms. Shuster obtained from Tulane. In early 2022, Ms. Shuster was forced to file a Petition for Protection in the Civil District Court for the Parish of Orleans, Louisiana (the "Louisiana state court"), where she quickly received an Order of Protection and Temporary Restraining Order against Mr. Levy and soon after secured the Consent Orders and Injunction against Mr. Levy. As set forth in the Consent Orders and Injunction, Mr. Levy was, among other things, directed to "withdraw" from Tulane "immediately" and ordered to refrain from re-enrolling for a period of five years or while Ms. Shuster remained a student there, whichever occurred later.

Now, more than a year after Ms. Shuster secured substantial protections from the Louisiana state court, Mr. Levy seeks to punish her for discussing the sexual, physical, and emotional abuse

that she survived during her relationship with Mr. Levy in an effort to protect other young women. In response to Mr. Levy's claims, Ms. Shuster has asserted state and federal law counterclaims for sexual assault (sexual battery), sexual assault (third-degree rape), battery, assault, civil stalking, civil cyberstalking, violations of the Stored Communications Act, 18 U.S.C. § 2701, *et. seq.*, intentional infliction of emotional distress and violations of Louisiana Civil Code article 2315.

Ms. Shuster has also filed an Answer denying Mr. Levy's claims and asserting numerous affirmative defenses, including that the alleged defamatory statements were substantially true, concerned matters of public interest and concern, were not accompanied by actual malice, were subject to the qualified common interest privilege and were otherwise not actionable. She previously filed a Motion to Dismiss Counts II and III of the Complaint, which was denied as moot following the filing of the Amended Complaint. [Dkt. #38]. Ms. Shuster will be filing a new Partial Motion to Dismiss the Amended Complaint by the filing deadline.

## IV. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Jacob Levy is an individual who is a citizen of, and resides in, California.

2. Defendant Holly Shuster has attended Tulane University and is currently a citizen of New York.

3. In September 2022, the following text messages were sent to "Cu Boulder Fiji" members, about and concerning Mr. Levy:

    a. I got your guy's number from the Cu Boulder Fiji website and I'm assuming you are the rush chairs. You guys don't know me but I am texting to share an urgent message. This message is not from me, but from an anonymous Tulane University of Louisiana student. Warning: the following text contains language depicting sexual assault, rape, and similar language. Please read ahead at your own level of comfort.

5

b. I dated Jacob Levy for almost a year and I can say confidently that he is not the kind of person who belongs in a frat. He is an emotionally unstable, aggressive person who made my life a living hell for months. Jacob transferred to Boulder because he got kicked out of Tulane because I have a restraining order against him through the school and the state of Louisiana. Despite what he may say, I am not crazy and I did not want to get a restraining order against him, I was forced to given the circumstances he put me under. During our relationship, Jacob sexually

c. assaulted and raped me countless times. I was basically not allowed to say no to sex, if I said no he would ask and ask and ask until I eventually gave in and said yes just to make him stop asking, even though I did not want to have sex. He forced me to have sex with him multiple times a day, everyday, and would guilt me and say there was something mentally wrong with me if I tried to say no. I have woken up to him straddling me and masturbating on top of my sleeping body multiple times. He once told me he preferred when I got drunk because that was the only time I was horny

d. for him, which was not true, I never wanted to have sex with him, it was just easier for him to have sex with me because I couldn't put up as much of a fight. He forced me into very uncomfortable sexual situations, forcing me to do painful things which I objected to, but he did anyway, despite me clearly saying no multiple times. He was abusive in every way, he has been psychically violent with me, threatened my friends and family and attempted to cut me off from every person in my life. I was extremely afraid of him during our relationship. When I finally got past my fears and had the emotional stability to

e. break up with him, he began stalking me. He would call and text me hundreds of times a day, wait outside my dorm until I came home, and hacked into multiple of my social media accounts. One night under the influence of alcohol, he broke into my dorm room and waited there for me until I came home, and when I forced him out he proceeded to throw something at me and pressed me up against the balcony of my dorm building (I lived on the 5th floor) and held me there until I couldn't breathe. I had to get a no-contact order against him through my school and, after countless violations of said order,

f. I was forced to get a restraining order against him through the state of Louisiana. That is why he is at Boulder, not through his own choice, but because he was kicked out of Tulane for rape and stalking. This all happened this past year, the restraining order was put in place in February

6

      of 2022.  If he would do those things to me, he will do them to another girl.  He is a threat to every woman's safety on that campus.

    g.    I am not seeking to ruin his life, I gave him so many chances to stop what he was doing and leave me alone but he never did, I believe that people can change and I hope that one day he does, but given how recent these events are, I do not believe that it is safe for the girls on that campus to be around someone like him[.]  I am happy to send further proof (a copy of the restraining order for example) if needed.  Thanks for your time.

## IV. COMPUTATION OF DAMAGES

### A. Plaintiff Jacob Levy

Plaintiff Jacob Levy seeks all appropriate relief at law and equity; economic losses on all claims as allowed by law; compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the appropriate lawful rate; injunctive relief prohibiting Ms. Shuster from repeating her defamatory claims about Mr. Levy; a declaratory judgment that Mr. Levy was not "kicked out" of Tulane and did not "sexually assault" or "rape" Ms. Shuster; and any further relief that this court deems just and proper, and any other relief as allowed by law and equity.

Mr. Levy's economic damages include: his unreturned deposit paid to the Boulder fraternity, his lost tuition, his moving expenses from Colorado to California, and expenses related to his mental health care.  He is collecting documentation and will make disclosures as required.

### B.     Defendant and Counterclaimant Holly Shuster

Ms. Shuster seeks an award of damages to be determined at trial, including compensatory damages for her past, present and future emotional pain and suffering, ongoing mental anguish, and loss of past, present and future enjoyment of life in an amount to be determined by the jury; economic damages, including expenses related to her mental health care and the effects of the abuse, exemplary or punitive damages as provided by law, including pursuant to 18 U.S.C. 2707(c) and La. Civ. Code art. 2315.7; an award of attorneys' fees and costs as provided by law, including pursuant to 18 U.S.C. § 2707(c) and/or La. Civ. Code. Art. 2315.7; statutory and mandatory interest on all sums awarded and as provided by law.

## V.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING PURSUANT TO FED. R. CIV. P. 26(F)

**A.     Date of Rule 26(f) meeting: August 9, 2023.**

**B.     Names of each participant and party he/she represented:**

1. Laura A. Menninger and Jacob McMahon for Plaintiff Jacob Levy.
2. Kimberly Hult and Dan Williams for Defendant Holly Shuster.

**C.     Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

1. August 30, 2023.

**D.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

None.

8

  **E.** **Statement concerning any agreements to conduct informal discovery:**

  None.

  **F.** **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

The parties have agreed generally to take all reasonable steps to reduce discovery and other litigation costs. The parties agree to a unified numbering system and to Bates label all disclosures.

  **G.** **Statement as to whether the parties anticipate that their claims or defense will involve extensive electronically stored information ("ESI"), or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:**

The parties anticipate that a substantial amount of the materials disclosed or discovered will likely be ESI particularly in the form of electronic communications.

The parties agree that they will work towards an appropriate ESI protocol for the capturing, analyzing and disclosure of these communications, including whether certain communications should be produced in native format, what metadata should be produced, and whether to subject these disclosures to Bates labeling.

  **H.** **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:**

The parties, through counsel, engaged in settlement discussions before the filing of this Complaint. A prompt settlement currently appears unlikely, but the parties are committed to continuing future discussions to reach agreement as additional facts become available.

**VI.** **CONSENT**

  All parties have <u>not</u> consented to the jurisdiction of the U.S. Magistrate Judge. [Dkt. #19]

**VII.   DISCOVERY LIMITATIONS**

   **A.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal rules:**

   1.   <u>With respect to interrogatories:</u>

       a.   The parties agree that, absent leave of court, each party may serve on the other party no more than the presumptive 25 written interrogatories, including all discrete subparts.

   2.   <u>With respect to depositions:</u>

       a.   The parties agree that, absent leave of court, the presumptive limit of 10 depositions per side should apply.  This numerical limit includes the named parties but not retained experts.

   **B.   Limitations which any party proposes on the length of depositions:**

   1.   The parties agree that the presumptive limit of 7 hours over one day should apply. If there is good cause to do so, the parties may seek additional time from the Court.

   **C.   Limitations which any party proposes on the number of requests for production and/or requests for admission:**

   1.   *With respect to requests for production:*

       a.   The parties agree that, absent leave of court, each party may serve up to 30 requests for production on the other party.

   2.   *With respect to requests for admission:*

       a.   The parties agree that, absent leave of court, each party may serve up to 25 requests for admission on the other party.

   **D.   Deadline for service of Interrogatories, Requests for Production of Documents, and/or Admissions:**

   1.   March 26, 2024.

   **E.   Other Planning or Discovery Orders:**

   None.

**VIII.   CASE PLAN AND SCHEDULE**

    **A.   Deadline for Joinder of Parties and Amendment of Pleadings:**

        1.   September 29, 2023.

    **B.   Discovery Cutoff:**

        1.   May 10, 2024.  The parties acknowledge that under the Court's Pre-Scheduling Conference Order, "The discovery cut-off date is the deadline for completing discovery *and* the deadline for making discovery motions." [Dkt. #35 at 1 ¶ 2.]

    **C.   Dispositive Motion Deadline:**

        1.   June 10, 2024.

    **D.   Expert Witness**

        1.   *Anticipated fields of expert testimony, if any:*

            a.   Plaintiff anticipates calling an expert witness in the field of reputational harm.  Plaintiff also anticipates seeking an Independent Mental Evaluation of Defendant.  Plaintiff may designate experts in other areas and may call non-retained medical experts who have cared for Defendant.

            b.   Defendant anticipates calling expert witnesses in matters of sexual assault and damages.  Defendant also anticipates seeking an Independent Mental Evaluation of Plaintiff.  Defendant may designate experts in other areas and may call non-retained medical experts who have cared for Plaintiff.

        2.   *Limitations which the parties propose on the use or number of expert witnesses:*

            a.   No more than three retained experts per side.

        3.   *The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:*

            a.   Deadline of April 5, 2024.

11

4. *The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:*

   a. Deadline of May 3, 2024.

E. **Identification of Persons to be Deposed**

The parties are assessing their discovery needs. Accordingly, the below list of potential deponents is not exhaustive and is not necessarily presented in the order in which the parties will conduct depositions. Further, the dates and times of depositions have not yet been determined or noticed. Finally, the parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Holly Shuster [Defendant and Counterclaimant] | To be determined (TBD) | TBD | TBD |
| Jacob Levy [Plaintiff] | " | " | " |
| Expert witnesses | " | " | " |
| Further witnesses as identified through litigation | " | " | " |

IX. **DATES FOR FURTHER CONFERENCES**

   A. **Status conferences will be held at the following dates and times:**

   1. ___

   B. **A final pretrial conference will be held on __ at __.**

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7 days) before the final pretrial conference.

X.   **OTHER SCHEDULING MATTERS**

 A. **Discovery or scheduling issues on which the parties, after a good faith effort, were unable to reach an agreement:**

  None.

 B. **Anticipated length of trial and whether trial is to the court or jury:**

  1. Plaintiff anticipates a trial by jury lasting five days.

  2. Defendant anticipates a trial by jury lasting eight days.

 C. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, CO 81301**

  None.

XI.   **NOTICE OF COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**XII. AMENDMENTS TO SCHEDULING ORDER**

This Scheduling Order may be altered or amended only upon a showing of good cause.

Dated: [Publish Date]

                                            Respectfully submitted,

                                            s/ *Jacob McMahon*
                                            Laura A. Menninger, No. 34444
                                            Jacob McMahon, No. 48784
                                            Haddon, Morgan and Foreman, P.C.
                                            950 17th Street, Suite 1000
                                            Denver, CO 80202
                                            Phone: 303.831.7364
                                            Fax: 303.832.2628
                                            Email:  lmenninger@hmflaw.com
                                            jmcmahon@hmflaw.com

                                            Attorneys for Jacob Levy

                                             s/ *Kimberly Hult*
                                            Kimberly M. Hult
                                            Daniel D. Williams
                                            Christopher W. Ford
                                            Hutchinson Black and Cook, LLC
                                            921 Walnut Street, Suite 200
                                            Boulder, CO 80302
                                            Telephone: (303) 442-6514
                                            Facsimile: (303) 442-6493
                                            Kimberly.Hult@hbcboulder.com
                                            Dan.Williams@hbcboulder.com
                                            Chris.Ford@hbcboulder.com

                                            Attorneys for Holly Shuster