IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

---

**MR. LEVY'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING COUNTERCLAIMS 2 THROUGH 9**

---

Mr. Levy, through his counsel Laura A. Menninger and Jacob McMahon of Haddon, Morgan and Foreman, P.C., seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) with respect to Ms. Shuster's second through ninth counterclaims.

Each counterclaim is faulty for one of three reasons. Part I demonstrates that Ms. Shuster's second, fifth, sixth, and ninth counterclaims fail to allege valid causes of action under Louisiana law. Part II explains that her third, fourth, and eighth counterclaims are irretrievably untimely under Louisiana law. And Part III reveals that her seventh counterclaim, based in federal law, lacks the necessary element of actual damages.

## CONFERRAL

After conferral, counsel for Ms. Shuster indicates that she opposes this motion.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on

the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (quotations omitted). Accepting all well-pleaded, non-conclusory factual allegations as true, the court asks whether the pleading party has stated a claim to relief that is plausible on its face. *Id.*

## DISCUSSION

### I. MS. SHUSTER'S COUNTERCLAIMS BASED ON CRIMINAL STATUTES ARE NOT RECOGNIZED UNDER LOUISIANA LAW AS VALID TORT CLAIMS.

Louisiana's criminal statutes do not offer implicit private remedies, yet Ms. Shuster's second, fifth, and sixth counterclaims allege violations of Louisiana criminal laws as civil claims for, respectively, sexual assault (third-degree rape), civil stalking, and civil cyberstalking. [Doc. 57 ¶¶ 71-74, 86-94.] She has improperly alleged crimes as civil causes of action.

"[W]hen state law creates a cause of action, it also defines the scope of that cause of action." *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1164-65 (10th Cir. 2017). Federal courts must enforce state limitations on state causes of action to avoid different measures of the substantive rights enforced in state and federal courts. *Id.*

Louisiana is clear that that there is no civil tort cause of action simply because an act constitutes a crime under state law. This principle was clearly articulated in *Morales v. City of New Orleans*, No. CV 21-1992, 2022 WL 2264178, (E.D. La. June 23, 2022). A federal court in Louisiana applying Louisiana law dismissed the plaintiff's claim for "social media hacking" because, although Louisiana had a criminal statute against hacking, it contained "no provision for any civil remedy." *Id.* at *4-6. The court

2

relied upon the four-part test from *Cort v. Ash*, 422 U.S. 66 (1975), to conclude that the statute offered no implicit private remedy, either. *Morales*, 2022 WL 2264178 at *6. First, the statute was not enacted for the special benefit of a class of which the plaintiff was a member. *Id.* Second, there was no legislative intent to create an implied civil remedy. *Id.* Third, inferring a civil remedy was not consistent with the legislative scheme "given that the statute is clearly intended to establish a criminal offense." *Id.* Fourth, there was no federal justification for inferring a claim because the proposed tort was in the traditional realm of state regulation. *Id.* The statute offered no private remedy.

As *Morales* shows, "courts have often dismissed civil claims premised on the violation of a criminal statute that includes no mention of civil liability," including in:

1. *Payton v. Bizal*, No. CV 20-1780, 2021 WL 430688, at *3 (E.D. La. Feb. 8, 2021) (noting that "[a] private citizen lacks standing to enforce a criminal statute in a civil action.");

2. *Conner v. Orleans Par. Sheriff's Off.*, No. CV 19-561, 2019 WL 4393137, at *6 (E.D. La. Sept. 13, 2019) (finding that "Plaintiff's purported claims for stalking and cyberstalking are no more than mere labels of causes of action, which will not suffice");

3. *Kwan-Tai Corp. v. Mastercraft Printers, Inc.*, No. CIV. A. 00-3160, 2001 WL 487329, at *2 (E.D. La. May 7, 2001) (dismissing claims because "there is no civil remedy for violation of criminal statutes.").

*Id.*

Ms. Shuster pleaded various crimes as private civil torts. "Third degree rape" is denominated a crime under La. Stat. Ann. § 14:43, "stalking" under La. Stat. Ann. § 14:40.2, and "cyberstalking" under La. Stat. Ann. § 14:40.3. None of these criminal statutes, however, explicitly create civil causes of action, and there is no legal basis for inferring any here.

Ms. Shuster's reliance on Louisiana Civil Code article 2315 does not save her counterclaims. She looks to this statute both as a hook for alleging these crimes as torts and as a standalone ninth cause of action. [Doc. 57 at ¶¶ 74, 90, 94, 109-12.] But as previously and conclusively determined, "Louisiana Civil Code Article 2315 does not create any right of action in addition to the survival action set forth in 2315.1 and the wrongful death action set forth in 2315.2." *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 16 F. Supp. 3d 755, 764 (E.D. La. 2014). And as *Morales* shows, article 2315 —which says, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it," La. Civ. Code Ann. art. 2315(A)— does not provide an all-purpose civil cause of action. *See Morales*, 2022 WL 2264178, at *1, *6 (noting plaintiff asserted claim "for social media hacking in violation of Louisiana Civil Code article 2315" but dismissing the claim because there was "no indication that Louisiana law provides a civil remedy for the tort of 'social media hacking'"). The Court should grant Mr. Levy judgment on Ms. Shuster's second, fifth, sixth, and ninth counterclaims.

## II.     MS. SHUSTER'S COUNTERCLAIMS FOR BATTERY, ASSAULT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARE UNTIMELY.

Ms. Shuster's third, fourth, and eighth counterclaims—battery, assault, and intentional infliction of emotional distress ("IIED"), respectively—arising in Louisiana and advanced here under Louisiana law are irretrievably untimely. This Court must apply Colorado's choice-of-law rules, which point to applying Louisiana's one-year limitations period. These counterclaims are untimely under Louisiana law.

### A.     This Court applies Colorado's choice-of-law rules.

Federal courts sitting in diversity apply the choice-of-law rules of the state in which they sit. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This Court thus applies Colorado's choice-of-law rules. In diversity cases, the federal court attempts "to fill the shoes" of the state supreme court. *Postal Instant Press v. Jackson*, 658 F. Supp. 739, 746 (D. Colo. 1987). This may entail following persuasive decisions of the intermediate appeals court, but the federal court "first ha[s] recourse to the [state] statute itself." *Id.*

Two Colorado statutes—the limitations act, C.R.S. § 13-82-104, and the borrowing statute, C.R.S. § 13-80-110[1]—require application of Louisiana's limitations period to Ms. Shuster's counterclaims.

---

[1] *See Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238, 240 (Colo. 2009) (using this terminology for these laws).

1. *Colorado's Limitations Act*

Colorado has enacted the Uniform Conflict of Laws—Limitations Act. *See* C.R.S. § 13-82-101 to -107; *see Jenkins*, 208 P.3d at 240. Under this statute, the substantive law underlying the claim generally dictates which state's limitations period applies:

> (1) Except as provided in section 13-82-106, if a claim is substantively based:
>
>> (a) **Upon the law of one other state, the limitation period of that state applies;** or
>>
>> (b) Upon the law of more than one state, the limitation period of one of those states chosen by the law of conflict of laws of this state applies.
>
> (2) The limitation period of this state applies to all other claims.

C.R.S. § 13-82-104 (emphasis added).

The exception in section 13-82-106 is inapplicable here, *see* Part II.C., *infra*. Because Ms. Shuster's asserted counterclaims for battery, assault, and IIED are based in Louisiana substantive law [Doc. 57 at ¶¶ 75-85, 104-108], Louisiana's limitations period applies under a plain reading of section 13-82-104(1)(a).

2. *Colorado's Borrowing Statute*

Additionally, Colorado law looks to another state's limitations period when the cause of action arose in that other state:

> If a cause of action arises in another state or territory or in a foreign country and, by the laws thereof, an action thereon cannot be maintained in that state, territory, or foreign country by reason of lapse of time, the cause of action shall not be maintained in this state.

C.R.S. § 13-80-110.

Ms. Shuster alleges the actions underlying her counterclaims arose in Louisiana, [Doc. 57 at ¶¶ 1-65, 75-85, 104-108], thus the borrowing statute dictates that the Court assess the timeliness of her claims under Louisiana law.

## B. Ms. Shuster's counterclaims are untimely under Louisiana law.

In this case, both the limitations act and borrowing statute reach the same result: Louisiana law dictates the statute of limitations for these three counterclaims. Looking to Louisiana law, they are untimely.

### 1. *Louisiana provides a one-year "prescriptive" period.*

"Like other states, Louisiana has numerous limitations—or 'prescriptive'—periods dependent on an actor's alleged misconduct. But Louisiana's 'residual' prescriptive period for personal injury actions is *one year* under article 3492." *Monroe v. Conner*, No. CV 21-4063, 2023 WL 2434696, at *2 (W.D. La. Mar. 9, 2023) (emphasis added) (citing La. Civ. Code art. 3492), *appeal filed*, No. 23-30230 (5th Cir. Apr. 13, 2023). This statute provides, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. . . ." La. Civ. Code Ann. art. 3492; *see* C.R.S. § 13-82-105 (providing that, when another state's statute of limitations applies, that state's accrual rule also applies).

This residual, one-year limitations period governs Ms. Shuster's three counterclaims for battery, assault, and IIED. *See Simmons v. Police Jury of Avoyelles Par.*, No. 1:22-CV-01971, 2023 WL 6371650, at *10 (W.D. La. Aug. 31, 2023) ("state law tort claims for assault and battery" were "long prescribed" under La. Civ. Code art. 3492), *report and recommendation adopted*, No. 1:22-CV-01971, 2023 WL 6333898 (W.D. La. Sept. 28, 2023); *Pratt v. Louisiana State Med. Ctr. In Shreveport*, 41,971 (La.

7

App. 2 Cir. Feb. 28, 2007), 953 So. 2d 876, 880 ("Claims for intentional infliction of emotional distress are governed by the one-year prescriptive period for delictual actions in La. C.C. art. 3492.").

    2. *Louisiana's two-year prescriptive period for crimes of violence does not apply.*

Louisiana provides a two-year limitations period where the action arose from "a crime of violence," La. Civ. Code Ann. art. 3493.10; *see* La. Stat. Ann. § 14:2(B) (providing definition), but Ms. Shuster's counterclaims for battery, assault and intentional infliction of emotional distress do not qualify as such.

First, "IIED [claims] are not crimes of violence listed in Louisiana Revised Statute § 14:2(B), and thus not subject to Article[] 3493.10's extended prescriptive period." *Alexander v. Nixon*, No. CV 15-2300, 2015 WL 9997250, at *7 n.14 (W.D. La. Dec. 15, 2015), *report and recommendation adopted sub nom. Edward v. Nixon*, No. CV 15-2300, 2016 WL 427931 (W.D. La. Feb. 3, 2016).

Second, Ms. Shuster's counterclaims for assault and battery do not qualify for article 3493.10's two-year prescriptive period. Louisiana enumerates specific offenses that qualify as "crimes of violence," and while other, more aggravated versions can qualify, simple "assault" and "battery," as Ms. Shuster has alleged, are not on the list. *See* La. Stat. Ann. § 14:2(B)(1)-(60). Nor do her counterclaims satisfy the core "crime of violence" definition:

> [1] an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

8

committing the offense or [2] an offense that involves the possession or use of a dangerous weapon.

La. Stat. Ann. § 14:2(B.); *see Boland v. Kleinpeter*, 2001-3287 (La. June 21, 2002), 820 So. 2d 489, 493 (concluding plaintiffs could not rely on extended limitations period where their allegations did not satisfy "crime of violence" definition); *see also, e.g.*, *Byrd v. Bossier Par. Sheriff*, 54,914 (La. App. 2 Cir. Mar. 1, 2023), 357 So. 3d 582, 584, 588 (affirming trial court's application of ordinary limitations period because plaintiff's claims sounded in ordinary tort and did not sufficiently allege a crime of violence, despite allegations that officer defendants unnecessarily tore his rotator cuff). Ms. Shuster has not alleged any crime of violence subject to the Louisiana two-year limitations period of article 3493.10.

        3.    *Ms. Shuster's counterclaims are untimely under Louisiana's one-year prescriptive period.*

Because Louisiana's ordinary, one-year prescriptive period applies, *see* La. Civ. Code Ann. art. 3492, and Ms. Shuster did not bring her counterclaims within one year of sustaining injury or damage, the counterclaims are untimely.

Ms. Shuster's battery counterclaim relies on alleged conduct "between November 2020 and November 2021." [Doc. 57, ¶ 76.] Her assault counterclaim relies on a period "between November 2020 and at least January 2022." [*Id.* ¶ 82.] Her IIED counterclaim does not specify a timeframe but incorporates prior allegations. [*Id.* ¶ 104.] Taking the most recent date of January 2022, the claims are untimely because they were filed eighteen (18) months later on July 24, 2023. [Doc. 27.]

9

The claims are untimely even with the benefit of Louisiana's tolling law, which Colorado law requires: "If the statute of limitations of another state applies to the assertion of a claim in this state, the other state's relevant statutes and other rules of law governing tolling and accrual apply in computing the limitation period, but its statutes and other rules of law governing conflict of laws do not apply." C.R.S. § 13-82-105.

In Louisiana, if a counterclaim was not barred when the complaint ("main demand") was filed, it can be timely if it is "filed within ninety days of date of service of main demand." La. Code Civ. Proc. art. 1041; *see* La. Code Civ. Proc. arts. 1031, 1061 (addressing Louisiana terminology). In essence, this provision gives a 90-day cushion to counterclaims that are still alive when the complaint is served. However, Louisiana's tolling provision does not save Ms. Shuster's counterclaims because (again, assuming the most recent date of January 2022) the one-year prescriptive period expired in January 2023, before Mr. Levy served his original complaint, filed May 5, 2023. [Doc. 1.] Thus, Ms. Shuster's counterclaims had already expired at the time of the filing of the "main demand," and therefore the extra ninety days is not granted to her. In sum, Colorado's choice-of-law rules point to applying Louisiana's limitations period, and Louisiana law deems Ms. Shuster's counterclaims untimely.

**C.    The exception in Colorado's limitations act does not apply.**

Nor are these counterclaims saved by the exception within Colorado's limitations act. As previously noted, the Colorado limitations act provides that the jurisdiction supplying the substantive law of the claim is also the jurisdiction to look to for the

limitations period, "[e]xcept as provided in section 13-82-106." C.R.S. § 13-82-104(1). Under this exception:

> If the court determines that the limitation period of another state applicable under sections 13-82-104 and 13-82-105 is substantially different from the limitation period of this state **and** has not afforded a fair opportunity to sue upon or imposes an unfair burden in defending against the claim, the limitation period of this state applies.

C.R.S. § 13-82-106 (emphasis added). In other words, if Ms. Shuster could demonstrate that (a) the Louisiana period is "substantially different" from Colorado's, *and* (b) the Louisiana period posed unfairness, then she could rely on Colorado's different limitations period. She cannot.

First, the Colorado and Louisiana limitations periods are not substantially different. Louisiana applies a one-year limitations period to claims for assault, battery and IIED. *See* La. Civ. Code art. 3492. Colorado applies an identical one-year limitations period for assault and battery claims. C.R.S. § 13-80-103(1)(a). As to IIED claims, Colorado allows two years. *See* C.R.S. § 13-80-102(1)(a) ("outrageous conduct"); *Banks v. Jackson*, No. 20-CV-02074-KMT, 2021 WL 4149618, at *4 & n.5 (D. Colo. Sept. 13, 2021) ("outrageous conduct" is "intentional infliction of emotional distress" in Colorado). Despite this one-year difference, however, the two states' IIED limitations periods are not "substantially different" under section 13-82-106.

Second, even if they were, Louisiana's limitations period afforded Ms. Shuster "a fair opportunity to sue upon" her IIED claim, and thus she cannot satisfy section 13-82-106's second condition. Louisiana gave Ms. Shuster a full year to assert her IIED claim; she even brought other civil litigation against Mr. Levy in Louisiana with the benefit of

11

counsel without asserting any of these claims.  [*See* Doc. 33 ¶¶ 21-26; Doc. 57 ¶¶ 55-65.]  Her untimely claims are not saved by the exception to Colorado's limitations act.[2]

Ms. Shuster's counterclaims for assault, battery, and IIED are untimely.

### III.     MS. SHUSTER'S COUNTERCLAIM UNDER THE STORED COMMUNICATIONS ACT FAILS BECAUSE IT LACKS "ACTUAL DAMAGES."

Ms. Shuster's seventh counterclaim alleges a violation of the Stored Communications Act (SCA) yet fails to allege the necessary actual damages:  "SCA plaintiffs cannot recover statutory damages without first showing they suffered *actual damages* caused by the SCA violation."  *Seale v. Peacock*, 32 F.4th 1011, 1021-22 (10th Cir. 2022) (emphasis added).  Ms. Shuster alleges she is a "subscriber aggrieved by Mr. Levy's unlawful access of her accounts" and that she "incurred damages" from his alleged violation [Doc. 57 ¶¶ 101-02], but her allegation is conclusory.  The *Seale* plaintiff alleged specific losses but failed to connect them to the alleged unauthorized access.  *See* 32 F.4th at 1027.  Ms. Shuster has failed to even allege specific losses let alone connect them to Mr. Levy's alleged unauthorized account access, so the Court should dismiss her SCA claim for actual and statutory damages.  *Cf. id.* at 1028 n.13 ("Federal courts agree that an award of punitive damages under the SCA is not contingent on a showing of actual damages.").

---

[2] Even if the limitations act somehow gave more time, setting up a conflict between it and the borrowing statute, the borrowing statute would control because it is the more recent law.  *See Jenkins*, 208 P.3d at 243.

12

## CONCLUSION

The Court should grant Mr. Levy judgment on the pleadings with respect to Ms. Shuster's second through ninth counterclaims.

DATED this 1st day of February, 2024.

Respectfully submitted,

*s/ Jacob McMahon*
Laura A. Menninger, No. 34444
Jacob McMahon, No. 48784
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: LMenninger@hmflaw.com

*Attorneys for Jacob Levy*

## CERTIFICATE OF SERVICE

I hereby certify that on, February 1, 2023, I electronically filed the foregoing *Mr. Levy's Motion for Judgment on the Pleadings Regarding Counterclaims 2 Through 9* with the clerk of court using the CM/ECF system, which will send notification of such filing to all parties of record.

*s/ Holly Rogers*