**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

     Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

     Defendant and Counterclaim Plaintiff.

---

**MR. LEVY'S RESPONSE
TO MS. SHUSTER'S MOTION TO AMEND SCHEDULING ORDER**

---

Plaintiff and Counterclaim Defendant Jacob Levy, through his counsel Laura A. Menninger and Jacob McMahon of Haddon, Morgan and Foreman, P.C., opposes Ms. Shuster's Motion to Amend Scheduling Order ("Motion", [Doc. 92]), which proposes extending by one month the deadlines in the current Scheduling Order [Doc. 48], because Ms. Shuster has not shown good cause for the amendment.  Mr. Levy submits the following further response:

1.     The parties conferred and agreed to the deadlines contained in the Scheduling Order, and counsel for Ms. Shuster, aware of them from the outset, has not demonstrated good cause for extending the deadlines.

2.     "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) ("[A] party *must* show good cause to extend a deadline in the scheduling order." (emphasis in original)).

3.      A finding of good cause depends on the diligence of the moving party and requires the moving party to adequately explain any delay. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019).  "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (alterations in original) (quotations omitted). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation . . . should not be considered good cause." *Id.* at 989 (quotations omitted).

4.      Counsel for Ms. Shuster points to delay in setting the parties' depositions as good cause for amending the Scheduling Order, but any perceived "difficulty" in scheduling the depositions is the result of Ms. Shuster's counsel's gamesmanship and repeated excuses for lack of availability.  *See* Motion at 3.  Counsel's tactics should not be rewarded.  *See Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 (W.D.N.Y. 2012) ("[W]here (as in this case) a party has done little or nothing to schedule the depositions until the deadline arrives, 'good cause' does not exist.").

5.      Counsel for Ms. Shuster also vaguely mentions counsels' schedules and the need to complete third-party discovery but provides no specifics.  An attorney's failure to plan their discovery obligations does not amount to good cause. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022) ("Attorneys have a duty to the Court and to their clients to ensure that they accept a caseload that enables them to meet litigation deadlines."); *see Shemendera*, 288 F.R.D.

at 253 (rejecting plaintiff's argument that attorney's multiple scheduling conflicts constituted good cause for extending discovery deadline); *see also Vendavo Inc. v. Koury*, No. 20-CV-00850-CMA-NYW, 2020 WL 13568983, at *2 (D. Colo. Oct. 29, 2020) (rejecting argument that changes to counsels' schedules from COVID-19 pandemic constituted good cause).

6.      As the following procedural history shows, Ms. Shuster has not exercised diligence and has not shown good cause to amend the Scheduling Order.

### A.      Ms. Shuster's Deficient and Delayed Discovery Responses

7.      On November 27, 2023, Mr. Levy served on Ms. Shuster his first set of interrogatories and requests for production.  Counsel for Ms. Shuster was travelling internationally near the end of the year, and counsel for Mr. Levy agreed to a 14-day extension of Ms. Shuster's response deadlines, to January 16, 2024 [*see* Doc. 85].

8.      Although Ms. Shuster timely responded, her failure to produce responsive documents is the subject of a separate discovery-dispute proceeding.

### B.      Scheduling Ms. Shuster's Deposition

9.      On December 27, 2023, counsel for Mr. Levy first noticed Ms. Shuster's deposition for January 23, 2024.  Mr. Levy's counsel conveyed to Ms. Shuster's counsel, "Attached is a Notice for January 23rd.  I'm generally available that week and the week prior, apart from the 18th and 22nd.  Let me know if the 23rd will work or you can make another day in that range work."

10.      Counsel for Ms. Shuster replied on January 2, 2024, that this date would not work but that February was more realistic given scheduling issues.

11.     On January 8, 2024, Mr. Levy's counsel proposed February 6-7, 2024.

12.     After initially agreeing, counsel for Ms. Shuster stated on January 12, 2024, that her client's deposition should not be scheduled for February 6 or 7 because Ms. Shuster's production of documents would not be completed.  The choice put to Mr. Levy was to await setting Ms. Shuster's deposition for completion of her rolling production or to set the deposition and forgo inquiry into later-produced information:  "To be clear, we would not be willing to reopen her deposition for documents or information you may seek after February 6 or 7.  Given that, we believe we need to look at later dates."

13.     In essence, Mr. Levy has granted Ms. Shuster flexibility with respect to her productions, which she has unfairly used to delay her deposition.

14.     Counsel conferred on January 15, 2024, and counsel for Mr. Levy again requested a deposition date of February 6 or 7, 2024.

15.     On January 16, 2024, Magistrate Judge Starnella agreed to resolve the dispute around setting Ms. Shuster's deposition at a pre-scheduled discovery dispute conference.  The hearing set for January 18, 2024, was cancelled, however, due to a water main break.

16.     On a January 26, 2024 call, Mr. Levy's counsel proposed holding Ms. Shuster's deposition February 28 or 29, 2024.

17.     On January 29, 2024, Ms. Shuster's counsel advised the February dates would not work because Ms. Shuster's mother was unavailable.  Ms. Shuster's counsel

offered March 5-8 or 11-14, 2024, on the condition that Ms. Shuster's deposition not be reopened.

18.     Mr. Levy's counsel stated that she could not promise the deposition would not be reopened (if good cause is shown) and noticed Ms. Shuster's deposition for February 29, 2024, because Ms. Shuster (though not her mother) was available.

19.     Ms. Shuster's counsel reiterated that Ms. Shuster could not proceed without her mother and that written discovery and production of documents should be completed before Ms. Shuster's deposition was set, unless Mr. Levy stipulated not to reopen the deposition.

20.     Ms. Shuster's scheduled deposition for February 29 did not occur.  Her counsel has attempted to force depositions to await the completion of written discovery, pitching the discovery dispute to Magistrate Judge Starnella as "[w]hether Plaintiff [Mr. Levy] is entitled to take an early deposition of Defendant Shuster while simultaneously demanding the right to reopen the deposition later based on any documents produced later in the discovery period."  But counsel for Mr. Levy was not obliged to follow this protocol in scheduling Ms. Shuster's deposition.

21.     At the rescheduled discovery dispute conference on February 5, 2024, the Court ordered the parties to confer on a date that worked for both sides for Ms. Shuster's deposition in New York [*see* Doc. 89].  The Court did not require counsel for Mr. Levy to conclude written discovery before scheduling Ms. Shuster's deposition: "[O]bviously Ms. Menninger can notice Ms. Shuster's deposition as soon in the discovery phase as she wants to." (TR 2/5/24, p 54:8-9 (non-sealed).)

22.     On February 8, 2024, after the discovery dispute conference, counsel for Mr. Levy proposed March 5, 11, or 12, 2024, as dates for a New York deposition of Ms. Shuster.

23.     On February 9, Ms. Shuster's counsel responded that the second-to-last date, March 11, would work, although it was not quite confirmed.

24.     On February 11, counsel for Ms. Shuster confirmed her client's deposition for March 11, 2024.

**C.     Scheduling Mr. Levy's Deposition**

25.     Counsel for Ms. Shuster raised Mr. Levy's availability for a deposition after Mr. Levy's counsel pushed to set Ms. Shuster's deposition.  Ms. Shuster's counsel has acknowledged that counsel for Mr. Levy requested Ms. Shuster's deposition first.

26.     On January 12, 2024, counsel for Ms. Shuster, after agreeing to an early February deposition of her client that she later took back, proposed deposing Mr. Levy during "February 27 to March 1 or March 4 to March 6."

27.     On February 8, 2024, counsel for Ms. Shuster urged Mr. Levy's counsel to provide dates of his availability, and counsel for Mr. Levy offered to do so within 24 hours of confirmation of Ms. Shuster's deposition.

28.     Counsel for Mr. Levy asked when to check Mr. Levy's availability since dates in the first two weeks of March were left open for Ms. Shuster's potential

deposition and since counsel for Ms. Shuster was unavailable the weeks of March 18 and 25.[1]

29.     On February 8, 2024, counsel for Ms. Shuster requested Mr. Levy's deposition for the week of March 11, 2024, and March 14, specifically.

30.     On February 9 and 11, 2024, Ms. Shuster requested March 15, 2024, for Mr. Levy's deposition, as an alternative to March 14.

31.     On February 12, 2024, counsel for Ms. Shuster again sought Mr. Levy's availability for March 14 and 15 as well as for the weeks of April 1 and 8, 2024.

32.     Mr. Levy's counsel replied the same day that Mr. Levy was not available the week of March 11, but "I am available the weeks of March 18, March 25, April 9th (not 8th), and up to April 17th, after which I have a trial that will conclude April 26th.  I have not sought or cleared any other dates with Jacob because you have not offered any."

33.     On February 12 and 13, 2024, Ms. Shuster's counsel requested clarity about Mr. Levy's availability for the week of April 9, 2024, and later asked if Mr. Levy could rearrange his schedule to be available March 15, 2024.

34.     On February 13, 2024, counsel for Mr. Levy responded, "Jacob and I are available for his deposition on April 9th. . . .  He is not available the latter part of the

_____

[1] This unavailability is Kimberly Hult's. Ms. Shuster is represented by two experienced law partners (plus an associate) available to take depositions.  Why Dan Williams, the other partner hired by Ms. Shuster, is unavailable the weeks of March 18 and 25 is not clear.  For context, Mr. Levy is represented by one partner (plus an associate) and contends the requested extension of the Scheduling Order is unnecessary.

week of March 11th because he has mid-terms.  He does not have flexibility to rearrange his schedule."

35.     On February 15, 2024, counsel for Ms. Shuster confirmed April 9, 2024, for Mr. Levy's deposition in Colorado and requested that Mr. Levy agree to extend the Scheduling Order.

36.     Mr. Levy objects to the proposed extension because, as the preceding discussion shows, Ms. Shuster's counsel has not been diligent in setting the parties' depositions and has not shown good cause to amend the Scheduling Order.

37.     The now-resolved scheduling issues are not good cause to extend the Scheduling Order's deadlines, especially since Ms. Shuster and her counsel were responsible for the dilatory settings.  *See Tesone*, 942 F.3d at 988-89; *Williams*, 627 F. Supp. 3d at 1179; *Shemendera*, 288 F.R.D. at 253; *see also Vendavo Inc.*, 2020 WL 13568983, at *2.

## CONCLUSION

The Court should deny Ms. Shuster's Motion to Amend Scheduling Order.

DATED this 8th day of March, 2024.

Respectfully submitted,

*s/ Jacob McMahon*

Laura A. Menninger, No. 34444
Jacob McMahon, No. 48784
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: LMenninger@hmflaw.com

*Attorneys for Jacob Levy*

## CERTIFICATE OF SERVICE

I hereby certify that on, March 8, 2024, I electronically filed the foregoing *Mr. Levy's Response to Ms. Shuster's Motion to Amend Scheduling Order* with the clerk of court using the CM/ECF system, which will send notification of such filing to all parties of record.

*s/ Holly Rogers*