IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-1149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

## HOLLY SHUSTER'S REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER

Defendant and Counterclaim Plaintiff Holly Shuster, through counsel, files this reply in support of her Motion to Amend Scheduling Order [Doc. 92, filed Feb. 16, 2024] (the "Motion") and respectfully submits that she has shown good cause, as required by Fed. R. Civ. P. 16(b), for the requested 30-day extension.

### Argument

In his Response to Motion to Amend Scheduling Order [Doc. 96, filed Mar. 8, 2024] (the "Response"), Plaintiff and Counterclaim Defendant Jacob Levy argues that Ms. Shuster has been dilatory and cannot establish good cause for her proposed one-month extension to a few deadlines set forth in the Scheduling Order [Doc. 48]. Ms. Shuster does not intend to address every point in Mr. Levy's Response, as many of them were previously raised and resolved by the Court at the discovery dispute hearing on February

5, 2024,[1] and Ms. Shuster's deposition was completed on March 11, 2024. Suffice to say, as discussed at the February 5th hearing, counsel for both parties have been working hard to set the party depositions in this matter despite complicated schedules, both parties have encountered challenges in setting the opposing party's depositions, and Ms. Shuster has been diligent in pursuing discovery in this case, including the setting of Mr. Levy's deposition.[2] But despite Ms. Shuster's efforts to conduct her discovery promptly, her repeated attempts, beginning on January 12, 2024, to set Mr. Levy's deposition for late February or the first half of March, the need to resolve certain issues regarding how the parties' depositions would be conducted at the February 5, 2024 hearing, Mr. Levy's personal schedule, and the schedules of both parties' lead counsel, the earliest date on which Mr. Levy's deposition could be set was April 9, 2024.

As previously noted, the current deadline for serving written discovery is March 26, 2024. While Ms. Shuster previously served several sets of written discovery on Mr. Levy, she intentionally reserved some of her written discovery requests given the potential that Mr. Levy's deposition testimony might reveal new areas of inquiry. If the deadlines are not extended, however, Ms. Shuster will not have an opportunity to serve any written discovery after his deposition. Similarly, just as his counsel noted at the February 5th hearing with respect to Ms. Shuster's deposition, Mr. Levy's deposition may likewise

---

[1] *See, e.g.*, Tr., 2/5/24, at pp. 47-48, 51-52.

[2] Ms. Shuster served her first set of discovery on Mr. Levy on September 29, 2023. Since then, among other efforts, she has served additional sets of written discovery on Mr. Levy (on December 27, 2023, and January 24, 2024), highlighted numerous deficiencies in Mr. Levy's responses for which she sought supplementation, served 17 subpoenas duces tecum on various nonparties, completed one nonparty deposition a few weeks ago, and scheduled another nonparty deposition for the next week.

2

result in the identification of additional witnesses from whom Ms. Shuster will want a similar opportunity to seek nonparty discovery.  *See* Tr., 2/5/24, at p. 51.

Finally, the parties have been working to schedule the depositions of at least six additional third parties, all of whom reside outside of Colorado and many of whom are represented by their own counsel with their own calendaring issues.  It appears likely that at least some of those depositions will not be completed until after Mr. Levy's counsel's trial in another matter concludes on April 26, 2024, *see* Motion at ¶ 6, which further supports Ms. Shuster's request for a short extension to the discovery deadline to allow both parties to complete their discovery in this case.

Numerous courts have likewise granted modest amendments and extensions of existing scheduling order deadlines under similar circumstances*.  See, e.g., State Farm Mut. Auto. Ins. Co. v. Fisher*, No. 08-cv-01687, 2009 WL 1586921, at *2 (D. Colo. June 3, 2009) (finding that "[r]igid adherence" to a scheduling order was not advisable when party exercised diligence in seeking to meet deadlines and "good cause" existed under Fed. R. Civ. P. 16(b) to permit additional discovery); *Lips v. Bd. of Cnty. Comm'rs of Arapahoe Cnty.*, Nos. 12-cv-01103, 12-cv-01107, 2013 WL 1900567, at *2 (D. Colo. May 7, 2013) (granting Plaintiff's Motion to Amend Scheduling Order to extend the discovery cutoff); *Namoko v. Cognisa Sec, Inc.*, No. 05-cv-00763-WDM-MEH, 2006 WL 8455065, at *1-2 (D. Colo. Mar. 27, 2006) (permitting moderate extension of discovery deadlines). Given her diligence and good faith efforts to conduct discovery promptly throughout the discovery period, Ms. Shuster respectfully submits that she has established good cause sufficient to support the modest extension she seeks.

## **Conclusion**

Ms. Shuster respectfully requests that her Motion be granted.

DATED this 13th day of March, 2024.    Respectfully submitted,

  *s/ Kimberly M. Hult*
Kimberly M. Hult
Daniel D. Williams
Matthew A. Simonsen
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Facsimile: (303) 442-6493
Kimberly.Hult@hbcboulder.com
Dan.Williams@hbcboulder.com
Matt.Simonsen@hbcboulder.com