IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

## MR. LEVY'S RESPONSE TO MS. SHUSTER'S MOTION TO COMPEL

Jacob Levy, by and through his counsel, Laura A. Menninger and Jacob McMahon of Haddon, Morgan & Foreman, P.C., and in accordance with the Court's March 20, 2024, Minute Order [Doc. 100], hereby submits his Response to Holly Shuster's Motion to Compel ("Motion") [Doc. 108]. The Motion seeks to compel Mr. Levy's production of two categories of information. First, the Motion seeks his written communications with third parties that refer or relate to the end of the parties' relationship [Doc. 108 at 2-5], but Ms. Shuster overlooks the responsive documents Mr. Levy has already produced and the impracticability of producing additional documents absent an agreement to conduct additional searches of Electronically Stored Information ("ESI") that would reveal additional responsive documents. Second, the Motion seeks additional medical information, specifically about Mr. Levy's history of dermatological care [*id.* at 5-7], but Mr. Levy is withdrawing his claim for damages related to Ms. Shuster's exacerbation of his skin conditions. The Court should deny the Motion.

## BACKGROUND

Mr. Levy disputes Ms. Shuster's characterization of the case [*id.* at 1-2], but he provided his own background statement in his separate Motion to Compel Discovery [Doc. 107 at 2] and so does not further address here Ms. Shuster's erroneous factual contentions.

## ARGUMENT

**I.   MR. LEVY HAS PRODUCED SUBSTANTIAL THIRD-PARTY COMMUNICATIONS THAT REFER OR RELATE TO THE END OF HIS RELATIONSHIP WITH MS. SHUSTER.**

In responding to Ms. Shuster's Request for Production No. 17, as Ms. Shuster's Motion quotes, Mr. Levy stated that he was "not reproducing responsive documents . . . that were already produced by the parties or pursuant to third-party subpoenas."  [Doc. 108 at 3.]  Ms. Shuster contends that he "has not produced relevant communications (many of which were likely text or other written messages) with third parties regarding the relationship's end . . . ."  [*Id.*]  But it is not the case, as Ms. Shuster contends, that he "has produced nothing more than (1) a redacted call log . . . and (2) written communications exchanged between the parties themselves . . . ." [*Id.* at 3-4.]  Ms. Shuster overlooks Mr. Levy's production of:

- His communications with his counselor at Tulane University (e.g., JL_0512—Highly Confidential—Attorneys' Eyes Only; JL_0814—Highly Confidential—Attorneys' Eyes Only);

- His communications with a relationship coach (e.g., JL_0522—Highly Confidential—Attorneys' Eyes Only);

- A treatment summary from his psychologist (JL_0525 to 527—Highly Confidential—Attorneys' Eyes Only);

- Notes from the licensed clinical social worker he met with at Tulane (JL_0561 to 565—Highly Confidential—Attorneys' Eyes Only);

- His text messages with friends (e.g., JL_0719 to 726—Confidential; JL_0770 to 772—Confidential; JL_1003 to 1010—Confidential);

- His text messages in group chats with Ms. Shuster and other friends (e.g., JL_0805 to 814—Confidential); and

- His text messages with his parents (e.g., JL_0780 to 781—Confidential; JL_2474—Confidential).

These materials refer to or relate to the end of the parties' relationship, and Ms. Shuster cites no authority requiring Mr. Levy to identify for her these and other documents in the universe of produced materials qualifying as responsive to her request.

Mr. Levy continues to object to Ms. Shuster's RFP 17 to the extent that it requests production of privileged information, but Ms. Shuster appears to state she does not seek Mr. Levy's communications with counsel about Ms. Shuster and the end of their relationship [Doc. 108 at 4].

Mr. Levy produced his redacted call records to show attempts to communicate with Ms. Shuster (JL_2661 to 2744—Confidential), but he maintains there is no practical way to discern which of the redacted calls to others are responsive to RFP 17.  This is because the call logs do not reflect the contents of the communications, and the nature of oral communications over years prevents Mr. Levy from specifically recalling which of his other calls to third parties may have referred to or related to Ms. Shuster and the relationship's end.  Notably, even though Mr. Levy requested Ms. Shuster to produce her communications with any third party with whom she had discussed Mr. Levy (ROG 4 and RFPs 13-15, 17), she has produced no call logs and no phone records.

3

As his response to Ms. Shuster's RFP 17 detailed, however, his identification of responsive documents was not limited to his memory: "[B]ased on reasonable searches, Mr. Levy responds that he has produced all responsive documents in his possession, custody and control." [Doc. 108 at 3.] He has searched for communications with anyone that relate to Ms. Shuster and produced them. Thus, it is not the case, as Ms. Shuster claims, that Mr. Levy is withholding full compliance until the parties agree on a protocol for the exchange ESI. Without an ESI agreement, however, the parties can only conduct the searches they deem reasonable. It remains the case that Mr. Levy will supplement his responses if he identifies additional discoverable documents, or if the parties reach an ESI agreement that requires searching for new terms that reveal additional responsive documents. [*See id.*]

## II.  MR. LEVY IS NO LONGER PURSUING DAMAGES RELATED TO SKIN CARE.

Ms. Shuster states that "[d]ocuments produced by Mr. Levy reveal that he received recurring dermatological treatment for undisclosed skin conditions *before* the alleged defamation in September 2022, including in January 2022 . . . ." [*Id.* at 5-6 (citing (JL_2421 to 2433—Highly Confidential—Attorneys' Eyes Only) and (JL_2599 to 2600—Highly Confidential—Attorneys' Eyes Only)).]

The first set of documents Ms. Shuster cites are communications between Mr. Levy and his skin-care treatment provider that span June and August 2022. Ms. Shuster's second set of cited communications concerns a January 2022 text reminder from Mr. Levy's mother about a dermatological appointment.

4

Based on the January 2022 text, and Mr. Levy's production of billing records for skin-care treatment dating back to June 2022, Ms. Shuster infers an undisclosed dermatologist. [*See id.* at 6.] Mr. Levy does not claim privilege in or reject the relevance of such records based on his damages claims to date [*cf. id.* at 7], but he has thus far been unable to locate additional dermatological records.

In any event, the Court should deny the Motion's second request because Mr. Levy is withdrawing his claim for skin-care related damages in the amount of $2,980.

## CONCLUSION

The Court should deny Ms. Shuster's Motion. [Doc. 108.]

DATED this 17th day of April, 2024.

Respectfully submitted,

*s/ Jacob McMahon*
Laura A. Menninger, No. 34444
Jacob McMahon, No. 48784
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: LMenninger@hmflaw.com

*Attorneys for Jacob Levy*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 17, 2024, I electronically filed the foregoing *MR. LEVY'S RESPONSE TO MS. SHUSTER'S MOTION TO COMPEL* with the clerk of court using the CM/ECF system, which will send notification of such filing to all parties of record.

    *s/ Holly Rogers*