IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff,

v.

HOLLY SHUSTER,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiff's **Motion to Restrict Document** [#101] (the "Motion to Restrict"). In accordance with D.C.COLO.LCivR 7.2(d), the Motion to Restrict [#101] was publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed.

    Plaintiff moves to restrict "the unredacted version of [his] Motion to Conduct Ex Parte Interviews with Ms. Shuster's Healthcare Providers" [#102-1] (the "Unredacted Motion") and his Brief in Support of Motion to Restrict Document [#102] (the "Brief"), while publicly filing the redacted version of his Motion to Conduct Ex Parte Interviews [#102-2] (the "Redacted Motion"). *See Motion to Restrict* [#101] at 1. The stated basis for restriction is to protect the identities of a party's medical providers, pursuant to the Protective Order [#55] entered in this matter. *See Brief* [#102] at ¶ 4.

    "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). The moving party must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* at 1135-36.

    Here, the Court does not find that the presumption of public access to Court files is outweighed by the parties' interest in privacy. "[S]tipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction." D.C.COLO.LCivR 7.2(c)(2). Importantly, the parties "do[] not sufficiently explain why restriction of" medical providers' names "is necessary to protect any Party's sensitive . . . information." *All Plastic, Inc. v. SamDan LLC*, No. 20-cv-01318-NYW, 2021

WL 5067405, at *3 (D. Colo. Aug. 26, 2021). Relatedly, the parties do not explain why the Court should consider *the names* of experts and medical providers to be sensitive or private information. The Court could not find cases through its own research where *the identities* of medical providers, as opposed to medical records, were restricted.

The Court finds that several factors weigh heavily against restricting this information. First, these providers have been endorsed as non-retained experts, which means they may testify at trial, a proceeding that will be open to the public. *Redacted Motion* [#102-2], ¶ 5. The Court finds that this weighs heavily against redacting their identities.

Second, the description of their knowledge is broad and does not reveal any intimate details that could support restriction. *See, e.g., Unredacted Motion* [#102-1], ¶ 4a. ("Dr. Evans is a licensed psychologist who treated [Defendant]. She may have discoverable information regarding the impact of Plaintiff's sexual, physical and emotional abuse of [Defendant] and her resulting damages."), ¶ 4d. ("Dr. Taylor is a licensed psychologist who treated [Defendant] prior to August 2020. She may have discoverable information regarding the nature of [Defendant's] treatment and condition between 2017 and 2020.").

Third, these descriptions are no more detailed than Defendant's own assertions in her counterclaims. *See, e.g.*, *Answer to First Amended Complaint and Amended Counterclaims* [#57], ¶¶ 76-78 (alleging that Plaintiff engaged in harmful and offensive contact with Defendant, "including but not limited to, sexual abuse" and "physical abuse").

Fourth, Defendant/Counter-Plaintiff has placed her mental or physical condition at issue in this case, and therefore she has impliedly waived her physician-patient privilege with respect to those conditions. *Alcon v. Spicer*, 113 P.3d 735, 737-39 (Colo. 2005) (holding that a litigant waives physician-patient privilege by putting her physical or mental condition at issue).

Fifth, the District Judge has already ruled that the "sensitive and personal" nature of the allegations neither outweighs the presumption of public access nor entitles the parties to proceed anonymously. *See Minute Order* [#25] at 5 (denying Motion to Restrict Party Names [#2]); *Minute Order* [#82] at 6 (denying reconsideration of the Minute Order [#25] and ordering that all previously restricted documents, including pleadings, would become unrestricted on January 2, 2024). The Court thus finds that the parties have failed to identify an interest that justifies restriction of this information. *See* D.C.COLO.LCivR 7.2(c)(2). Likewise, the parties have failed to identify an interest that justifies restriction of this information. *See* D.C.COLO.LCivR 7.2(c)(3).

Finally, Plaintiff has offered no explanation as to why the Brief [#102] should be restricted at all. Even if the Court agreed that redaction of medical providers' names was warranted, the Brief [#102] does not, itself, identify or name any of the medical providers

Plaintiff seeks to interview—it merely explains the general basis for restricting access to the Unredacted Motion [#102-1]. *Brief* [#102], ¶ 4.

For the foregoing reasons, the Court does not find that restriction of these documents is warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Restrict [#101] is **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **LIFT RESTRICTION** on the following documents: Brief in Support of Motion to Restrict Document **[#102]** and Exhibit 1 – Mr. Levy's Motion to Conduct Ex Parte Interviews with Ms. Shuster's Healthcare Providers **[#102-1]**.

Dated: April 26, 2024