IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff/Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant/Counterclaim Plaintiff.
_____

# MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Conduct Ex Parte Interviews with Ms. Shuster's Healthcare Providers** [#103] (the "Motion").[1] Defendant filed a Response [#112] in opposition to the Motion [#103], and Plaintiff filed a Reply [#125]. The Court has reviewed the briefs, the case file, and the applicable law.

Plaintiff argues that Defendant has placed her mental and physical condition at issue by asserting counterclaims against him and seeking "compensatory damages for her past, present and future emotional pain and suffering, ongoing mental anguish, loss of past, present and future enjoyment of life, and her economic losses, including past and future treatment expenses and other economic damages". *Brief* [#102-1], ¶ 3 (quoting *Answer and Counterclaims* [#57] at 29-30). He argues that his counsel should be permitted to interview four treating providers whom Defendant has disclosed: Lori Evans, Gwenn Lowe, Sarah Figueroa, and Allison Taylor. *Id.*, ¶¶ 4, 6. Plaintiff argues that Defendant has impliedly waived her physician-patient privilege under either Colorado or New York law, and that informal interviews would be much less costly and burdensome than formal depositions. *Id.*, ¶¶ 7-11, 17.

Defendant argues that Plaintiff failed to fully confer before filing the Motion [#103];[2]

---

[1] The Court notes that the Motion [#103] is a placeholder for the previously restricted Brief [#102-1], which has since been unrestricted. *See Minute Order* [#124] (lifting restriction on [#102-1]). The Court will cite to the Brief [#102-1] where relevant in this Minute Order.

[2] The Court has repeatedly expressed its concern with the parties' apparent inability (or unwillingness) to confer over any disputed issue in this matter. *See, e.g., Minute Order* [#126] at 1; *Minute Order* [#129]. This Motion [#103] is part of the same pattern, but the Court does not find that there was a lack of conferral warranting summary denial of Plaintiff's motion.

that there is no good cause to amend the scheduling order to permit this informal discovery; that informal interviews of these providers would not promote efficiency; and that HIPAA rather than state law governs this issue. *Response* [#112] at 3-10. Finally, Defendant argues that "should any interviews be authorized, Ms. Shuster's counsel should be permitted to attend" to ensure that questioning does not go beyond permissible parameters, and that the Court's "Order should inform providers that such interviews are entirely voluntary." *Id.* at 11, 12.

Both parties have cited *Ogburn v. Am. Nat'l Prop. & Cas. Co.*, No. 14-cv-02339-LTB-NYW, 2015 WL 5728801 (D. Colo. Sept. 30, 2015), and the Court finds that case instructive. *See Brief* [#102-1], ¶ 7; *Response* [#112] at 10. There, a plaintiff seeking uninsured motorist benefits alleged that he had suffered "emotional, and/or psychological injuries, and/or disabilities, and/or economic losses and injuries which injuries, damages, and losses are permanent in nature and which losses Plaintiff has suffered in the past and will suffer in the future", which was later clarified to include "mental and cognitive injuries from concussion and traumatic brain injury." *Ogburn*, 2015 WL 5728801, at *1. The defendant sought an order from the court allowing its counsel to meet *ex parte* with two of the plaintiff's treating providers, and an order compelling production of neuropsychological test materials. *Id.* at *2.

In relevant part, the court noted that state law controls the determination of privileges where the parties' claims arise under state law. *Id.* (citing *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1424 (10th Cir. 1990). Under Colorado law, "[w]hen a patient initiates a civil action and by alleging a physical or mental condition as the basis for a claim of damages injects that issue into the case, the patient thereby impliedly waives his or her physician-patient privilege with respect to that medical condition." *Id.* at *3 (quoting *Samms v. Dist. Ct.*, 908 P.2d 520, 524 (Colo. 1995)). The court noted that Colorado trial courts have the authority to allow a party's counsel to conduct informal interviews with an opposing party's treating physician so long as those discussions "are limited to relevant non-privileged information and provided further that [the opposing party] must be given reasonable notice of such interviews to permit her attorney to attend or to otherwise ensure that privileged information is not discussed." *Id.* (quoting *Samms*, 908 P.2d at 529-30. In considering whether such *ex parte* interviews should be permitted, the court should determine the risk of disclosure of "residually privileged information", that is, information for which privilege has not been waived. *Id.* (citing *Reutter v. Weber*, 179 P.3d 977, 982 (Colo. 2007). Finally, *Ogburn* made clear that Colorado law does not limit the "at issue" privilege waiver to medical malpractice cases. *Id.* (citing *Samms*, 908 P.2d at 524).

Applying these relevant principles here, the Court finds that Defendant has clearly placed her mental health at issue with respect to her counterclaims. However, the record before the Court does shed light on what other aspects of Defendant's medical history or treatment she may have divulged throughout the course of her treatment with these providers. Accordingly, the Court finds that the balance struck in *Ogburn* is appropriate: Plaintiff's counsel may seek to interview Dr. Evans, Ms. Lowe, Dr. Figueroa, and Dr. Taylor regarding Defendant's mental condition, but that Defendant must be given

advance notice and an opportunity for her or her counsel to be present during any such interviews to protect against the disclosure of any residually privileged information. "The [C]ourt is not persuaded that *ex parte* interviews of [these providers] without [Defendant] or [Defendant's] counsel present, present any efficiencies for preparation of this case for trial." *Id.*[3]  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#103] is **GRANTED** to the extent that Plaintiff's counsel may seek to informally interview Dr. Evans, Ms. Lowe, Dr. Figueroa, and Dr. Taylor concerning Defendant's mental and psychological condition.

IT IS FURTHER **ORDERED** that Plaintiff's counsel must provide advance notice of any such interviews to Defendant and an opportunity for Defendant or Defendant's counsel to be present during any such interview, to protect against disclosure of any residually privileged information. *Accord Ogburn*, 2015 WL 5728801, at *4.

IT IS FURTHER **ORDERED** that, in all other respects, the Motion [#103] is **DENIED**.

Dated: May 22, 2024

---

[3] The Court agrees, as a general principle, with Defendant's argument that providers should be informed that any such interviews are entirely voluntary. *Response* [#112] at 12; *accord Carmody v. Mikesell*, No. 16-cv-02603-PAB-NYW, 2017 WL 5191802, at *3-*4 (D. Colo. Nov. 9, 2017) (applying federal privilege law and ordering the defendant seeking ex parte provider interviews to "provide each health care provider a copy of th[e] [o]rder and specifically advise the health care provider that his or her participation in an ex parte interview is entirely voluntary"). However, the Court finds that requiring advance notice and an opportunity for Defendant or her counsel to attend entirely alleviates this concern, because Defendant or her counsel can inform her providers that their participation is voluntary. In *Carmody*, by contrast, the Court did not directly order that the plaintiff's counsel must be given notice and an opportunity to attend. *Id.* at *4.