IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

---

**DEFENDANT'S MOTION TO RESTRICT UNREDACTED COPIES OF HER MOTION TO PRECLUDE TESTIMONY OF EXPERT DR. KATHRYN JENS AND THE ATTACHED EXHIBITS [Dkt. ## 132, 132-1, AND 132-2]**

---

Defendant and Counterclaim Plaintiff Holly Shuster ("Ms. Shuster"), by and through her undersigned counsel, respectfully moves to maintain Level 1 restriction of the *unredacted* copies of Ms. Shuster's Motion to Preclude Testimony of Expert Dr. Kathryn Jens ("Rule 702 Motion") and Exhibits 1 and 2 to that Motion, filed at Dkt. ## 132, 132-1 and 132-2. Redacted versions of these documents are being filed as attachments to this motion.

### Conferral

Undersigned counsel conferred with counsel for Plaintiff Jacob Levy ("Plaintiff" or "Mr. Levy") concerning this Motion to Restrict and the redactions proposed.

Plaintiff will oppose this Motion.

### Introduction

Ms. Shuster requests a "Level 1" Restriction for unredacted copies of her Rule 702 Motion and the accompanying exhibits to limit access to the parties and the Court with

only the attached redacted copies available for public access. See D.C.COLO.LCivR 7.2(b).  In making this request, Ms. Shuster is mindful of both the longstanding presumption of public access to filed documents and the Court's recent rulings on other motions to restrict filed in this case.  While Ms. Shuster concedes that she has placed her mental condition at issue in this case and therefore impliedly her physician-patient privilege (and psychotherapist-patient privilege) with respect to the related treatment, as discussed below, she has not given up all of her rights to shield highly sensitive medical records and similar information from public view during these pretrial proceedings.

Ms. Shuster has carefully tailored her proposed redactions to the Motion and Exhibits – namely two reports by forensic psychologists, Donna Peters, Psy.D. (Ms. Shuster's expert) and Kathryn Jens, Ph.D. (Plaintiff's rebuttal expert) – to provide both for public access to the issues in this case and for protection of Ms. Shuster's significant interest in avoiding disclosure of (1) speculative, unfounded potential mental health diagnoses and (2) mental health treatment summaries, psychological testing data, discussions of diagnoses, and treatment recommendations.

### The Applicable Legal Standard

Courts have long recognized a common-law right of access to judicial records, but this right is "not absolute." *Mullenix v. LaPlante,* No. 21-cv-01670-NYW, 2021 WL 5071972 at *1 (D. Colo. Aug. 3, 2021) (citing *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation omitted)).  This Court has found that courts may exercise their discretion to restrict access to judicial documents when the public's right to inspection is outweighed by interests which favor nondisclosure.  *See id.; see also XY, LLC v. Trans Ova*

*Genetics, LC*, No. 13-cv-008760WJM-NYW, 2015 WL 714419 at * 2 (D. Colo. Nov. 12, 2015) (citing cases).

The Tenth Circuit has repeatedly held that one interest that may overcome the presumption of public access is the privacy interest inherent in personal medical information. *See United States v. Dillard*, 795 F.3d 1191, 1205-1206 (10th Cir. 2015) (finding that deposition excerpt discussing personal and private medical information should be maintained under seal); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F. 3d 1124, 1135-36 (10th Cir. 2011) (approving filing under seal of files containing private medical information); *Russell v. Lanier,* 404 Fed. Appx. 288, 289 n. 2 (10th Cir. 2010) (recognizing the "sensitive nature" of medical information and granting leave to file appendix under seal); *see also Snyder v. Beam Technologies, Inc.*, No. 20-cv-03255-NYW, 2022 WL 17741903 at * 2 (D. Colo. Dec. 6, 2022) (recognizing that in the Tenth Circuit, personal medical information is one category of information that may overcome the presumption of public access to judicial records); *Murphy v. Schaible, Russo & Company, C.P.A.'s, LLP*, No. 19-cv-02808-WJM-NYW, 2020 WL 12698694 at *1 (D. Colo. Sept. 9, 2020) (same). Even when mental health treatment and discussions with medical providers are relevant to allegations made in a case, several courts, including this one, have recognized that they may be restricted from public view. *See Mullenix*, 2021 WL 5071972 at *2-3 (D. Colo. Aug. 3, 2021) (ordering redactions of complaint allegations that referenced confidential communications between party and licensed therapist); *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261 at *8 (D. Colo. Jan.8, 2021) (permitting materials that apparently addressed prior trauma of sexual assault plaintiff to be maintained under Level 1 restriction); *Trimarco v. Ergen,*

*III*, No. 18-cv-00170-PAB, 2019 WL 142124 at *3 (D. Colo. Jan. 9, 2019) (finding letter that contained information regarding a defendant's medical conditions and treatment should be kept under seal).

Local Rule 7.2(c) requires that Ms. Shuster, as the party seeking to restrict access, make a multi-part showing to restrict information from public access. She must (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. *See XY, LLC*, 2015 WL 714419 at *2 (citing Local Rule 7.2).

As set forth below, Ms. Shuster has met each of Local Rule 7.2's requirements: The specific, proposed redactions are identified, the privacy interests to be protected outweigh the presumption of public access, there would be a clear, identifiable injury to Ms. Shuster if the materials are not protected, and Ms. Shuster has proposed alternatives that carefully limit the restrictions on public access. Given the circumstances presented, the sensitive nature of the materials at issue, and the limited redactions proposed, Ms. Shuster respectfully requests that this Court grant the narrow relief that she seeks.

## **The Information to Be Redacted**

The private nature of the material that Ms. Shuster seeks to redact from public copies of her Rule 702 Motion and accompanying exhibits includes substantive medical information, discussions of treatment and diagnoses, discussions of Ms. Shuster's prior

sexual history, and, in Dr. Jens' case, speculation about additional, stigmatizing disorders from which she claims Ms. Shuster may suffer.[1]

With respect to the Rule 702 Motion itself, Ms. Shuster proposes the measured redactions shown in Exhibit 1, which are limited to a handful of sentences that primarily focus on testing results, Dr. Peters' specific findings, and Dr. Jens' statements about other serious and stigmatizing mental health conditions from which she speculates Ms. Shuster might suffer.  *Compare* [#132] *with* Exhibit 1 *hereto*.  The redactions have been carefully tailored to capture only sensitive medical and similarly personal information underlying either expert's opinions.  It includes Dr. Jens' theories about Ms. Shuster even though she has never met Ms. Shuster, conducted any forensic testing of her, reviewed any of the forensic psychological testing data, and has given opinions that are wholly at odds with both Ms. Shuster's treating providers' diagnoses and Dr. Peters' careful analysis.

Turning to Exhibit 1 of the 702 Motion [#132-1], Ms. Shuster has applied the same approach to proposed redactions to Dr. Jens' report.  As set forth in the attached copy of this Report, Ms. Shuster does not seek to restrict the whole document, including text describing Dr. Jens' qualifications, her general opinions that are not tied to this case, and discussion of some disputed facts.  Compare #132-1 with Exhibit 2.  Ms. Shuster has instead limited her redactions to Dr. Jens' conclusory and speculative theories described above, and her description of highly personal information, including her summaries of Ms.

---

[1] Consistent with provisions in the Stipulated Protective Order, both parties have designated their mental health treatment records in this case as "Highly Confidential – Attorneys' Eyes Only."  Ms. Shuster acknowledges, however, that a party's designation of specific records as confidential is insufficient to maintain a Level 1 restriction, *see Toren-Edmiston v. Wells Fargo & Co.*, No. 19-cv-00779-PAB-NYW, 2020 WL 13932683 at *9 (D. Colo. Feb. 6, 2020), so she addresses in this Motion how she meets each of the four required factors for protection under Local Rule 7.2.

Shuster's discussions with her licensed treatment providers and direct quotations from records from treatment sessions.

Finally, with respect to Exhibit 2 of the 702 Motion [#132-2], Ms. Shuster has redacted only Dr. Peters' detailed summaries of her mental health history and records, the psychological testing data that Dr. Peters collected, and Dr. Peters' specific conclusions regarding the appropriate diagnoses, Ms. Shuster's likely prognosis, and corresponding treatment recommendations.  Once again, Ms. Shuster has not designated for protection Dr. Peters' entire report and does not seek to shield from public view any of Dr. Peters' information on her professional background, materials reviewed, discussion of relevant factual history, general discussions on the impacts of sexual assault, intimate partner violence, and stalking, criteria considered for various potential diagnoses, and professional qualifications and testimonial history.  Ms. Shuster has, however, redacted Dr. Peters' summaries of her discussions during sessions with her licensed providers, descriptions of forensic testing data obtained, specific diagnoses, and other, similar sensitive information, the same kind of information that the Court has previously found to be "highly sensitive information" that outweighs the presumption in favor of public access. *Mullenix*, 2021 WL 5071972 at *2.

**The Interests to be Protected Outweigh the Presumption of Public Access**

Ms. Shuster has a clear and substantial privacy interest in the materials sought to be protected, which generally fall into two categories:  (1) specific and sensitive details about her medical and psychological treatment, diagnoses, and treatment recommendations, including specific data on her treatment history and additional psychological testing that Dr. Peters administered in conducting a thorough forensic

6

psychological evaluation of Ms. Shuster; and (2) unfounded speculation about stigmatizing mental health disorders with which Ms. Shuster has never been diagnosed. By comparison, the public's interest in inspecting the most sensitive details of mental health records prior to trial is far more limited.

The law is clear: Ms. Shuster has not lost all privacy interests in specific, sensitive information about her mental health treatment history, psychological testing, mental health diagnoses, and specific treatment needs. Such materials remain subject to protection in the Tenth Circuit and in other courts. *See supra* at 3 (describing cases); *see also Doe v. Special Investigations Agency, Inc.*, 779 F. Supp. 21, 24-25 (E.D. Penn. 1991) (ordering disclosure of psychological and psychiatric records but stating that motions referencing the records or any expert reports based on the records shall be filed under seal); *Salser v. Dyncorp Intern., Inc.*, No. 12-10960, 2014 WL 7139886, at *3 (E.D. Mich. Dec. 12, 2014) (ordering disclosure of psychological treatment records but instructing motions and exhibits referencing the records to be filed under seal); *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("The judge can seal the plaintiff's psychiatric records and limit their use in the trial (which is public) to the extent that the plaintiff's interest in privacy outweighs the probative value of the information contained in the records.") (citing *NW Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004); *In re Sealed Case* (Medical Records), 381 F.3d 1205, 1216-17 (D.C. Cir. 2004)).

For example, in *Ledezma*, 2021 WL 2823261 at *8, this Court found that the Plaintiff, who had asserted various employment discrimination claims arising out of an alleged sexual assault, sexual harassment, and other workplace misconduct, had waived her psychotherapist-patient privilege by asserting more severe emotional

distress than ordinary pain and suffering. The Court accordingly allowed limited third-party discovery from her psychotherapists, including discovery into information related to prior trauma that may have contributed to the damage allegedly caused by the defendant. Nonetheless, this Court also held that substantive information that apparently discussed her prior trauma was still properly restricted from public access and subject to a Level 1 restriction designation. *Id.* at *10.

Other courts have reached similar decisions, particularly with respect to expert reports. Given that expert reports in many cases often review and analyze treatment records, many courts order that portions of expert reports and similar documents be restricted or filed under seal. *See, e.g., Seals v. Mitchell,* No. CV 04-3764, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011) (court sealed expert report that evaluated party's medical files and contained sensitive information including plaintiff's mental health history, treatment and condition, finding plaintiff's privacy interests outweighed the public's interest in the information); *Kadel v. Folwell*, 620 F. Supp. 3d 339, 390-91 (M.D.N.C. 2022) (sealing portions of expert reports that contained medical information that was "of the most intimate and sensitive nature" and included highly stigmatizing information that could chill future litigants and noting that defendants had access to unredacted copies of the expert reports); *Doe v. Richland County School District Two*, No. 3:18-cv-02731, 2020 WL 1065359, at *4 (D.S.C. Mar. 5, 2020) (in sexual assault case, sealing expert report that contained information identifying minor and "highly sensitive" information regarding mental health history, diagnosis, and treatment).

Here, given the sensitive nature of the materials sought to be restricted, Ms. Shuster respectfully submits that she will suffer harm from its public disclosure during

these pretrial proceedings.[2] The limited redactions she proposes in the attached documents are designed to strike an appropriate balance between the need for public disclosure of court records and the long-recognized privacy interests in psychological testing and treatment records.  *See Prospero v. Prescott*, No. 2:20-cv-110, 2022 WL 19837318 at *2 (S.D.Ga. July 15, 2022) (finding that public's limited interest in viewing Plaintiff's mental health records or in seeing summaries of those records was outweighed by Plaintiff's right to keep those matters private, which could be embarrassing or stigmatizing and could impact Plaintiff far beyond conclusion of case).

### Ms. Shuster has Proposed Appropriately Tailored Alternatives to Unfettered Access as Required Under Local Rule 7.2

Given the applicable law, her substantial privacy interests, and presumption of public access, Ms. Shuster has accordingly proposed narrow redactions as an appropriate, limited measure as contemplated by Local Rule 7.2(b)(4).  By limiting the proposed restricted material to defined portions of the submitted documents, Ms. Shuster believes that the public's interest in open and fair proceedings and an assessment of the issues before the Court will be appropriately served.  At the same time, Ms. Shuster will retain her privacy rights in the sensitive medical information that is redacted as shown in Exhibits 1-3 to this Motion.  *See XY LLC*, 2015 WL 714419 at *3 (finding that while whole documents should not be withheld, limited portions capturing sensitive discussions

---

[2] Especially with respect to Dr. Jens' report, the public has little legitimate interest in any such hypotheses unless and until the Court has found that these opinions first meet basic indicia of trustworthiness.  Unless the Court determines that any of Dr. Jens' opinions are admissible, Ms. Shuster, therefore, has an additional interest in avoiding public disclosure of her unsupported theories about possible mental health conditions with which Ms. Shuster has never been diagnosed.

could be redacted from public view); *Murphy*, 2020 WL 12698694 at *3 (finding that redaction was appropriate measure to protect plaintiff's private financial information contained in exhibits to motion); *Rickaby v. Hartford Life and Accident Insur. Co.*, No. 15-cv-00813-WYD-NYW, 2016 WL 1597589 at *5 (D. Colo. April 21, 2016) (allowing redaction when harm of disclosure of sensitive commercial and financial information outweighed presumption of public access).

## Conclusion

Ms. Shuster's personal privacy interests outweigh the limited public interest in the speculative potential diagnoses contained in the few lines she proposes to redact from her Motion and identified portions of Dr. Jens' and Dr Peters' expert reports. Ms. Shuster, therefore, respectfully requests that this Motion to Restrict be granted and that the Court maintain Level-1 Restriction for the unredacted copies of the Motion and Exhibits [#132, #132-1, #132-2].

Dated: May 31, 2024

                                                Respectfully submitted,

                                                 *s/ Kimberly M. Hult*
Kimberly M. Hult
Daniel D. Williams
Matthew A. Simonsen
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Facsimile: (303) 442-6493
Kimberly.Hult@hbcboulder.com
Dan.Williams@hbcboulder.com
Matt.Simonsen@hbcboulder.com