**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

---

**MR. LEVY'S MOTION TO AMEND THE SCHEDULING ORDER TO SERVE UNTIMELY DISCOVERY REQUESTS**

---

Plaintiff and Counterclaim Defendant Jacob Levy, through his counsel Laura A. Menninger and Jacob McMahon of Haddon, Morgan and Foreman, P.C., respectfully moves to amend the Scheduling Order in one of the following two alternative ways: (1) shift the deadline for serving written discovery from March 26, 2024, to August 1, 2024, and the discovery cutoff from May 10, 2024, to September 6, 2024; or (2) shift the deadline for serving written discovery requests from March 26, 2024, until April 10, 2024. Under the first proposal, both sides would have an additional opportunity to serve discovery. Under the second proposal, Mr. Levy's untimely served discovery requests would become timely. In support, he states as follows:

    1.    **Certificate of Conferral**. After conferral with counsel for Ms. Shuster, counsel for Mr. Levy reports both proposals are opposed.

2. **Procedural background**. Under the Scheduling Order dated August 31, 2023, the deadline for serving interrogatories and requests for production and/or admissions was March 26, 2024. [Doc. 48 at 10.]

3. When scheduling Ms. Shuster's deposition, Mr. Levy made clear that he needed ample time *after* the deposition to serve any remaining written discovery requests that resulted from her deposition testimony. Indeed, counsel for Ms. Shuster moved for an extension of the Scheduling Order for the identical reason. [Doc. 92].

4. Despite the Scheduling Order deadline, Mr. Levy's counsel did not serve his Second Set of Interrogatories and Requests for Production [Ex. 1] and his Second Set of Requests for Admission [Ex. 2] until April 10, 2024, or 15 days late.

5. On May 8, 2024, Ms. Shuster's counsel timely objected to the requests as untimely and otherwise did not respond to them. [Exs. 3 and 4.] It was her objections that first alerted counsel for Mr. Levy that his second set of discovery requests were untimely under the Scheduling Order.

6. Upon further investigation, undersigned counsel discovered that the law firm's internal calendaring system, Law Toolbox, had applied the default deadline for service of written discovery as April 10, 2024, i.e., 30 days before the discovery cutoff of May 10, 2024. *See* Fed. R. Civ. P. 33(b)(2) (generally providing 30 days to respond to interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (same for requests for production); Fed. R. Civ. P. 36(a)(3) (same for requests for admissions); *see also Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (explaining that discovery requests served on the discovery deadline could not be timely because "requests must be served at least thirty

days prior to a completion of discovery deadline"). The manual over-ride to apply the Scheduling Order deadline somehow had not occurred last summer at the time the Scheduling Order issued.

7. Thus, while discovery served on April 10, 2024, could be timely completed before the discovery cutoff on May 10, 2024, the Scheduling Order set a deadline for serving discovery that was 15 days earlier, March 26, 2024.

8. Counsel for Mr. Levy apologies for this oversight and requests amendment of the Scheduling Order for leave to serve the discovery requests out of time.

9. **Legal standards**. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

10. Similarly, "Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders 'may be modified only for good cause and with the judge's consent.'" *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

11. Thus, "a party seeking an extension of a deadline after the deadline has expired must show both good cause and excusable neglect." *Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-CV-00943-WJM-NYW, 2022 WL 1013831, at *4 (D. Colo. Apr. 5, 2022), *report and recommendation adopted*, No. 21-CV-0943-WJM-KLM, 2022 WL 18777076 (D. Colo. Nov. 17, 2022).

12. "Good cause and excusable neglect, 'although interrelated, are not identical.'" *Cooper v. Shelter Gen. Ins. Co.*, No. 21-CV-02957-REB-NYW, 2022 WL 1123069, at *3 (D. Colo. Apr. 14, 2022) (quoting *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)). "The good-cause requirement creates a higher burden on the movant than the requirement to demonstrate excusable neglect." *Id.*

13. Excusable neglect. "To determine whether a party has demonstrated excusable neglect, the court considers four relevant factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* Ultimately, "[t]he determination as to whether a party's neglect of a deadline is excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quotations omitted).

14. Good cause. "Meanwhile, the good-cause standard requires some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Id.* at *4 (quotations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Tesone*, 942 F.3d at 988 (quotations omitted). "In making this determination, the factor on which courts are most likely to focus . . . is the relative diligence of the lawyer . . . who seek[s] the change." *Id.* (alterations in original) (quotations omitted). "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and

4

refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (alterations in original) (quotations omitted). "'Good cause' also obligates the moving party to provide an adequate explanation for any delay." *Id.* (quotations omitted).

15. **Discussion: Excusable neglect**. The first excusable neglect factor is the danger of prejudice to the nonmoving party. Granting the motion of course requires Ms. Shuster to respond to discovery that would otherwise be out of time, but responding to discovery requests does not prejudice her in litigating the case. *See Miller v. Power*, No. 2:20-CV-00210-DBB, 2023 WL 6976602, at *2 (D. Utah Oct. 23, 2023) (allowing out-of-time depositions and reasoning that "[a]lthough the depositions will inevitably impose some costs on the defense, the Defendants have not identified any reason to believe those costs will increase as a result of Plaintiff's mistake"). Timely service would have obligated Ms. Shuster to respond within 30 days. The calendaring mistake still afforded her 30 days to respond, and she will have additional time to respond if the Court grants Mr. Levy's motion. Under the first proposal, both sides would have time to serve and respond to additional written discovery. Under the second proposal, the Court should set a deadline for Ms. Shuster's response to Mr. Levy's second set of discovery requests for 30 days from the date the Court enters an order granting Mr. Levy's motion and amends the Scheduling Order.

16. Ms. Shuster previously suggested that she would not be prejudiced by an extension of the deadline to serve discovery. In her earlier Motion to Amend the Scheduling Order, Ms. Shuster sought a one-month extension of the deadline to serve

5

written discovery, from March 26, 2024, to April 26, 2024.[1]  [Doc. 92 at 3.]  Amending the Scheduling Order to allow Mr. Levy to serve his otherwise untimely discovery will not prejudice Ms. Shuster.  The first factor supports relief.

17. The second excusable neglect factor is the length of delay and potential impact on judicial proceedings. Fifteen days separate March 26, 2024, the deadline under the Scheduling Order for serving written discovery requests, and April 10, 2024, when Mr. Levy served his second set of discovery requests.

18. Granting Mr. Levy leave to serve the untimely discovery should not significantly affect other deadlines in the case, especially under the second proposal. Ms. Shuster's motion to dismiss [Doc. 28] and Mr. Levy's motion for judgment on the pleadings [Doc. 88] remain pending.  The Court already vacated the June 10, 2024, deadline for dispositive motions to facilitate remaining discovery issues.  [Doc. 128.] Discovery is continuing.  At the request of Ms. Shuster's counsel, the Court ordered Mr. Levy's counsel to produce information related to the spoliation issue *after* expiration of the written discovery deadline. [*See* Doc. 131.] The Court also granted Ms. Shuster's request to take a deposition after the close of written discovery, by June 17, 2024.  [*Id.*] Additionally, the Court has allowed Mr. Levy to conduct voluntary interviews with Ms. Shuster's healthcare providers after the close of written discovery.  [Doc. 136 at 3.]  And the parties still are endeavoring to schedule the deposition of some out-of-state witnesses at Tulane.  The case is not set for trial.  The parties jointly sought an

---

[1] Mr. Levy opposed the motion [Doc. 96], and Ms. Shuster filed a supportive reply [Doc. 99] before withdrawing the motion in advance of a ruling [Docs. 114 and 116].

6

extension of other deadlines to accommodate a July 19, 2024, mediation.  [Doc. 146.] A modest amendment to the Scheduling Order to encompass Mr. Levy's late-served discovery requests will not meaningfully impact these judicial proceedings.  The second factor supports relief.

19.   The third excusable neglect factor is the reason for the delay and whether it was within the movant's control.  As stated, the delay here was a calendaring error within the control of Mr. Levy's counsel, and more specifically its Law Toolbox calendaring system which must be manually adjusted to take account for dates set by the Scheduling Order versus the presumptive deadlines.  In *Miller*, plaintiff's counsel mis-calendared the discovery deadline, and the court found that "[t]his factor weigh[ed] against relief but [was] not independently dispositive."  2023 WL 6976602 at *3; *see id.* at *2-3 (noting no history of vexatious and bad faith litigation; single, unintentional incident; and prompt attempt to correct).  While not supportive of relief, the third factor should not preclude relief here.

20.   The fourth excusable neglect factor asks whether the movant acted in good faith.  Counsel for Mr. Levy respectfully submits the late service was due to a good faith calendaring error.  Gamesmanship is not at play.  The fourth factor supports relief.

21.   Based on the four factors, the Court should find Mr. Levy has established excusable neglect for his motion to amend the Scheduling Order's already-passed deadline of March 26, 2024, for serving discovery requests.  *See* Fed. R. Civ. P. 6(b)(1)(B).

22. **Good cause**. Additionally, there is good cause to amend the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4). Showing good cause obligates the movant "to provide an adequate explanation for any delay." *Tesone*, 942 F.3d at 988 (quotations omitted). Once again, the delay stems from a mis-calendared deadline.

23. In *Chawla v. Lockheed Martin Corp.*, No. 13-CV-00333-PAB-KLM, 2013 WL 5729817 (D. Colo. Oct. 18, 2013), defense counsel, following a calendaring failure, sought leave to submit discovery responses 16 and 18 days after the deadlines. *Id.* at *1-2. The court found good cause, stating while it did "not condone defense counsel's oversight or his reliance on an assistant to verify deadlines," the court understood "that mistakes are made, and relatively minor mistakes, like this one, should not impede adjudication of the claims on their merits." *Id.* at *4-5.

24. Similarly, in *Miller*, the court found counsel's negligent calendaring did not establish a lack of diligence precluding a finding of good cause to reopen discovery: "Plaintiff's counsel bears responsibility for the calendaring error. However, the Tenth Circuit has acknowledged that calendaring mistakes can 'occur in any attorney's office, no matter how well run.'" 2023 WL 6976602 at *4 (quoting *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005)).

25. The most important good cause factor is the diligence of the movant lawyer because good cause is more likely to be found when he or she "has been generally diligent." *Tesone*, 942 F.3d at 988 (quotations omitted).

26. It might be argued the discovery requests at issue could have been included in Mr. Levy's first set of discovery requests, served in November and

December 2023, but Mr. Levy respectfully submits these requests were more appropriately directed to Ms. Shuster following her March 11, 2024, deposition.[2]  In some instances, the discovery requests concerned topics raised during her deposition. [*See, e.g.*, Ex. 1 at 8 (requesting production of communications and documents related to deposition testimony and exhibits).]  Ms. Shuster has recognized the reasonableness of intentionally reserving some written discovery requests for after the opposing party's deposition.  [Doc. 99 at 2.]

27. Serving these discovery requests after March 11 and before March 26 was possible, but it was oversight, not a lack of diligence, that explains the service on April 10.  Counsel for Mr. Levy worked diligently relative to the mistaken deadline and left Ms. Shuster 30 days to respond to his second set of discovery requests.

28. Other considerations include the movant's good faith and prejudice to the opposing party, *see Tesone*, 942 F.3d at 988; *Cooper*, at *4, and as shown, counsel for Mr. Levy has acted in good faith, and while Ms. Shuster incurs the burden of responding if the Court grants the motion, she is not prejudiced.  Under the first proposal, she would have an additional opportunity to serve discovery of her own.

29. Conversely, adhering to the existing Scheduling Order and allowing Mr. Levy's second set of discovery requests to go unanswered will deprive him of evidence that can drive settlement or be presented at trial.  *See Tesone*, 942 F.3d at 988 (noting

---

[2] Mr. Levy repeatedly attempted to schedule Ms. Shuster's deposition sooner; he initially noticed her deposition for January 23, 2024.  [*See* Doc. 96 at 3-6.]

9

good cause more likely to be found when denying relief "would create a substantial risk of unfairness to that party" (quotations omitted)).

30. The Court should find good cause and amend the Scheduling Order to either:

    a. Shift the deadline for serving written discovery from March 26, 2024, to August 1, 2024, and shift the discovery cutoff from May 10, 2024, to September 6, 2024; or

    b. Shift the deadline for serving written discovery requests to April 10, 2024, instead of March 26, 2024. In this circumstance, Ms. Shuster's responses to Mr. Levy's second set of discovery requests, served April 10, 2024, should be due 30 days after the Court enters an order granting this Motion and amending the Scheduling Order.

## CONCLUSION

The Court should grant the Motion and amend the Scheduling Order in one of the two ways described herein.

Dated: June 14, 2024

Respectfully submitted,

*s/ Jacob McMahon*
Laura A. Menninger, No. 34444
Jacob McMahon, No. 48784
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone:303.831.7364
Fax: 303.832.2628
Email: LMenninger@hmflaw.com

*Attorneys for Jacob Levy*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I electronically filed the foregoing *MR. LEVY'S MOTION TO AMEND THE SCHEDULING ORDER TO SERVE UNTIMELY DISCOVERY REQUESTS* with the clerk of court using the CM/ECF system, which will send notification of such filing to all parties of record.

*s/ Holly Rogers*