# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff

---

**MR. LEVY'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Jacob Levy, through his counsel Laura A. Menninger and Jacob B. McMahon of Haddon, Morgan and Foreman, P.C., hereby submits his Second Set of Interrogatories and Requests for Production of Documents to Ms. Holly Shuster pursuant to Fed. R. Civ. P. 33 and 34 (collectively "Requests").  Pursuant to the relevant Rules, responses to these Requests are due on or before May 10, 2024.

## I.  INSTRUCTIONS AND DEFINITIONS

The following instructions shall apply to the requests that follow:

1. "All" means each and every.

2. "Any" means any and all.

3. "Defendant," "Ms. Shuster," "You" and "Your" is intended to and shall embrace and include Holly Shuster, as well as all counsel, agents, representatives, private investigators, or consultants of Ms. Shuster.

4. "Document" means a writing as defined in Federal Rule of Evidence 1001 and includes the original or non-identical copy of an item used for holding, memorializing, storing, or communicating information. A document includes electronically stored information, emails, electronic/digital communications, text messages, voicemails, video and audio recordings, memos, contracts, reports, and letters. "Document" is intended to be defined as broadly as permitted by Federal Rule of Civil Procedure 34 and includes every writing or record of every type and description that is or has been in Your possession, custody, or control, or of which You have knowledge.

5. "Communication" means any document transmitted, exchanged, or received by or between two or more persons, including without limitation, any correspondence, e-mail, text message, electronic message via apps such as Facebook, Instagram, WhatsApp, Snapchat, LinkedIn or similar, or other media or Documents.

6. "Health Care Provider" means a doctor, nurse, hospital, treatment center, psychiatrist, psychologist, counselor, therapist, social worker, or other medical or mental health care practitioner, and includes any Person or entity referred to as a "Health Care Professional" or "Health Care Institution" in Colorado Revised Statute § 13-64-202(3) and (4).

7. "Identify" means, unless otherwise defined within a Request:

    a. With respect to a Communication, the date of the Communication, means and form of the Communication, the identity of all parties to the Communication and any Document that exists with respect to such Communication.

    b. With respect to a Document, the date of creation, location and custodian.

    c. With respect to a Person: the full name, address, and telephone number.

      8.    "Including" means including but not limited to.

      9.    "Relate," "relating to," and "relates" means concerning, referring to, responding to, relating to, pertaining to, connected with, evidencing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

      10.    "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation, or other legal, business, or government entity.

      11.    "Social Media" refers to any social media application, including but not limited to any social media application that allows for the transmission of messages such as Snapchat, Instagram, Facebook, Tiktok, Yak, Venmo, and Zelle.

      12.    The present tense include the past and future tenses. The singular includes the plural, and the plural includes the singular.

      13.    In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any Request or part thereof, and information is not provided on the basis of such assertion:

          a.    In asserting the privilege, please identify with specificity the nature of the privilege (including work product) that is being claimed;

          b.    The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

                i.    For oral communications:

        (1)        The name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

        (2)        The date and place of the communication; and

        (3)        The general subject matter of the communication.

ii.        For documents:

        (1)        The type of document;

        (2)        The general subject matter of the document;

        (3)        The date of the document; and

        (4)        Such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

14.        These Requests are deemed continuing until trial. If any information sought by said Requests is learned or obtained after these Requests have been answered, or if the answers for any reason should later become incorrect or incomplete, there shall be a continuing duty until the trial on the party answering said Requests to formally supplement answers previously submitted pursuant to the Federal Rules of Civil Procedure.

15. If any Document was in Your possession or control, but is no longer, state what disposition was made of said Document, the reason for the disposition, and the date of such disposition, if known.

16. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.  Any copy of a Document that is not identical shall be considered a separate document. Counsel does not seek and does not require the production of multiple copies of identical Documents.

17. Responsive electronically stored information (ESI) shall be produced in its native form; that is, in the form in which the information was customarily created, used, and stored by the native application employed by the producing party in the ordinary course of business.

18. Unless otherwise specified, the time frame of this request is from **August 2020 to present.**

19. Ms. Shuster should answer each Request fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If an objection pertains only to a portion of a request, or to a word, phrase, or clause within such request, you shall state your objection to that portion only and respond to the remainder of the request, using your best efforts to do so. Any part of a request left unanswered will be deemed admitted in accordance with the Federal Rules of Civil Procedure.

20. If, in answering these Requests, You encounter any ambiguities when construing a question, instruction, or definition, please set forth the matter deemed ambiguous and the construction used in answering.

## II.   INTERROGATORIES

13.   Identify any effort that You have made to retract any false statement that You have made about Jacob Levy, including identifying any Communications or Documents that reflect such a retraction.

14.   Identify any effort that You have made to seek education or gainful employment since leaving Tulane in June 2023.

15.   Identify each time that You have seen Jacob Levy in person after November 3, 2021, including the date, time, location, circumstances surrounding the occasion, and any witness to the occasion.

16.   Identify each occasion on which You claim that Jacob Levy accessed any social media account of Yours.

## III.   REQUESTS FOR PRODUCTION

22.   All Communications and Documents identified in Interrogatory Nos. 13-25, above.

23.   All Documents reviewed or relied upon in answering Interrogatory Nos. 13-25, above.

22.   All social media posts You have posted since September 1, 2020, including but not limited to Instagram, Tik Tok, VSCO or any other similar social media website, and including the date of the post and any comments to the posts.

23.   All Documents reflecting or concerning any request or application by You to withdraw (whether medically or otherwise) from any course in which You were enrolled at Tulane University, including any supporting Documentation or associated correspondence.

24. All Communications between You and Your parents regarding Tulane, including but not limited to Your grades, Your courses, Your homework, Your academic status, Your withdrawal from any courses, Your housing (whether on or off campus), Your academic dismissal, Your probation, Your re-enrollment at Tulane, and Your academic performance.

25. All photographs, videos or other visual depictions of any of Your residences at Tulane University or in New Orleans, Louisiana, whether on or off campus, whether temporary or permanent, whether inside or outside such residence.

26. All photographs, videos or other visual depictions of Your presence at the Tulane Kappa Alpha fraternity house or elsewhere with any of the members of Kappa Alpha.

27. All Documents (including photographs and Communications) that refer to, relate to, or depict Cody Grove or Blaze Robin, or the instances of sexual assault that You claim they committed.

28. All Documents that refer, relate to or concern any instance in which you were "roofied."

29. All Documents reflecting any travel by You between New York and New Orleans from August 2020 until June 2023.

30. All metadata associated with the following documents:

    a. HS_0000119, -122, -129, and -138.

    b. HS_0002534-37.

    c. HS_002994-98.

    d. HS_0003315.

31. Make available for inspection and copying the original of the journal depicted at HS_0003649-53.

32. All Documents reflecting essays or homework assignments that You prepared or completed for any courses at Tulane University, including all associated metadata.

33. Documents sufficient to establish the date of death of any grandparent of Yours.

34. All Communications between You and Your parents concerning Jacob Levy, including the transmittal of Deposition Exhibit 38.

35. The written Document that You wrote "months prior" to September 2022 which formed the basis of the text messages identified in Exhibit 7, as You testified on pages 325-327, 334-337, and 343-45 of Your Deposition on March 11, 2024.

36. All Documents reflecting or concerning any application for employment by You since September 1, 2020.

37. All Documents reflecting or concerning any income You have received, whether earned or gifted to You.

38. Any application by You to enroll in any college, university or other post-secondary educational institution.

39. All Documents reflecting Your visit to a pediatrician in high school following an event in which You were "roofied."

40. All Documents reflecting Alcoholics Anonymous, including Your attendance at any AA meeting or the family support You received around attending AA or concerning Your struggles with alcohol.

Dated: 4/10/2024


Respectfully submitted,

s/ *Laura Menninger*

Laura A. Menninger, No. 34444
Jacob McMahon, No. 48784
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email:  lmenninger@hmflaw.com
jmcmahon@hmflaw.com

*Attorneys for Jacob Levy*