# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff

---

### MR. LEVY'S SECOND SET OF REQUESTS FOR ADMISSION

---

Jacob Levy, through his counsel Laura A. Menninger and Jacob B. McMahon of Haddon, Morgan and Foreman, P.C., and in accordance with Rule 36 of the Federal Rule of Civil Procedure, requests that Ms. Holly Shuster respond to the following Requests for Admission on or before May 10, 2024.

### **INSTRUCTIONS**

The following instructions shall apply to the requests that follow:

1. Answers to these Requests are to be based upon all knowledge or information available to Ms. Shuster, including, but not limited to, all information or knowledge derivable from her records, and all knowledge or information possessed by any Person, including, but not limited to, any attorney, agent, representative or other advisor, subject to the instruction, direction or control of Ms. Shuster.

2. Ms. Shuster should answer each Request fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If an objection pertains only to a portion of a Request for Admission, or to a word, phrase, or clause within such

Request, You shall state Your objection to that portion only and respond to the remainder of the request, using Your best efforts to do so. Any part of a Request for Admission left unanswered will be deemed admitted in accordance with Rule 36 of the Federal Rules of Civil Procedure.

3. If, in answering this Request, Ms. Shuster claims any ambiguity in interpreting either a Request or a definition or instruction, such claim shall not be utilized as a basis for refusing to answer. Instead, Ms. Shuster shall set forth as part of the answer the language deemed to be ambiguous and the interpretation utilized in the response to the Request.

4. None of the definitions and instructions, or the requests set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevant or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

## **DEFINITIONS**

1. The term "You," or "Your," as used herein, shall mean Defendant and Counterclaim Plaintiff Holly Shuster and any of her counsel, agents, and representatives.

2. "Communications" refer to the media, note, share, stickers and texts sent on Snapchat.

3. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "And" and "or" encompass both "and" and "or."

4. The statements referred to in Numbers 4 through 12 are taken from the text sent by "Holly Shuster" as depicted in Deposition Exhibit 45 at Arnold_000131 and 000132.

5. The statements referred to in Numbers 13 through 16 are taken from Deposition Exhibit 5.

6. The statement referred to in Number 17 is taken from Deposition Exhibit 40.

## REQUEST FOR ADMISSION

4. Admit that the statement "Jacob transferred to Boulder because he got kicked out of Tulane" is false.

5. Admit that the statement "During our relationship, Jacob sexually assaulted and raped me countless times" is false.

6. Admit that the statement "I was basically not allowed to say no to sex, if I said no he would ask and ask and ask until I eventually gave in and said yes just to make him stop asking, even though I did not want to have sex" is false.

7. Admit that the statement "He forced me to have sex with him multiple times a day, everyday" is false.

8. Admit that the statement "I never wanted to have sex with him" is false.

9. Admit that the statement "he has been psychically violent with me" is false.

10. Admit that the statement that he "threatened my friends and family and attempted to cut me off from every person in my life" is false.

11. Admit that the statement he "pressed me up against the balcony of my dorm building" is false.

12. Admit that the statement "he was kicked out of Tulane for rape and stalking" is false.

13. Admit that the statement "On November 10, 2021, Mr. Levy again attempted to gain access into Ms. Shuster's dorm at Tulane University, with Ms. Shuster and her roommate locking themselves in their bathroom and calling for assistance" is false.

14. Admit that the statement "On November 15, 2021…Ms. Shuster found Mr. Levy waiting outside her dormitory. She contacted the Resident Advisor to request a guard to escort her to her dormitory" is false.

15. Admit that the statement "On December 15, 2021, Ms. Shuster again finds Mr. Levy outside of her dormitory at 11 pm at night. She left and did not return home that night" is false.

16. Admit that the statement "December 16, 2021, Mr. Levy contacts Ms. Shuster via social media and demands that Ms. Shuster meet him on the top of a parking garage structure on campus 'or else'" is false.

17. Admit that the statement he "left me hundreds upon hundreds of voicemails and texts threatening me and describing the ways he was going to hurt me" was false.

Dated: 4/10/2024

Respectfully submitted,

s/ *Laura Menninger*
Laura A. Menninger, No. 34444
Jacob McMahon, No. 48784
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: lmenninger@hmflaw.com
jmcmahon@hmflaw.com

*Attorneys for Jacob Levy*