# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant

v.

HOLLY SHUSTER,
    Defendant and Counterclaim Plaintiff

---

**DEFENDANT AND COUNTERCLAIM PLAINTIFF HOLLY SHUSTER'S OBJECTIONS TO MR. LEVY'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Defendant and Counterclaim Plaintiff Holly Shuster ("Ms. Shuster"), by and through her undersigned counsel, objects to Plaintiff Jacob Levy's Second Set of Interrogatories and Requests for Production of Documents ("Second Set of Discovery") as follows:

**GENERAL OBJECTION**

Plaintiff Jacob Levy ("Mr. Levy") served his Second Set of Discovery late on April 10, 2024, in violation of the Court's Scheduling Order entered in this case. The Scheduling Order [#48] set forth a deadline of March 26, 2024, for the service of all written discovery requests, including Interrogatories and Requests for Production of Documents. *See* Scheduling Order [#48], § VII(D). Mr. Levy has not requested or obtained leave of Court to go beyond this deadline, and the requests included in the Second Set of Discovery are therefore untimely and improper.

In addition to this General Objection to each request made in the Second Set of Discovery, Ms. Shuster has the following additional, specific objections to the Interrogatories

1

and Requests contained in that discovery which is largely cumulative, invasive of privilege and/or privacy rights and harassing.

## ADDITIONAL PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

The above General Objection and the following specific objections are made without waiving or intending to waive but, on the contrary, intending to preserve and preserving:

1. Ms. Shuster's right to raise all questions of relevancy, materiality, privilege, and admissibility concerning the information sought for any purpose that may arise in this action or in any other action;

2. Ms. Shuster's right to object to the use of the information sought, and/or the responses or the subject matter thereof, on any ground in this or any other action, including that the information is not sought for a proper purpose but is irrelevant and harassing; and

3. Ms. Shuster's right to object on any grounds at any time to other discovery requests or to any other discovery involving the information sought, the documents sought to be produced, and/or the subject matter thereof.

## INTERROGATORIES

13. Identify any effort that You have made to retract any false statement that You have made about Jacob Levy, including identifying any Communications or Documents that reflect such a retraction.

> **Specific Objections:** In addition to being untimely and served in violation of the requirements of the Scheduling Order, this Interrogatory seeks information that may be protected by the attorney-client privilege and is duplicative of prior discovery in this case, *see, e.g.*, Interrogatory Nos. 4, 6 and 7.

14. Identify any effort that You have made to seek education or gainful employment since leaving Tulane in June 2023.

> **Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, this Interrogatory seeks irrelevant

2

information, is interposed for a harassing purpose, and is duplicative of prior discovery in this case. Ms. Shuster further objects to this Interrogatory, which seeks information already produced by Ms. Shuster and for which the burden of deriving the answer is substantially the same for either party under F.R.C.P. 33(d).

15. Identify each time that You have seen Jacob Levy in person after November 3, 2021, including the date, time, location, circumstances surrounding the occasion, and any witness to the occasion.

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, this Interrogatory seeks information equally available to Mr. Levy, who is well aware of all his efforts, including in violation of the No Contact Order issued by Tulane University, to contact and approach Ms. Shuster, including the times documented in his various messages and calls to her. Ms. Shuster further objects to this Interrogatory on the basis that it seeks information already produced by Ms. Shuster and by Mr. Levy and for which the burden of deriving the answer is substantially the same for either party under F.R.C.P. 33(d).

16. Identify each occasion on which You claim that Jacob Levy accessed any social media account of Yours.

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, this Interrogatory seeks information more readily available to Mr. Levy, who is again well aware of all of his efforts to access Ms. Shuster's social media. Ms. Shuster further objects to this Interrogatory on the basis that it seeks information already produced by Ms. Shuster and for which the burden of deriving the answer is substantially the same for either party under F.R.C.P. 33(d).

## REQUESTS FOR PRODUCTION

22. All Communications and Documents identified in Interrogatory Nos. 13-25, above.

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, this Request does not make sense as the Interrogatories identified above are Interrogatory Nos. 13-16, not 13-25. Ms. Shuster further incorporates by reference each of the specific objections she has made to Interrogatory No. 13-16.

23. All Communications and Documents reviewed or relied upon in answering Interrogatory Nos. 13-25.

3

   **Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, this Request does not make sense as the Interrogatories identified above are Interrogatory Nos. 13-16, not 13-25.  Ms. Shuster further incorporates by reference each of the specific objections she has made to Interrogatory No. 13-16.

  22. [sic] All social medial posts You have posted since September 1, 2020, including but not limited to Instagram, Tik Tok [sic], VSCO or any other similar social media website, and include the date of the post and any comments to the post.

   **Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, this Request is overly broad, seeks irrelevant information, is unduly burdensome as it seeks the review of all of Ms. Shuster's personal social media posts over a nearly four-year period, does not seek information that is proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

  23. [sic]  All Documents reflecting or concerning any request or application by You to withdraw (whether medically or otherwise) from any course in which You were enrolled at Tulane University, including any supporting Documentation or associated correspondence.

   **Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, this Request is overly broad seeks irrelevant information, is duplicative of prior discovery requests (including the nonparty subpoena served on Tulane University seeking all educational records), does not seek information that is proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b), and is interposed for the purpose of harassment.

  24. [sic]  All Communications between You and Your parents regarding Tulane, including but not limited to Your grades, Your courses, Your homework, Your academic status, Your withdrawal from any course, Your house (whether on or off campus), Your academic dismissal, Your probation, Your re-enrollment at Tulane, and Your academic performance.

   **Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request is overly broad, seeks irrelevant information, does not seek information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates both Ms. Shuster's and her parents' privacy rights, and is interposed for the purpose of harassment.

  25. [sic]  All photographs, videos or other visual depictions of Your residences at Tulane University or in New Orleans, Louisiana, whether on or off campus, whether temporary or permanent, whether inside or outside such residence.

4

Objection:  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request is overly broad, seeks irrelevant information, is unduly burdensome as it requires the review of thousands of photographs to identify potentially responsive documents, does not seek information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

26. [sic]  All photographs, videos or other visual depictions of Your presence at the Tulane Kappa Alpha fraternity house or elsewhere with any of the members of Kappa Alpha.

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request is unduly burdensome as it would require the review of thousands of photographs to identify potentially responsive documents, does not seek information that is relevant or proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

27. [sic].  All Documents (including photographs and Communications) that refer to, relate to, or depict Cody Grove or Blaze Robin, or the instances of sexual assault that You claim they committed.

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request seeks irrelevant information, seeks information duplicative to prior discovery requests served in this litigation, *see, e.g.*, Interrogatory No. 10 and First Request for Production No. 13, is unduly burdensome (as worded) as it would require the review of thousands of photographs to identify potentially responsive documents, does not seek information that is proportional to the needs of the case under Rule 26(b), and is interposed for the purpose of harassment.

28.     All Documents that refer, relate to or concern any instance in which you were "roofied."

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request seeks irrelevant information, does not seek information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

29.     All Documents reflecting any travel by You between New York and New Orleans from August 2020 until June 2023.

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this

5

Request is overly broad, unduly burdensome as it would require the review of credit card statements and numerous other documents for several years, seeks information that is not relevant or proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

30. [sic]  All metadata associated with the following documents.

    a. HS_0000119, -122, 0129, and -138
    b. HS_0002534-37
    c. HS_002994-98
    d. HS_0003315

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request is does not seek information that is relevant to any fact in dispute.

31. [sic]  Make available for inspection and copying the original of the journal depicted at HS_00033649-53.

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects to this Request on the basis that it does not seek information that is relevant or proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

32. [sic] All Documents reflecting essays or homework assignments that You prepared or completed for any courses at Tulane University, including all associated metadata.

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request is overly broad, unduly burdensome as it would require review of thousands of messages and emails, does not seek information that is relevant or proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

33. [sic] Documents sufficient to establish the date of death of any grandparent of Yours.

**Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request seeks information not relevant to any fact in dispute in the case, violates Ms. Shuster's and her family's privacy rights, and is interposed for the purpose of harassment.

34. [sic] All Communications between You and Your parents concerning Jacob Levy, including the transmittal of Deposition Exhibit 38.

6

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request seeks information duplicative to prior discovery requests served in this litigation, *see, e.g.*, Interrogatory Nos. 4, 6, 8 and First Request for Production No. 13, and is interposed for the purpose of harassment.

35. [sic] The written Document that You wrote "months prior" to September 2022 which formed the basis the basis of the text messages identified in Exhibit 6, as You testified on pages 325-326, 334-337, and 343-345 of Your Deposition on March 11, 2024.

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster further object on the basis that this Request seeks information that is duplicative of prior discovery requests served in this litigation, *see, e.g.*, Interrogatory Nos. 4, 6, and 7 and First Request for Production No. 13.

36. [sic] All Documents reflecting or concerning any application for employment by You since September 1, 2020.

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request is overly broad, seeks irrelevant information, does not seek information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

37. [sic] All Documents reflecting or concerning any income You have received, whether earned or gifted to You.

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request, as drafted, is overly broad, seeks irrelevant information, does not seek information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

38. [sic]   Any application by You to enroll in any college, university or other post-secondary educational institution.

**Specific Objections:** In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request, as drafted, is overly broad, seeks irrelevant information, does not seek information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

      39. [sic] All Documents reflecting Your visit to a pediatrician in high school following an event in which You were "roofied."

      **Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request, which seeks medical records from several years ago, seeks information protected by the physician-patient privilege, is overly broad, seeks irrelevant information, does not seek information that is proportional to the needs of the case under Rule 26(b), violates Ms. Shuster's privacy rights, and is interposed for the purpose of harassment.

      40. [sic] All Documents reflecting Alcoholics Anonymous, including Your attendance at any AA meeting or the family support You received around attending AA or concerning Your struggles with Alcohol.

      **Specific Objections:**  In addition to being untimely and served in violation of the deadline imposed by the Scheduling Order, Ms. Shuster objects on the basis that this Request is overly broad, seeks irrelevant information, does not seek information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b), violates Ms. Shuster's and her family's privacy rights, and is interposed for the purpose of harassment.

Dated: May 8, 2024                                              Respectfully submitted,

                                                          *Kimberly M. Hult*
                                                         Kimberly M. Hult
                                                         Daniel D. Williams
                                                         Matthew Simonsen
                                                         **Hutchinson Black and Cook, LLC**
                                                         921 Walnut Street, Suite 200
                                                        Boulder, CO 80302
                                                         Telephone: (303) 442-6514
                                                        Facsimile: (303) 442-6493
                                                        Kimberly.Hult@hbcboulder.com
                                                        Dan.Williams@hbcboulder.com
                                                        Matt.Simonsen@hbcboulder.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this 8th day of May 2024, the foregoing was served via email on the following:

Laura Menninger
Jacob McMahon
Haddon, Morgan & Foreman, P.C.
950 17th Street Suite 1000
Denver, CO 80202
lmenninger@hmflaw.com
jmcmahon@hmflaw.com

                /s/ Ella Ford
                Ella Ford