IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

---

**DEFENDANT'S MOTION TO RESTRICT UNREDACTED COPY
OF PLAINTIFF'S RESPONSE TO MOTION TO PRECLUDE
TESTIMONY OF EXPERT DR. KATHRYN JENS [Dkt. 143]**

---

Defendant and Counterclaim Plaintiff Holly Shuster ("Ms. Shuster"), by and through her undersigned counsel, respectfully moves for Level 1 restriction of the *unredacted* copy of the Response to Ms. Shuster's Motion to Preclude Testimony of Expert Dr. Kathryn Jens (the "Response"). A redacted version of the Response with Ms. Shuster's proposed redactions is being filed as an attachment to this motion.

## Conferral

Undersigned counsel has conferred with counsel for Plaintiff Jacob Levy ("Plaintiff" or "Mr. Levy") concerning this Motion to Restrict.[1] Plaintiff's counsel advised that if the Court determines redactions are appropriate, Plaintiff does not oppose the particular

---

[1] The Response was initially not filed under Level 1 Restriction on June 10, 2024. Given that the Response refers to information that had been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes' Only" under the Stipulated Protective Order [Dkt. 55], Mr. Levy filed an unopposed Motion to Restrict the Response on June 12, 2024 [Dkt. 144] to comply with the Stipulated Protective Order and to allow the parties additional time to confer. Counsel for Ms. Shuster subsequently provided counsel with Mr. Levy the proposed redactions as shown in the attachment to allow for full conferral among counsel on this motion.

redactions made to the attachment to this Motion but further advised that on the whole, he believes that the Court's prior rulings do not support redacting the Response.

### Introduction

Ms. Shuster requests the "Level 1" Restriction for the Response to limit unrestricted access to the parties and the Court, with only the attached, redacted copy available for public access.  *See* D.C.COLO.LCivR 7.2(b).  In making this request, Ms. Shuster incorporates by reference the arguments made in her earlier Motion to Restrict Unredacted Copies of Her Motion to Preclude Testimony of Expert Dr. Kathryn Jens and the Attached Exhibits filed on May 31, 2024 [Dkt. 139] (the "Motion to Restrict") as the material that she seeks to restrict is largely identical to that addressed in the earlier motion and is limited to summaries of her therapy and treatment records, proposed diagnoses by Plaintiff's rebuttal expert, and other confidential information.  As Ms. Shuster noted in her prior Motion to Restrict, while she has admittedly placed her mental condition at issue in this case and therefore impliedly waived her physician-patient privilege (and psychotherapist-patient privilege) with respect to the related treatment, under longstanding Tenth Circuit law, she has not given up all of her rights during these pretrial proceedings to shield highly sensitive medical and other confidential information from public view.

Accordingly, Ms. Shuster has again limited the proposed redactions in a manner that she believes still affords public access to the issues in this case while preserving Ms. Shuster's significant interest in avoiding disclosure of (1) speculative, unfounded potential mental health diagnoses, (2) mental health treatment summaries, psychological testing

2

data, discussions of diagnoses, and treatment recommendations, and (3) other, similarly confidential information.

## The Applicable Legal Standard

While there is a common-law right of access to judicial records, that right is "not absolute." *Mullenix v. LaPlante,* No. 21-cv-01670-NYW, 2021 WL 5071972, at *1 (D. Colo. Aug. 3, 2021) (quoting *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014)). Courts may restrict access to judicial documents when the public's right to inspection is outweighed by individual privacy interests that favor nondisclosure. *See id.; see also XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NYW, 2015 WL 7014419, at *2 (D. Colo. Nov. 12, 2015) (citing cases). The Tenth Circuit and other courts have repeatedly found that one such instance may arise with medical information as the individual privacy interests inherent in personal medical information may outweigh the presumption of public access. *See* Motion to Restrict at 2-4.

With that in mind, Ms. Shuster turns to the specific requirements of Local Rule 7.2(c), pursuant to which she must (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. *See XY, LLC*, 2015 WL 7014419, at *2 (citing D.C.COLO.LCivR 7.2). Here, Ms. Shuster respectfully submits that she has met those requirements as outlined below and in her earlier Motion to Restrict, and she requests that this Court grant the narrow relief

3

that she seeks.

## The Information to Be Redacted

The material that Ms. Shuster seeks to redact from public copies of the Response is limited to private medical information regarding her psychological conditions, diagnoses and treatment, discussions of Ms. Shuster's prior sexual history and similarly confidential information, and Dr. Jens' speculation about additional disorders from which she claims Ms. Shuster may suffer.[2]  Those redactions are identified in the attached redacted copy of the Response.  This information, as Ms. Shuster previously discussed, *see* Motion to Restrict at 4-6, is the same type of information that the Court has previously found to be "highly sensitive information" that outweighs the presumption in favor of public access.  *E.g.*, *Mullenix*, 2021 WL 5071972, at *2.

## The Interests to be Protected Outweigh the Presumption of Public Access

Ms. Shuster has a clear and substantial privacy interest in the materials sought to be protected.  Motion to Restrict at 7-9.  Detailed information on her medical and psychological treatment, diagnoses, psychological testing results, and treatment recommendations is exactly the kind of sensitive information that courts have long held may overweigh the public's interest in access prior to trial.  *See id.*; *see also Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *10 (D. Colo. Jan. 8, 2021) (allowing limited third-party discovery into mental health treatment but ordering that it be restricted from public access and subject to a Level 1 restriction designation).

---

[2] Again, while not sufficient by itself to maintain a Level 1 restriction, the parties have each designated their mental health treatment records in this case as "Highly Confidential – Attorneys' Eyes Only."  *See* Motion to Restrict at 5 n.1.

## Ms. Shuster has Proposed Appropriately Tailored Alternatives to Unfettered Access as Required Under Local Rule 7.2

In recognition of both her substantial privacy interests and the public's acknowledged general right of access to court filings, Ms. Shuster has identified narrow redactions as the appropriate, limited measure contemplated by Local Rule 7.2(b)(4). This method, which is routinely cited by courts as an appropriate measure in similar circumstances, accommodates both the public's right to access by keeping nearly all of the Response available for review while still protecting Ms. Shuster's residual privacy interests. *See* Motion to Restrict at 9-10 (citing cases).

## Conclusion

Ms. Shuster respectfully requests that this Motion to Restrict be granted and that the Court maintain Level 1 Restriction for the unredacted copy of the Response [Dkt. 143].

Dated: June 21, 2024

Respectfully submitted,

 *s/ Kimberly M. Hult*
Kimberly M. Hult
Daniel D. Williams
Matthew A. Simonsen
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Facsimile: (303) 442-6493
Kimberly.Hult@hbcboulder.com
Dan.Williams@hbcboulder.com
Matt.Simonsen@hbcboulder.com