IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

---

**DEFENDANT HOLLY SHUSTER'S RESPONSE IN OPPOSITION TO PLAINTIFF JACOB LEVY'S MOTION TO AMEND THE SCHEDULING ORDER TO SERVE UNTIMELY DISCOVERY REQUESTS**

---

Defendant and Counterclaim-Plaintiff Holly Shuster, by and through her undersigned counsel, responds to Plaintiff and Counterclaim-Defendant Jacob Levy's Motion to Amend the Scheduling Order to Serve Untimely Discovery Requests ("Motion") [Doc. 147], as follows:

**INTRODUCTION**

More than two months after the missed deadline, citing nothing more than his counsel's calendaring error, Mr. Levy asks the Court to reopen discovery or, alternatively, to compel Ms. Shuster to respond to a set of sweeping written discovery requests that were not served by the applicable deadline. Significantly, the date of that deadline—March 26, 2024—was mutually selected and proposed by the parties, adopted in this Court's Scheduling Order, and the subject of extensive briefing by Mr. Levy weeks before it was missed. Moreover, as explained below, this is only one of several "calendaring errors" by Mr. Levy's counsel. Because Mr. Levy cannot demonstrate "both good cause

and excusable neglect," as is undisputedly required, Mot. ¶ 11 (citation omitted), the Motion should be denied.

## BACKGROUND

Mr. Levy initiated this litigation on May 5, 2023. [Doc. 1.] In the parties' proposed scheduling order filed on August 28, 2023, Mr. Levy and Ms. Shuster agreed, in relevant part, that the deadline for service of all written discovery would be March 26, 2024, while the discovery cutoff would be 45 days later on May 10, 2024. [Doc. 46 at 10-11]. The parties agreed to set that deadline more than 30 days prior to discovery cutoff based on their express "acknowledge[ment] that under the Court's Pre-Scheduling Conference Order, 'The discovery cut-off date is the deadline for completing discovery _and_ the deadline for making discovery motions.'" [*Id.* at 11] (quoting [Doc. 35 at 1 ¶ 2]); *accord* [Doc. 48] (entered Aug. 31, 2023).

In the nine months leading up to the discovery May 10, 2024 cut-off, the parties engaged in comprehensive discovery efforts involving several contentious disputes between themselves and other non-parties that have resulted in this Court's involvement on at least 10 distinct occasions.[1] This discovery notably included extensive written discovery requests to Ms. Shuster that Mr. Levy served on December 1, 2023 (which are the subject of a pending dispute, *see* [Docs. 107-1, 117]), the deposition of Ms. Shuster on March 11, 2024, [Doc. 107-21], and extensive disclosures by Ms. Shuster pursuant to

---

[1] These disputes have resulted in several mid-deposition calls to Judge Starnella's chambers, three discovery dispute hearings, [Doc. 89] (Feb. 5, 2024); [Doc. 98] (Mar. 8, 2024); [Doc. 131] (May 16, 2024), and briefing on three substantive discovery motions, *see* [Docs. 102, 107-1, 108].

2

Fed. R. Civ. P. 26(a)(1) and (e), including nineteen supplemental disclosures and nearly 6,000 pages of documents, *see* [Doc. 117 at 2-3].

In late February and early March, Mr. Levy was once again reminded of the Scheduling Order's March 26 deadline for serving written discovery.  On February 16, 2024, Ms. Shuster proactively moved to extend that deadline and the discovery cut-off when she was unable to set Mr. Levy's deposition prior to March 26, anticipating that "Ms. Shuster may determine that additional written discovery is needed following Mr. Levy's deposition."  [Doc. 92 at 2 ¶ 8.]  The Motion highlighted the date in bold lettering, stating that "[t]he Scheduling Order [Doc. 48] currently provides for all written discovery to be served by **March 26, 2024** . . . ."  [*Id.* at 2 ¶ 7.]  On March 8, 2024, less than three weeks before the deadline at issue, Mr. Levy filed a nine-page response *opposing* Ms. Shuster's request for additional time to serve written discovery in this case.  [Doc. 96]; *see also* [Doc. 99] (reply filed Mar. 13, 2024).  The motion was ultimately withdrawn by Ms. Shuster, who determined after "Mr. Levy's deposition was taken on April 9, 2024, . . . that it does not necessitate Ms. Shuster propounding additional discovery on Plaintiff."  [Doc. 114.]

The March 26, 2024, deadline for serving written discovery came and went.  At 11:47 p.m. on April 10, 2024, approximately one month after taking Ms. Shuster's deposition, Mr. Levy served 21 requests for production, four interrogatories,[2] and 14 requests for admission on Ms. Shuster.  *See* [Docs. 147-1, -2].

---

[2] Mr. Levy's requests for production reference a total of 13 interrogatories in this second set of written discovery, but Interrogatory Nos. 17-25 were evidently omitted.  *See* [Doc. 147-1 at 6].

3

On May 8, 2024, Ms. Shuster served detailed objections to these requests, which included a global objection that they were not served by the March 26, 2024 deadline set forth in the Scheduling Order.  [Docs. 147-3, -4.]  Despite the May 10, 2024 deadline for filing discovery motions, *see* [Doc. 48 at 11], Mr. Levy did not challenge Ms. Shuster's objections or seek relief from this Court until June 14, 2024, when he filed the instant Motion.  Indeed, although Mr. Levy's counsel was aware on May 8, 2024, that Mr. Levy's discovery requests were untimely based on Ms. Shuster's written objections, the Motion provides no excuse for waiting an additional month, until June 14, 2024, to file the instant Motion, and that additional one-month delay certainly could not be justified by any calendaring error.

## ARGUMENT

**I. <u>The Motion fails to demonstrate that counsel's avoidable calendaring error amounts to both excusable neglect and good cause.</u>**

**A. Counsel's non-isolated calendaring error does not constitute *excusable* neglect.**

Although a finding of excusable neglect depends on the four factors identified by Mr. Levy, *see* Mot. at 4 ¶ 13, the Tenth Circuit recognizes that "[t]he most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect," *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).  While Mr. Levy attempts to downplay its importance, he concedes that this factor is "not supportive of relief."  Mot. at 7 ¶ 19.

Indeed, Mr. Levy's sole explanation for failing to timely serve the written discovery is his counsel's admitted mistake in calendaring the deadline.  It is well established that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

4

constitute '*excusable*' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (emphasis added).  And here, Mr. Levy's counsel notably waited until 11:47 p.m. on the mis-calendared deadline to serve the untimely discovery requests. *See, e.g.*, *Shifers v. Arapahoe Motors, Inc.*, No. 17-cv-01753-CMA-KLM, 2018 WL 6620866, at *4 (D. Colo. Dec. 18, 2018) ("Plaintiff's reason for the delay is plainly inadequate. First, the Court notes that Plaintiff's counsel apparently waited until the last possible hours to attempt to file his Response . . . .") (footnote omitted); *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) (finding no excusable neglect where movant's counsel "deliberately waited until the end of the thirty-day period to file").

Moreover, this is not the first deadline that Mr. Levy's counsel has missed due to a "calendaring error."  In the past year, both this Court and undersigned counsel have already excused at least three similar errors by Mr. Levy's counsel in this case. *See, e.g.*, [Doc. 63 at 2 ¶¶ 4-5] (retroactively seeking extension of pleading deadline by unopposed motion filed four days after expiration of original deadline, explaining that Mr. Levy's counsel "mistakenly calendared" the deadline "based on an erroneous application of Fed. R. Civ. P. 12(a)(1)(B)," and "[c]ounsel for Ms. Shuster alerted Mr. Levy's counsel to the mistake"), *granted by* [Doc. 64] (Wang, J.); [Doc. 121 at 1-2 ¶¶ 4-5] (seeking extension to file reply brief "due today" via unopposed motion, explaining that "[d]ue to a calendaring error discovery by undersigned counsel today, the reply deadline was overlooked"), *granted by* [Doc. 123] (Starnella, J.); [Doc. 76 at 2 ¶ 8] (retroactively seeking discovery extension "by [unopposed] motion, rather than by filed stipulation, because it is filed after the October 30, 2023, response deadline"), *granted by* [Doc. 80] (Starnella, J.); *cf.* [Doc. 82 at 3 n.2] (Wang, J.) (declining to consider argument that Mr. Levy's motion for

reconsideration was motivated by an evident calendaring error in denying Mr. Levy's motion on other grounds) (citing [Doc. 53 at 6-8]).  Surely, so many mistakes within a relatively short timeframe were sufficient to put Mr. Levy's counsel on notice that their calendaring system needed to be audited.  *See Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) ("A court may take into account whether the mistake was a single unintentional incident []as opposed to a pattern . . . .").[3]

Additionally, the second factor—the length of the delay and its potential impact on judicial proceedings, Mot. at 4 ¶ 13—does not support a finding of excusable neglect. The parties have agreed to resolve all lingering discovery items by no later than August 2024 in the event their upcoming second attempt at mediation is unsuccessful.  *See* [Doc. 146].  But forcing Ms. Shuster to respond to untimely discovery requests or reopening all discovery several months after the May 10 discovery cut-off would almost certainly—if history serves as any guide—result in another round of protracted discovery disputes delaying this case even further, likely pushing the dispositive motion deadline well into next year.  *See* [Doc. 128] (vacating dispositive motions deadline pending resolution of all discovery disputes).

Finally, it is well settled that the other excusable neglect "factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *United States*

---

[3] Mr. Levy is notably represented by experienced counsel who routinely handles high-profile and high stakes criminal and civil litigation in federal court. *E.g.*, Colin Moynihan, *Ghislaine Maxwell's Own Lawyers Are Now Suing Her*, N.Y. Times (Aug. 25, 2022), https://www.nytimes.com/2022/08/25/nyregion/ghislaine-maxwell-lawyers-fees.html.
This further weighs against a finding of excusable neglect.  *See, e.g.*, *Torres*, 372 F.3d at 1163 (collecting cases holding that excusable neglect does not include, among other things, "experienced counsel's misapplication of clear and unambiguous procedural rules" or "an attorney's inaction or strategic error based upon a misreading of the applicable law") (citations omitted).

6

*v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004); *accord Perez*, 847 F.3d at 1253; *e.g.*, *Wennerstrom v. City & Cnty. of Denver*, No. 19-CV-03251-NYW, 2021 WL 4947270, at *4 (D. Colo. June 25, 2021) (declining to find excusable neglect where movant's good faith was unquestioned and only noted prejudice to non-movant would be additional litigation costs).

Accordingly, Mr. Levy's counsel's neglect in mis-calendaring the deadline for serving written discovery—after being reminded that the parties' mutually selected deadline was March 26, and in the wake of multiple other calendaring errors—is inexcusable. *See, e.g.*, *Perez*, 847 F.3d at 1253 (affirming trial court's refusal to accept out-of-time answer where "[t]he only factor the district court found that weighed against [defendant] was its reason for the delay: counsel's failure to properly docket the answer's due date," reasoning that "counsel's error" was not "isolated").

### B. The Motion fails to demonstrate excusable neglect for Mr. Levy waiting until June 14, 2024, to file the instant Motion.

This Court held an in-person discovery hearing in this matter on May 16, 2024. [Doc. 131.] At the end of that hearing, Mr. Levy's counsel noted that Mr. Levy would be moving to extend the deadline for service of written discovery because his counsel "had it mis-calendared." [Doc. 142 at 90:13.] However, Mr. Levy waited nearly another month, until June 14, 2024, to do so. Mr. Levy offers no argument that the neglect in waiting that additional month to file the instant Motion was excusable. This provides yet another reason why the Motion should be denied.

### C. The Motion fails to demonstrate good cause to reopen discovery or, alternatively, to compel Ms. Shuster to respond to Mr. Levy's untimely discovery requests.

Even if counsel's chronic calendaring errors could be excused, the Motion also fails to overcome the second, decidedly more onerous hurdle: good cause. *See Cooper v. Shelter Gen. Ins. Co.*, No. 21-CV-02957-REB-NYW, 2022 WL 1123069, at *5 (D. Colo. Apr. 14, 2022).

As Mr. Levy himself has asserted, "[a]n attorney's failure to plan their discovery obligations does not amount to good cause." [Doc. 96] (collecting cases). When considering whether discovery should be extended or reopened, courts consider the following factors: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order; (5) the foreseeability of any need for additional discovery; and (6) whether the requested discovery is likely to lead to relevant evidence." *Graves v. Wirta*, No. 20-CV-03595-NYW, 2022 WL 1443058, at *5 (D. Colo. May 6, 2022). "*In addition*, Rule 16(b)(4) of the Federal Rules of Civil Procedure requires the movant to demonstrate 'good cause' for amending the discovery deadline set by the Scheduling Order, which requires a showing that the movant *could not have met* the deadlines despite her diligent efforts." *Id.* (emphasis added).

Although trial is not imminent here, the first factor is not dispositive, *e.g.*, *id.* at *6, and each remaining factor belies any finding of good cause.

As to the second factor, Ms. Shuster opposes Mr. Levy's request to reopen discovery or otherwise compel her to respond months later to discovery requests he failed to serve by the agreed-upon deadline.

Third, Ms. Shuster undoubtedly would be prejudiced by the additional delay and expense to be incurred if Mr. Levy's request is granted at this juncture. *See id.* ("There can be no doubt that allowing Plaintiff to take additional discovery requires Defendants to incur additional and unanticipated expenses, even if just limited to interviews, and will impact their ability to prepare for trial." (quoting *Quintana v. Edmond*, No. 06-cv-01187-WDM-KLM, 2009 WL 1798219, at *2 (D. Colo. June 23, 2009)).

Fourth, while Mr. Levy vociferously pursued certain discovery within the allotted deadlines, he waited until (what his counsel believed to be) the figurative and literal eleventh hour to serve the untimely discovery requests in question. This decision to wait, while perhaps strategic, can hardly be viewed as *diligent* where the requests were supposedly prompted by information learned at Ms. Shuster's deposition one month earlier.

Fifth, to the extent Mr. Levy's untimely discovery requests contain any legitimate requests for information or documents not already produced, the need for that discovery was foreseeable well before the deadline, if not at the time Mr. Levy served his first set of written discovery in December 2021. For instance, multiple untimely interrogatories seek information for which any need was equally foreseeable at the pleading stage:

> 13.   Identify any effort that You have made to retract any false statement that You have made about Jacob Levy, including identifying any Communications or Documents that reflect such a retraction.
>    . . . .

9

      16.    Identify each occasion on which You claim that Jacob Levy accessed any social media account of Yours.

[Doc. 147-1 at 6]; *see generally* [Docs. 33, 57, 70].

Sixth, reopening discovery or otherwise greenlighting Mr. Levy's untimely discovery requests is unlikely to lead to the discovery of any relevant evidence. Mr. Levy has already received virtually all legitimately discoverable information and documents relevant to this case, and his untimely requests that seek to obtain new information are largely improper. For example, Mr. Levy requests "[a]ll Documents reflecting Alcoholics Anonymous, including Your attendance at any AA meeting or the family support You received around attending AA or concerning Your struggles with Alcohol." [Doc. 147-1 at 8]; *see* [Doc. 96 at 46:20-21] (Starnella, J.) ("I do not see a compelling need for communications about any alcohol problems that Ms. Shuster may have . . . ."). In other words, no untimely request is so important that without a response from Ms. Shuster, this case could not be resolved "on the merits as opposed to on procedural grounds." *Cf. Cooper*, 2022 WL 1123069, at *5.

Finally, Mr. Levy does not even assert, let alone explain why, his discovery requests were *unable* to be served by the proper deadline. His counsel's strategic choice to wait until 11:47 p.m. on the wrong deadline is antithetical to the showing required by the Federal Rules—"that the movant *could not have met* the deadlines despite h[is] diligent efforts." *Graves*, 2022 WL 1443058, at *5 (emphasis added) (citing Fed. R. Civ. P. 16(b)(4)). Accordingly, Mr. Levy fails to demonstrate good cause.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: July 3, 2024

Respectfully Submitted,

_s/ Matthew Simonsen_
Kimberly M. Hult
Daniel D. Williams
Matthew Simonsen
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Facsimile: (303) 442-6493
Kimberly.Hult@hbcboulder.com
Dan.Williams@hbcboulder.com
Matt.Simonsen@hbcboulder.com