**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

     Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

     Defendant and Counterclaim Plaintiff.

---

**MR. LEVY'S REPLY IN SUPPORT OF HIS MOTION TO AMEND THE
SCHEDULING ORDER TO SERVE UNTIMELY DISCOVERY REQUESTS**

---

Jacob Levy, through his counsel Laura A. Menninger and Jacob McMahon of Haddon, Morgan and Foreman, P.C., respectfully files this Reply in support of his Motion to Amend the Scheduling Order to Serve Untimely Discovery Requests [Doc. 147], which proposed two alternative amendments.  Under the first proposal, both sides would have an additional opportunity to serve discovery.  Under the second proposal, Mr. Levy's untimely served discovery requests would become timely.  As grounds:

**DISCUSSION**

1.    There is agreement that, for the Court to grant Mr. Levy's request to amend the Scheduling Order, he must show both excusable neglect and good cause. [Doc. 147 at 3; Doc. 151 at 1-2.]  Mr. Levy's showings are more than sufficient, and this Court should grant one of the two forms of relief his Motion proposes.

2.    **Excusable Neglect**. In an excusable neglect analysis, "the court considers four relevant factors: (1) the danger of prejudice to the nonmoving party;

(2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith." *Cooper v. Shelter Gen. Ins. Co.*, No. 21-CV-02957-REB-NYW, 2022 WL 1123069, at *3 (D. Colo. Apr. 14, 2022) (quotations omitted). The third factor is the most important. *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017). But ultimately the determination "'is an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Cooper*, 2022 WL 1123069, at *3 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

  3. On the <u>third</u> factor, there is no dispute that a calendaring error—specifically a failure to override the law firm's internal calendaring system, Law Toolbox, last summer when the Scheduling Order was entered—is the sole explanation for why counsel for Mr. Levy served discovery requests after the deadline. [Doc. 151 at 4; *see* Doc. 147 at 2, 7.] This reason, while embarrassing, should not preclude relief. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."); *Miller v. Power*, No. 2:20-CV-00210-DBB, 2023 WL 6976602, at *3 (D. Utah Oct. 23, 2023) ("Plaintiff's negligent calendaring of the deadline caused the delay. This factor weighs against relief but is not independently dispositive."); *id.* at *5 ("Plaintiff's counsel's mistake in calendaring the close of fact discovery is excusable neglect."); *see also Pennino v. Reilly-Benton Co., Inc.*, No. CV 21-363, 2022 WL

2467685, at *2 (E.D. La. July 6, 2022) ("A calendaring error is the only reason plaintiff provides for her late filing.  Although the Fifth Circuit has sometimes concluded that calendaring mistakes do not constitute excusable neglect, after reviewing all the relevant factors, the Court finds that this error constitutes excusable neglect in the instant matter."  (citation omitted)); *Chow v. Berryhill*, No. 17-CV-04997-LHK, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15, 2018) (finding that third factor "weigh[ed] in favor of granting relief" where the reason for the delay was a "legal assistant's calendaring mistakes and Plaintiff's counsel's carelessness").

4.    Because Mr. Levy's discovery requests were timely served relative to the mistaken deadline, this calendaring error does not resemble cases Ms. Shuster cites where the party's reason was inadequate.  In *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866 (D. Colo. Dec. 18, 2018), the attorney was aware of the correct date but failed to file on the deadline while aboard an international flight.  *Id.* at *4; *id.* (noting failure was not the result of "inadvertence, ignorance of the rules, or mistakes").  In *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759 (10th Cir. 2007), although there was a calendaring error, the Tenth Circuit noted the party argued the delay resulted from counsel being ill on the actual due date.  *Id.* at 760.  [*See* Doc. 151 at 5 (citing *Shifers* and *Magraff*).]

5.    Ms. Shuster points out the clarity of the March 26, 2024, deadline [Doc. 151 at 1 (noting date mutually selected for Scheduling Order); *id.* at 3 (noting date bolded in later motion)], but that is not the issue.  Counsel for Mr. Levy calendared the wrong deadline by mistake, not out of confusion.

6.      Counsel for Mr. Levy has received other after-the-fact extensions, but there is no pattern of deliberate dilatoriness or delay that would warrant cutting off these legitimate but belated discovery requests.  Ms. Shuster relies on *Jennings v. Rivers*, 394 F.3d 850 (10th Cir. 2005), to argue otherwise.  [Doc. 151 at 5-6.]  But in *Jennings*, the Tenth Circuit "noted that '[a] court *may* take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake.'  But *Jennings* did not say a court must do so."  *Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 WL 7321637, at *3 n.2 (10th Cir. Nov. 7, 2023) (alteration and emphasis in original) (citation omitted) (quoting *Jennings*, 394 F.3d at 857).  Thus, even if this Court decides to consider extension requests on other matters, there is no pattern of deliberate dilatoriness or delay.[1]

7.      Further, there has been no prior extension of the March 26, 2024, deadline.  *Cf. Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 (5th Cir. 2006) (district court did not abuse its discretion by declining to find excusable neglect where party received two extensions of original deadline before late filing); *Rasco v. Potter*, 265 F. App'x 279, 283 (5th Cir. 2008) (per curiam) (three extensions).

_____

[1] In a pattern of professionalism, counsel for Mr. Levy has agreed to numerous pre-deadline extensions for Ms. Shuster.  [*See* Docs. 11, 24, 41, 71, and 90.]

8. Under the second factor, the relevant delay is 15 days—the difference between the March 26, 2024, deadline and April 10, 2024, when Mr. Levy untimely served his second set of discovery requests.[2]

9. Ms. Shuster argues Mr. Levy was dilatory in seeking the Court's permission to serve the late discovery [Doc. 151 at 4, 7], but counsel for Mr. Levy should not be faulted for undertaking an assessment of the importance of the discovery before engaging Ms. Shuster's counsel in conferral over multiple proposals to allow the late discovery.

10. Ms. Shuster also argues that allowing Mr. Levy's discovery will lead to protracted discovery disputes [*id.* at 6]; this argument is speculative at best. Her counsel already interposed objections to the discovery requests; the only remaining step is answering them. Mr. Levy believes his requests are well-founded in law and fact—obviously the Court has the ultimate say if any are challenged—but accepting this argument would counsel against ever allowing untimely discovery. The 15-day delay supports relief. [*See* Doc. 147 at 6-7; *see also id.* at 8.]

11. Ms. Shuster fails to expressly address the first or fourth factors, except to say they carry less weight than the third. [Doc. 151 at 6.] She therefore has effectively

---

[2] The delay is 15 days, notwithstanding Ms. Shuster's irrelevant observation that the requests were served on April 10 at 11:47 p.m. [Doc. 151 at 5.] What time service occurs is immaterial because the "last day" extends to midnight, and whether Ms. Shuster was served at 11 a.m. or 11 p.m., that day is excluded from the time computation for her response period. *See* Fed. R. Civ. P. 6(a)(1)(A), (a)(4)(A).

conceded that the late discovery will not prejudice her and that counsel for Mr. Levy has acted in good faith.

12.     Based on the four factors, Mr. Levy has established excusable neglect for his motion to amend the Scheduling Order's deadline of March 26, 2024, for serving discovery requests.  *See* Fed. R. Civ. P. 6(b)(1)(B).  The equitable result is not rigid adherence to the Scheduling Order but allowance of the discovery served 15 days late.

13.     **Good cause**.  "Good cause and excusable neglect, 'although interrelated, are not identical.'"  *Cooper*, 2022 WL 1123069, at *3 (quoting *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).  Here, the most important factor is the relative diligence of the lawyer seeking the change.  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019); *id.* ("Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." (alterations and quotations omitted)).

14.     Ms. Shuster argues that it was possible to serve this discovery within the original deadline.  [Doc. 151 at 10.]  As Mr. Levy stated in his Motion, "Serving these discovery requests after March 11 [the date of Ms. Shuster's deposition] and before March 26 [the deadline] was possible, but it was oversight, not a lack of diligence, that explains the service on April 10.  Counsel for Mr. Levy worked diligently relative to the mistaken deadline and left Ms. Shuster 30 days to respond to his second set of discovery requests."  [Doc. 147 at 9, ¶ 27.]  A calendaring error does not mean a lack of diligence or a lack of good cause.  *See Lee v. Wellbridge Club Mgmt., LLC*, No. CIV 19-

1074 RB/LF, 2020 WL 6781802, at *3 (D.N.M. Nov. 18, 2020) (allowing out-of-time reply, despite noting that "courts often decline to find good cause for a delay due to a simple calendaring error," because "short delay" of 12 days did not prejudice opponent).

15.     Further, Mr. Levy explained that his second set of discovery requests appropriately awaited completion of Ms. Shuster's deposition, which he diligently attempted to schedule, and which took place in New York, at Ms. Shuster's request. [Doc. 147 at 8-9 & n.2; *see also* Doc. 95 at 3-4, 19-54 (hearing resolving dispute over setting Ms. Shuster's deposition).]  *See City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5893237, at *2 (D.N.M. Dec. 13, 2021) (noting good cause can be found where "opponent's acts and omissions contributed to the need for modification" (citing *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 605-06 (10th Cir. 1997))); *cf. Graves v. Wirta*, No. 20-CV-03595-NYW, 2022 WL 1443058, at *6 (D. Colo. May 6, 2022) ("Plaintiff offers no argument as to whether she acted diligently in obtaining discovery prior to the . . . discovery deadline.").

16.     Ms. Shuster looks to six factors that courts consider when deciding whether to reopen discovery [Doc. 151 at 8], but these factors support relief here: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the deadlines contained in the Scheduling Order; (5) the foreseeability of any need for additional discovery; and (6) whether the requested discovery is likely to lead to relevant evidence."  *Graves*, 2022 WL 1443058, at *5 (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

17.     First, as Ms. Shuster acknowledges, trial is not imminent. [Doc. 151 at 8; *see also* Doc. 147 at 6-7 (discussing distance from trial); Doc. 152 (order extending certain deadlines).]  This factor supports relief.

18.     Second, Ms. Shuster's opposition weighs against relief.  [Doc. 151 at 9.]

19.     Third, Ms. Shuster make a conclusory claim of prejudice [*id.*], but the case she cites found this factor to weigh "only slightly" against relief "given Defendant's failure to identify the prejudice he is likely to face," *Graves*, 2022 WL 1443058, at *6; *see also Miller*, 2023 WL 6976602, at *4.  Allowing Mr. Levy's discovery obligates Ms. Shuster to respond, but it does not prejudice her ability to litigate her case.  (To the extent Ms. Shuster contends Mr. Levy has already received all legitimate discovery [Doc. 151 at 10], her responses to this discovery cannot be very burdensome.)  Moreover, the Court can mitigate any prejudice by providing the parties with equivalent opportunities for additional discovery, i.e., by adopting the first of the two proposals in Mr. Levy's Motion [*see* Doc. 147 at 10.]  This factor supports relief.

20.     Fourth, as Ms. Shuster acknowledges, Mr. Levy "vociferously pursued" discovery prior to the deadline.  [Doc. 151 at 9.]  As discussed, counsel doggedly sought an earlier scheduling of Ms. Shuster's deposition.  After her deposition, counsel worked diligently to meet the mistaken deadline, which still allowed Ms. Shuster 30 days to respond.  [*See* Doc. 147 at 8-9.]  Ms. Shuster re-raises her "eleventh hour" argument [Doc. 151 at 9], but it has no purchase because, regardless of the time of day, Mr. Levy's service of the late discovery was timely under the mis-calendared deadline.  *See supra* note 2.  This factor supports relief.

21.     Fifth, the foreseeability factor is of limited use since the issue is a calendaring error, not unexpected developments.  *See Miller*, 2023 WL 6976602, at *5 (giving this factor less weight under similar circumstances).  The calendaring error obscured the need for more time.  Admittedly, the need for a second set of discovery requests after Ms. Shuster's eventual deposition was foreseeable [*see* Doc. 147 at 2], but disputes over scheduling her deposition condensed the post-deposition, pre-deadline period, and the calendaring mistake caused counsel to miscalculate the remaining time for serving post-deposition discovery requests.  Ms. Shuster argues that some post-deposition requests do not follow up on issues raised at the deposition and so could have been asked about at the onset of the case.  [Doc. 151 at 9-10.]  But the strategic decisions about which questions should be asked before and after the deposition do not bear on foreseeability, especially where there is agreement about the reasonableness of reserving post-deposition discovery requests.  [*See* Doc. 147 at 2, ¶ 3; *id.* at 8-9, ¶ 26.]  This factor is a wash.

22.     Sixth, Mr. Levy's discovery requests are likely to yield relevant evidence, meaning this factor supports relief.  One interrogatory, for example, requests that Ms. Shuster "[i]dentify any effort that You have made to retract any false statement that You have made about Jacob Levy, including identifying any Communications or Documents that reflect such a retraction."  [Doc. 147-1 at 6, ¶ 13.]  This is critical to Ms. Shuster's mental state and Mr. Levy's damages.  Relatedly, requiring Ms. Shuster to respond to the requests for admission could not only reveal relevant evidence but also considerably narrow the issues for trial.  [*See, e.g.*, Doc. 147-2 at 3, ¶ 8 ("Admit that the statement 'I

never wanted to have sex with him' is false.").]  Denying relief and thus relevant evidence would be substantially unfair to Mr. Levy.  *See Tesone*, 942 F.3d at 988.

23.    Ms. Shuster mentions a request about Alcoholics Anonymous to imply Mr. Levy's discovery requests are improper and thus unlikely to reveal relevant evidence [Doc. 151 at 10], but the relevance of AA to this case is not Ms. Shuster's treatment for alcohol problems but rather her credibility—whether she actually attended these meetings as she claimed—and alternative causation for her alleged injuries.  Because Mr. Levy's discovery requests seek relevant evidence, the sixth factor supports relief. By allowing the discovery, the Court does not preclude Ms. Shuster from re-asserting the specific objections she raised to particular requests.

24.    Based on the diligence of Mr. Levy's counsel and all the relevant factors, there is good cause to amend the Scheduling Order.  *See* Fed. R. Civ. P. 16(b)(4).

## CONCLUSION

Mr. Levy has shown excusable neglect and good cause.  The Court should amend the Scheduling Order to either:

a.    Shift the deadline for serving written discovery from March 26, 2024, to August 1, 2024, and shift the discovery cutoff from May 10, 2024, to September 6, 2024; or

b.    Shift the deadline for serving written discovery requests to April 10, 2024, instead of March 26, 2024.  In this circumstance, Ms. Shuster's responses to Mr. Levy's second set of discovery requests, served April 10, 2024, should be due 30 days after the

Court enters an order granting this Motion and amending the Scheduling Order.

Dated: July 17, 2024.

Respectfully submitted,

*s/ Jacob McMahon*
Laura A. Menninger, No. 34444
Jacob McMahon, No. 48784
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone:303.831.7364
Fax: 303.832.2628
Email: LMenninger@hmflaw.com

*Attorneys for Jacob Levy*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024, I electronically filed the foregoing *MR. LEVY'S REPLY IN SUPPORT OF HIS MOTION TO AMEND THE SCHEDULING ORDER TO SERVE UNTIMELY DISCOVERY REQUESTS* with the clerk of court using the CM/ECF system, which will send notification of such filing to all parties of record.

*s/ Holly Rogers*