IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01149-NYW-KAS

JACOB LEVY,

      Plaintiff/Counter Defendant,

v.

HOLLY SHUSTER,

      Defendant/Counter Claimant.

_____

**OMNIBUS ORDER ON MOTIONS TO RESTRICT**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on a number of motions to restrict filed by the parties: (1) Plaintiff's **Motion to Restrict His Motion to Compel Discovery** [#106] (the "First Motion"); (2) Defendant's **Unopposed Motion to Restrict Response to Plaintiff Jacob Levy's Motion to Compel Discovery** [#119] (the "Second Motion"); (3) Defendant's **Motion to Restrict Unredacted Copies of her Motion to Preclude Testimony of Expert Dr. Kathryn Jens and the Attached Exhibits [Dkt. ## 132, 132-1, and 132-2]**[1] [#139] (the "Third Motion"); (4) Plaintiff's **Unopposed Motion to Restrict His Response [DOC. 143] to Ms. Shuster's Motion to Preclude Testimony of Expert Dr. Kathryn Jens Pursuant to FRE 702 [DOC. 134]** [#144] (the "Fourth Motion"); and (5) Defendant's **Motion to Restrict Unredacted Copy of Plaintiff's Response to**

_____

[1] This appears to be an error in these docket numbers. [#132] is a Motion for Extension of Time to File Motions Under F.R.E. 702, which was filed with no exhibits. Defendant appears to have been referring to [#134], the Motion to Preclude Testimony of Expert Dr. Kathryn Jens, and its two exhibits (the Dr. Jens Report [#134-1] and the Dr. Peters Report [#134-2]).

Motion to Preclude Testimony of Expert Dr. Kathryn Jens [Dkt. 143] [#149] (the "Fifth Motion") (collectively, the "Motions"). In accordance with D.C.COLO.LCivR 7.2(d), the Motions [##106, 119, 139, 144, 149] were publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed.

"A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). The moving party must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Id.* at 1135-36. The movant must also "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2(c)(3). Finally, "[a] court is disinclined to restrict briefing filed by parties or the documents upon which the briefing substantially relies." *Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-cv-01597-WJM-NYW, 2021 WL 5140300, at *2 (D. Colo. Nov. 4, 2021). The Tenth Circuit has cautioned that "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief[.]" *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012).

A.    **The Motions [#106, 119, 139, 144, 149]**

1. **The First Motion [#106]**

Plaintiff asks the Court to maintain, under Level 1 restriction,[2] his unredacted Motion to Compel Discovery [#107-1] (the "Unredacted Motion to Compel") and his

---

[2] Level 1, the least restrictive, limits access to the parties and the Court. *See* D.C.COLO.LCivR 7.2(b).

unredacted Brief [#107]. *See First Motion* [#106] at 1. He has filed a Redacted Motion to Compel [#107-2] but seeks to restrict the Brief [#107] in its entirety. *Id.* The Court has reviewed the proposed redactions, which fall into a few broad categories: the identities of experts and broad descriptions of their opinions; broad descriptions of prior and subsequent "potentially emotionally destabilizing events in [Defendant's] life"; references to statements Defendant made to others and in Defendant's journal; and a long list of communications with no description of their contents. *See Motion to Compel* [#107-1] at 3-4 (experts and opinions), 9 ("other potentially destabilizing events"), 11-13 (list of communications and reference to Defendant's journal), 14-15 (statements Defendant made to the police and others).

Here, Plaintiff states that the interests to be protected are: "information concerning [Defendant's] medical providers and many other documents which she has denominated either 'Confidential' or 'Highly Confidential – Attorney's Eyes Only'," and that "[p]ublic access to this unredacted Motion would improperly reveal these restricted documents." *Brief* [#107] at 2.

However, Plaintiff offers no explanation as to why *the Brief* [#107] should be restricted at all. Even if the Court agreed that the proposed restrictions were appropriate, the Brief [#107] does not, itself, disclose or detail any of the restricted information—it merely explains the general basis for restricting access to the Motion to Compel [#107-1]. Brief [#107], ¶ 4.

Finally, although Plaintiff filed as restricted 47 exhibits to his Motion to Compel, *see Exhibits 1-49* [##107-3 through 107-51], he has not asked to restrict any of those exhibits. *See First Motion* [#106] at 1 (asking to restrict "the unredacted version of Mr.

3

Levy's Motion to Compel Discovery, any order revealing the redacted contents of that document, and the brief filed in support of this motion"); *Brief* [#107], ¶ 2 (asking the Court to "issue an order restricting, Mr. Levy's Motion to Compel Discovery, until further order of the Court.").

Accordingly, the Court will **lift restriction** on Exhibits 1-49 and on the Redacted Motion to Compel Discovery [#107-2], which was also filed as restricted.

### 2. The Second Motion [#119]

Defendant asks the Court to restrict her Response to Plaintiff's Motion to Compel [#117] and its attached exhibit [#117-1]. *See Second Motion* [#119] at 1. Defendant seeks to restrict both documents in their entirety "because the response brief and accompanying exhibit discusses her medical records, therapy records and personal journal, discussions that are scattered throughout the brief." *Id.* She states that "redaction would not be an appropriate alternative because of the extent to which the Response and accompanying exhibits would need to be subject to protection." *Id.* at 2.

### 3. The Third Motion [#139]

Defendant asks the Court to restrict unredacted copies of her Motion to Preclude Testimony of Expert Dr. Kathryn Jens [#134] (the "Rule 702 Motion") and its two exhibits, namely the Dr. Jens Report [#134-1] and the Dr. Peters Report [#134-2]. *See Third Motion* [#139] at 1. She asks the Court to accept for public filing the Redacted Rule 702 Motion [#139-1]; the Redacted Jens Report [#139-2]; and the Redacted Peters Report [#139-3]. *Id.* Plaintiff opposes the relief sought, but no response or reply brief was filed. *Id.*

Defendant acknowledges that, under Local Rule 7.2(c), she bears the burden of showing that restriction is warranted by (1) identifying the specific document for which

she seeks restriction; (2) identifying the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identifying a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access, such as redaction, summarization, stipulation, or partial restriction, are inadequate. *Id.* at 4 (citing *XY, LLC v. Trans Ova Genetics, LLC*, No. 13-cv-00876-WJM-NYW, 2015 WL 7014419, at *2 (D. Colo. Nov. 12, 2015)). She asserts that "the privacy interests to be protected outweigh the presumption of public access, there would be a clear, identifiable injury to [Defendant] if the materials are not protected, and [Defendant] has proposed alternatives that carefully limit the restrictions on public access." *Id.* at 4.

Regarding the information to be protected, Defendant describes it as "substantive medical information, discussions of treatment and diagnoses, discussions of [Defendant's] prior sexual history, and, in Dr. Jens' case, speculation about additional, stigmatizing disorders from which she claims [Defendant] may suffer." *Id.* at 5.

Defendant claims two protected interests: "(1) specific and sensitive details about her medical and psychological treatment, diagnoses, and treatment recommendations, including specific data on her treatment history and additional psychological testing that Dr. Peters administered in conducting a thorough forensic psychological evaluation of [Defendant]; and (2) unfounded speculation about stigmatizing mental health disorders with which [Defendant] has never been diagnosed." *Id.* at 6-7. She goes on to cite cases in which courts restricted portions of expert reports containing medical history or prior trauma, based on the litigants' privacy interests in that information. *Id.* at 7-9.

### 4. The Fourth Motion [#144]

Plaintiff asks the Court to restrict his Response to Defendant's Motion to Preclude Testimony of Expert Dr. Kathryn Jens [#143] (the "Rule 702 Response"). He explains that he is "bound by the terms of the Protective Order in this case [#55] to seek a Level 1 Restriction of [#143], because it contains references to materials designated Confidential and Highly-Confidential . . . by [Defendant] and her counsel, such as mental health treatment records." *Fourth Motion* [#144] at 1. Plaintiff states that "[Defendant's] counsel seeks complete restriction of [#143] at this time so that the parties may confer regarding redactions or other lesser restrictions." *Id.* at 2. Defendant's proposed Redacted Rule 702 Response [#149-1] was later filed along with the Fifth Motion [#149].

### 5. The Fifth Motion [#149]

Defendant asks the Court to restrict the Rule 702 Response [#143]. *See Fifth Motion* [#149] at 1; *Redacted Rule 702 Response* [#149-1]. Plaintiff did not oppose the proposed restrictions "but further advised that on the whole, he believes the Court's prior rulings do not support redacting the Response." *Id.* at 1-2.

Defendant asserts an interest in "avoiding disclosure of (1) speculative, unfounded potential mental health diagnoses, (2) mental health treatment summaries, psychological testing data, discussions of diagnoses, and treatment recommendations, and (3) other, similarly confidential information." *Id.* at 2-3. The particular information she seeks to redact from Plaintiff's Rule 702 Response [#143] includes "private medical information regarding her psychological conditions, diagnoses and treatment, discussions of [her] prior sexual history and similarly confidential information, and Dr. Jens' speculation about additional disorders from which she claims [Defendant] may suffer." *Id.* at 4.

The Court finds that the filing of the Fifth Motion [#149] along with a Redacted Rule 702 Response [#149-1] **moots** the Fourth Motion [#144], which sought restriction of the same document and indicated that the parties would confer on redactions. *Fourth Motion* [#144] at 2.

## B.    Considerations

The Court has reviewed the unredacted documents and the parties' proposed restrictions and can broadly categorize the proposed restrictions into several categories. First, identification of the parties' disclosed experts and their opinions. *See, e.g.*, *Unredacted Motion to Compel* [#107-1] at 3-4. Second, Defendant's family or medical history, including prior or subsequent trauma unrelated to Plaintiff's alleged conduct. *See, e.g.*, *Unredacted Motion to Compel* [#107-1] at 9; *Unredacted Peters Report* [#134-2] at 32, 36. Third, mention of documents that were designated confidential but with no description of their contents. *See, e.g.*, *Unredacted Motion to Compel* [#107-1] at 11-12. Fourth, communications and journal entries made by Defendant pertinent to her allegations against Plaintiff. *See, e.g.*, *id.* at 13, 14-15; *Decl. of Def.* [#117-1], ¶¶ 1-3. Fifth, any mention or summary of psychological or medical records.[3]

Except for the second category—i.e., discussions of prior or subsequent history and trauma unrelated to Plaintiff's alleged conduct—the Court finds that the parties' interest in privacy does not outweigh the presumption of public access to Court files, for several reasons.

First, "stipulations between the parties or stipulated protective orders with regard

---

[3] The Court notes that neither party has disclosed the actual underlying medical records.

to discovery, alone, are insufficient to justify restriction." D.C.COLO.LCivR 7.2(c)(2). Yet in the First and Fourth Motions, the only specifically identified interest is that Defendant had designated information as confidential. *See Brief* [#107] at 2; *Fourth Motion* [#143] at 1 (explaining that the protective order requires Plaintiff to seek restriction of materials Defendant has designated confidential).

Second, in none of the Motions [##106, 119, 139, 144, 149] do the parties "identify a clearly defined and serious injury that would result if access is not restricted." *See* D.C.COLO.LCivR 7.2(c)(3).

Third, the Court finds that all but one category of information (i.e., Defendant's history and prior or subsequent trauma) does not warrant restriction because it is central to the case and to Defendant's counterclaims against Plaintiff. As the Court previously noted, Defendant has placed her mental or physical condition at issue in this case and, therefore, she has impliedly waived any physician-patient privilege with respect to those conditions, at least to the extent they allegedly arose from Plaintiff's conduct. *See Minute Order* [#130] at 3 (citing *Alcon v. Spicer*, 113 P.3d 735, 737-39 (Colo. 2005)). Moreover, the parties' disclosed experts (including Dr. Jens and Dr. Peters) were presumably intended to testify at trial, a proceeding which would have been open to the public. *See Minute Order* [#130] at 2. Neither their identities, specialties, nor opinions pertinent to the parties' claims warrant restriction. In the case of Dr. Jens, her opinions—and especially her hypothetical diagnoses to which Defendant objects—are at the heart of Defendant's Rule 702 Motion [#134].[4] Similarly, the Court finds no basis to restrict communications

---

[4] To the extent that Defendant argues "the public has little legitimate interest in any [expert] hypotheses unless and until the Court has found that these opinions first meet basic indicia of trustworthiness," she cites absolutely no case law in support of this proposition. *Third Motion*

*Defendant made* to others about Plaintiff's alleged conduct, because these communications are at the core of the parties' claims.

Fourth, the parties seek to restrict the briefing on Plaintiff's Motion to Compel [#109][5] and Defendant's Rule 702 Motion [#134], along with information that is central to their arguments in those motions. "[P]arties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief[.]" *Lucero*, 495 F. App'x at 913.[6] Absent a compelling justification, this weighs against restriction.

Fifth, several of the parties' designations are arbitrary or inconsistent, which weighs against finding that the information truly warrants restriction. For example, Defendant does not object to public disclosure of the nine testing instruments Dr. Peters administered, or disclosure that "PTSD symptoms [were] shown by the testing"—but she seeks to redact a portion of an alleged discrepancy that Dr. Jens identified: "testing scores that indicated a more severe psychopathology and thus might be considered inconsistent with PTSD diagnosis" and another portion that discusses Dr. Jens' opinion that there were "some testing scores that indicated a more severe pathology." *Compare Redacted Rule 702 Motion* [#149-1] at 2, 3, 10, *with Rule 702 Motion* [#143] at 2, 3, 10 (specifically redacting references to the phrase "more severe psychopathology").[7] Defendant does

---

[#139] at 9 n.2.

[5] This docket entry is a placeholder for the unredacted Motion to Compel [#107-1].

[6] The Court acknowledges that there is a "distinction between materials filed with discovery motions and materials filed with more substantive motions," but given the importance of expert testimony at trial, a Rule 702 motion is no ordinary discovery motion and warrants heightened scrutiny before allowing restriction. *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *10 (D. Colo. Jan. 8, 2021) (citing *Jones v. Haga*, No. 05-cv-02268-PSF-CBS, 2006 WL 8454332, at *2 (D. Colo. Mar. 23, 2006)).

[7] On that note, Defendant inexplicably proposes redacting every single mention of "Eye

not explain why her actual diagnoses (such as PTSD), which she has not redacted, would be any less stigmatized than Dr. Jens's hypothesized diagnoses, which she seeks to redact. Similarly, the parties have moved to redact Dr. Peters' name, specialty, and broad descriptions of her finding, but they later publicly filed a redacted version of Dr. Peters' expert report. *See Unredacted Motion to Compel* [#107-1] at 3; *but cf. Redacted Peters Report* [#139-3]. These inconsistencies weigh against finding that restriction is warranted.

Finally, as for mentions or summaries of Defendant's relevant medical or psychological records, Local Rule 7.2 expressly contemplates summarization as an alternative to complete restriction. *See* D.C.COLO.LCivR 7.2(c)(4) (identifying as alternatives to restriction "redaction, summarization, restricted access to exhibits or portions of exhibits"). This indicates that summarization offers some level of protection beyond disclosure of the underlying documents (here, the underlying medical records) themselves.

However, the Court finds that redaction of information about Defendant's prior or subsequent trauma and prior family/medical history is appropriate, *see, e.g.*, *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *9-*10 (D. Colo. Jan. 8, 2021) (granting restriction of information related to the plaintiff's prior trauma). Admittedly, the parties dispute whether and to what extent prior or unrelated trauma may have contributed to Defendant's damages, but this information potentially implicates third

---

Movement Sensitization and Reprocessing (EMDR) [sic] therapy" in Plaintiff's Rule 702 Response [#143] without explaining why this specific therapy (or its lack of efficacy) should be restricted. *Compare Rule 702 Response* [#143] at 4, 11, 14, *with Redacted Rule 702 Response* [#149-1] at 4, 11, 14. Given that Defendant's proposed Redacted Rule 702 Motion [#139-1] identified nine testing instruments that Dr. Peters administered, the Court does not understand why every single mention of EMDR therapy in Plaintiff's Rule 702 Response [#143] warrants redaction.

parties and is not nearly as central to the parties' claims.

In summary, the Court will **deny** restriction of the following documents, which do not detail Defendant's history or any prior or subsequent trauma: the Brief [#107]; Defendant's Response to Plaintiff's Motion to Compel [#117]; Defendant/Counter-Claimant's Declaration [#117-1]; and Plaintiff's Response to Defendant's Rule 702 Motion [#143].

The Court will **grant** restriction of the following documents (which contain information about Defendant's history and any prior or subsequent trauma) but will order the parties to confer and narrow the redactions to only cover prior/subsequent history: the Motion to Compel [#107-1]; the Rule 702 Motion [#134]; the Jens Report [#134-1]; and the Peters Report [#134-2].

Based upon the Court's review, the redactions should include only: the "other potentially emotionally destabilizing events" on page 9 of the Motion to Compel [#107-1]; the description of prior trauma on page 1 of the Jens Report [#134-1]; discrepancies (a) through (c) listed on page 9 of Defendant's Rule 702 Motion [#134]; and descriptions of family history and prior/subsequent trauma in the Peters Report [#134-2].

## C.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the First Motion [#106] and the Third Motion [#139] are **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER **ORDERED** that the Fourth Motion [#144] is **DENIED AS MOOT**.

IT IS FURTHER **ORDERED** that the Second Motion [#119] and the Fifth Motion [#149] are **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **LIFT RESTRICTION** on the following docket entries:

- Brief in Support of Motion to Restrict [#107];

- Plaintiff's Redacted Motion to Compel [#107-2];

- Exhibits 1-49 to Plaintiff's Motion to Compel Discovery [##107-3 through 107-51];

- Defendant's Response to Plaintiff's Motion to Compel [#117];

- Declaration of Defendant/Counter-Claimant [#117-1]; and

- Plaintiff's Response to Defendant's Rule 702 Motion [#143].[8]

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **MAINTAIN LEVEL 1 RESTRICTION** on the following docket entries:

- Plaintiff's Unredacted Motion to Compel [#107-1];

- Defendant's Rule 702 Motion [#134];

- Jens Report [#134-1]; and

- Peters Report [#134-2].

IT IS FURTHER **ORDERED** that on or before **August 12, 2024**, the parties shall file redacted versions of the Motion to Compel [#107-1]; the Jens Report [#134-1]; Defendant's Rule 702 Motion [#134]; and the Peters Report [#134-2], with redactions limited to prior/subsequent trauma and Defendant's family/medical history.

---

[8] Plaintiff's Rule 702 Response [#143] is not currently restricted on the docket.

Dated:   July 26, 2024                              BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge