IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

---

**DEFENDANT'S <u>EMERGENCY</u> <u>UNOPPOSED</u> MOTION TO STAY AND RECONSIDER LIMITED PORTION OF OMNIBUS ORDER ON MOTIONS TO RESTRICT [156]**

---

Defendant and Counterclaim Plaintiff Holly Shuster ("Ms. Shuster"), by and through her undersigned counsel, respectfully moves for a limited stay and partial reconsideration of the Omnibus Order on Motions to Restrict [Doc. 156, issued July 29, 2024] ("Omnibus Order"), to the extent that it lifts the current Level 1 restriction of specific exhibits to Mr. Levy's Motion to Compel [Doc. 107-1].

### Conferral

Undersigned counsel has conferred with Plaintiff's counsel concerning this Motion, who has advised that Mr. Levy will **not** oppose the requested stay to permit consideration of the appropriate restrictions of the exhibits accompanying his Motion to Compel.

### Discussion

Ms. Shuster seeks a temporary stay and reconsideration of only one limited aspect of the Court's Omnibus Order issued earlier today: The Court's ruling to "**lift restriction on Exhibits 1-49**" to Mr. Levy's Motion to Compel Discovery. [Doc. 156 at 4.]

As the basis for that ruling, the Court noted that "although Plaintiff filed as restricted 47 exhibits to his Motion to Compel, he has not asked to restrict any of those exhibits." [*Id*. at 3] (citation omitted).  In issuing the Order, however, the Court apparently did not consider *Ms. Shuster*'s separate request to restrict several of those exhibits, which include, among other sensitive documents, entire, unredacted sets of her personal medical and psychotherapy records, her deposition testimony discussing those records and unrelated trauma, and the unredacted report of her forensic psychologist, Donna Peters.  *See* [Doc. 111].  The materials at issue include several exhibits and documents that contain information that this Court has now specifically found warrant protection and should be maintained under Level 1 restriction.  *See* [Doc. 156 at 10].

Ms. Shuster made her request to treat these materials as subject to a Level 1 restriction in her Response to Mr. Levy's Motion to Restrict, as she understood that these exhibits were part of a filing for which Mr. Levy had already filed a motion to restrict.  *See* [Doc. 111] (responding to [Docs. 106, 107]).[1]  However, to the extent this request should have been in a separate, second motion to restrict rather than in a response to Mr. Levy's motion, Ms. Shuster respectfully submits that this should not result in a complete barrier to relief, particularly where Ms. Shuster's request was timely asserted and filed prior to the applicable deadline to file her own motion to restrict.  *See* [Doc. 111 at 1-2, filed Apr. 8, 2024] (requesting restriction of certain exhibits filed Apr. 3, 2024).[2]

---

[1] In particular, Ms. Shuster sought protection and to maintain the Level 1 restriction on Exhibits 1-5, 7-8, 15, and 17-49 to Mr. Levy's Motion to Compel [Docs. 107-3, -4, -5, -6, -7, -9, -10, -17, -19, -20, -21, -22, -23, -24, -25, -26, -27, -28, -29, -30, -31, -32, -33, -34, -35, -36, -37, -38, -39, -40, -41, -42, -43, -44, -45, -46, -47, -48, -49, -50, -51].

[2] In her Response, Ms. Shuster acknowledged that certain documents "should be made available to the public" and, thus, does not seek a stay or reconsideration as to the

For these reasons, as well as the substantive reasoning in [Doc. 111], Ms. Shuster respectfully requests that this Court reconsider and, in the interim, stay its ruling to lift the Level 1 restriction on [Docs. 107-3 to -7, -9 to -10, -17, -19 to -51] only.[3]

Dated: July 29, 2024

                                                      Respectfully submitted,

                                                *s/ Kimberly M. Hult*
                                               Kimberly M. Hult
                                               Daniel D. Williams
                                               Matthew A. Simonsen
                                               **Hutchinson Black and Cook, LLC**
                                               921 Walnut Street, Suite 200
                                               Boulder, CO 80302
                                               Telephone: (303) 442-6514
                                               Facsimile: (303) 442-6493
                                               Kimberly.Hult@hbcboulder.com
                                               Dan.Williams@hbcboulder.com
                                               Matt.Simonsen@hbcboulder.com

---

following: "Exhibit 6 [Doc. 107-8], Exhibits 9 through 14 [Docs. 107-11 to -16], and Exhibit 16 [Doc. 107-18]."  [Doc. 111 at 2.]

[3] Given this Court's rulings since the original filing of the Response and Ms. Shuster's request to maintain Level 1 restriction of the designated exhibits, Ms. Shuster would welcome the opportunity to submit any additional briefing that would be helpful to the Court and/or a similar opportunity, as provided in the Omnibus Order, *see* [Doc. 156 at 11-12], to confer with opposing counsel about potential redactions to exhibits for which some protection is likely to be found warranted before highly personal medical and similar information is released publicly.