IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01149-NYW-KAS

JACOB LEVY,

      Plaintiff/Counterclaim Defendant,

v.

HOLLY SHUSTER,

      Defendant/Counterclaim Plaintiff.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Emergency Unopposed Motion to Stay and Reconsider Limited Portion of Omnibus Order on Motions to Restrict [156]** [#157] (the "Motion").

On July 29, 2024, the Court issued an Omnibus Order on Motions to Restrict [#156] that addressed five pending motions to restrict. *See Omnibus Order* [#156] at 11-12; *Motions to Restrict* [##106, 119, 139, 144, 149]. In relevant part, the Court noted that Plaintiff's First Motion to Restrict [#106] did not seek restriction of Exhibits 1 through 49 to his Motion to Compel [#107], so it lifted restriction on those documents. *See Omnibus Order* [#156] at 4, 12. Defendant seeks a "temporary stay and reconsideration" of that portion of the Court's Omnibus Order [#156]. *See Motion* [#157] at 1 (emphasis in original).

Defendant acknowledges that Plaintiff's Motion to Restrict [#106] had not sought restriction of the Exhibits, but she argues that she had "made her request to treat these materials as subject to a Level 1 restriction in her Response to [Plaintiff's] Motion to Restrict, as she understood that these exhibits were part of a filing for which [Plaintiff] had already filed a motion to restrict." *Id.* at 2 (citing *Response* [#111]).[1] She states that "to

_____

[1] Even if they were attached, they were not part of the document Plaintiff had sought to restrict. Plaintiff's First Motion to Restrict [#106] clearly identified the documents for which restriction was sought: "the unredacted version of [Plaintiff's] Motion to Compel Discovery, any order revealing the redacted contents of that document, and the brief filed in support of this motion[.]" *See Motion to Restrict* [#106] at 1; *see also* D.C.COLO.LCivR 7.1(c) ("A motion to restrict public access shall be open to public inspection and shall: (1) *identify the document* or proceeding for which restriction is sought") (emphasis added). Plaintiff's First Motion to Restrict [#106] did not identify any exhibits attached to the Motion to Compel Discovery [#107] as needing restriction.

the extent this request should have been made in a separate, second motion to restrict rather than in a response to [Plaintiff's] motion, [Defendant] respectfully submits that this should not result in a complete barrier to relief, particularly where [her] request was timely asserted and filed prior to the applicable deadline to file her own motion to restrict." *Id.* Defendant asks the Court to stay or reconsider its ruling as to the following documents: Exhibits 1-5, 7-8, 15, and 17-49 (collectively, the "Exhibits").[2] *Id.* at 2 n.1.

Finally, Defendant states that she "would welcome the opportunity to submit any additional briefing that would be helpful, and/or a similar opportunity, as provided in the Omnibus Order . . . to confer with opposing counsel about potential redactions to exhibits for which some protection is likely to be found warranted before highly personal medical and similar information is released publicly." *Id.* at 3 n.3.

A request for relief in a Response [#111] is procedurally improper and may be denied on that basis alone. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."); *Bordertown, LLC v. AmGUARD Ins. Co.*, No. 22-cv-01683-REB-GPG, 2022 WL 17538186, at \*2 n.4 (D. Colo. Oct. 5, 2022) (declining to consider a request first raised in reply brief because "to accept this argument, [the court] also would be required to construe plaintiff's reply as a motion, itself a violation of the Local Rules of this district."); *Spyderco, Inc. v. Mambate USA Inc.*, No. 15-cv-00943-REB-KLM, 2016 WL 1028334, at \*1 (D. Colo. Mar. 14, 2016) (declining to adopt magistrate judge's recommendation based on a request made by plaintiff in its response to a motion).

In fact, Defendant seemed to be aware of this requirement—after Plaintiff moved to restrict his Rule 702 Response [#143], Defendant filed a motion seeking to restrict the same document. *See Motion to Restrict* [#144]; *Motion to Restrict* [#149]. Given that the exhibits were not identified in Plaintiff's Motion to Restrict [#106], Defendant could have done the same here and moved to restrict them.

Nonetheless, acknowledging the significant privacy interests that are potentially at stake, the Court will temporarily stay this portion of its Omnibus Order [#156] to allow the parties to confer on which exhibits should be restricted, which should be redacted, and which should be public.

IT IS HEREBY **ORDERED** that the Omnibus Order [#156] is **STAYED IN PART**, as described herein, until **August 26, 2024** or until further order of the Court.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **RESTRICT** the following documents under Level 1 Restriction: Exhibits 1-5, 7-8, 15, and 17-49 [##107-3, -4, -5, -6, -7, -9, -10, -17, -19, -20, -21, -22, -23, -24, -25, -26, -27, -28, -29, -30, -31, -32, -33, -34, -35, -36, -37, -38, -39, -40, -41, -42, -43, -44, -45, -46, -47, -48, -49, -50, -

---

[2] This corresponds to the following docket entries: [##107-3, -4, -5, -6, -7, -9, -10, -17, -19, -20, -21, -22, -23, -24, -25, -26, -27, -28, -29, -30, -31, -32, -33, -34, -35, -36, -37, -38, -39, -40, -41, -42, -43, -44, -45, -46, -47, -48, -49, -50, -51]. *Motion* [#157] at 2 n.1.

51]. *Motion* [#157] at 2 n.1.

IT IS FURTHER ORDERED that on or before **August 13, 2024**, the parties shall confer and file a joint motion to restrict any Exhibits they believe warrant restriction in light of the Court's previous rulings and the factors set forth in D.C.COLO.LCivR 7.2(c).

Dated: July 30, 2024