IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff and Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant and Counterclaim Plaintiff.

---

**JOINT MOTION TO RESTRICT CERTAIN EXHIBITS TO PLAINTIFF'S
MOTION TO COMPEL [Dkt. 137]**

---

Pursuant to the Court's Order on July 30, 2024 [Dkt. 159], Defendant and Counterclaim Plaintiff Holly Shuster ("Ms. Shuster"), by and through undersigned counsel, moves for an Order restricting and/or withholding certain exhibits to Plaintiff's Motion to Compel [Dkt. 137].  Counsel for Plaintiff and Counterclaim Defendant Jacob Levy ("Mr. Levy") does not object to the filing of this motion jointly as directed by the Court.[1]

Redacted versions of specific exhibits discussed below, namely Exhibits 3 [Dkt. 107-5], 7 [Dkt. 107-9], 8 [Dkt. 107-10], 17 [Dkt. 107-19], 19 [Dkt. 107-21], 28 [Dkt. 107-30], and 32 [Dkt. 107-34], are being filed as attachments to this motion.  With respect to Exhibits 5 [Dkt 107-7], 18 [Dkt. 107-20], and 41 [Dkt. 107-43], the Parties

---

[1] The Parties, through counsel, conferred at length on the specific relief and proposed redactions submitted herein.  Given the Court's directive, Mr. Levy has authorized this Motion to be filed "jointly" and believes that the redactions proposed are consistent with this Court's prior rulings and Tenth Circuit law.  He does not otherwise, however, affirmatively move to protect Ms. Shuster's privacy interests or take a position regarding any other purported trauma that she claims to have suffered.

respectfully submit that the entire contents of each Exhibit should remain under Level 1 restriction.

## The Applicable Legal Standard

In general, while there is a common-law right of access to judicial records, that right is "not absolute." *Mullenix v. LaPlante,* No. 21-cv-01670-NYW, 2021 WL 5071972, at *1 (D. Colo. Aug. 3, 2021) (quoting *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014)). Courts may restrict access to judicial documents when the public's right to inspection is outweighed by individual privacy interests that favor nondisclosure. *See id.; see also XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NYW, 2015 WL 7014419, at *2 (D. Colo. Nov. 12, 2015) (citing cases). The Tenth Circuit and other courts have repeatedly found that one such instance may arise with medical information as the individual privacy interests inherent in personal medical information may outweigh the presumption of public access. *See* [Dkt. 139 at 2-4]. This Court has also recognized that in addition to prior family/medical history, redaction of information regarding prior trauma is appropriate, along with information that potentially implicates the rights of third parties and that is not otherwise central to the parties' claims. *See* [Dkt. 156 at 10-11].

Moreover, this Court has further recognized that there is a "distinction between materials filed with discovery motions and materials filed with more substantive motions[.]" [*Id.* at 9 n.6]. The Motion to Compel was a discovery motion, reducing the public's interest in unfettered access to the full contents of its exhibits.

Local Rule 7.2(c) provides the framework for determinations on the information sought to be withheld. With that in mind, for each of the 10 Exhibits discussed below, the

2

Parties identify below (1) the specific document for which restriction is sought; (2) the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) the clear injury that would result if access is not restricted; and (4) why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. *See XY, LLC*, 2015 WL 7014419, at *2 (citing D.C.COLO.LCivR 7.2).

### The Exhibits with Information to Be Redacted or Withheld

**Exhibit 3 [Dkt. 107-5]**. Exhibit 3 is the unredacted copy of Dr. Peters' report. In her report, Dr. Peters details Ms. Shuster's family/medical history, and she also describes prior alleged trauma that is unrelated to the incidents at issue in this case. In the Court's July 26, 2024 Order, the Court previously addressed the content of Dr. Peters' report, and specified the material to be redacted. [Dkt. 156 at 10-11.] Pursuant to the Court's instructions, the Parties submitted a new, redacted version on August 12, 2024. The attached redacted version that is Exhibit 3 to the Motion to Compel has the same redactions included in the version previously submitted as directed by the Court.

The information withheld is highly sensitive information, the disclosure of which may well harm Ms. Shuster or unrelated third parties by interfering with Ms. Shuster's therapeutic bond with her mental health care providers (whose records are quoted or described in substantial detail in one section of Dr. Peters' report) or by disclosing private information that relates to third parties. By contrast, with the limited nature of the redactions proposed—an alternative specifically contemplated by Local Rule 7.2(c)—the public's legitimate interest in the disclosure of relevant information will be addressed and protected.

**Exhibit 5 [Dkt. 107-7]**. The Parties propose that Exhibit 5, which contains Ms. Shuster's treatment records as maintained by Gwenn Lowe, LCSW, her psychotherapist, be kept under Level 1 restriction. Ms. Lowe's key findings are summarized in the unredacted portions of Dr. Peters' report, as well as in other pleadings. *See, e.g.*, [Dkt. 107-4] (Plaintiff's Rule 26(a)(1) disclosures). Given that the actual medical records are, as Ms. Shuster has previously discussed, *see* [Dkt. 139 at 2-4, 6], the kind of information that the Court has previously found to be "highly sensitive information" that outweighs the presumption in favor of public access, the Parties propose that the actual medical records themselves should remain subject to Level 1 restriction. *See Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *10 (D. Colo. Jan. 8, 2021) (allowing limited third-party discovery into mental health treatment but ordering that it be restricted from public access and subject to a Level 1 restriction designation). Ms. Shuster's interest in ensuring that these records remain private is heightened here as Ms. Lowe remains Ms. Shuster's primary mental health care provider and the disclosure of these records could undermine the therapeutic bond necessary for effective treatment. Further, Ms. Shuster would suffer emotional distress if these personal and intimate details of her conversation with her treating psychotherapist were open for public inspection. Accordingly, and given the summaries of Ms. Lowe's treatment that are otherwise publicly accessible, the Parties submit that the records themselves remain under Level 1 restriction.

**Exhibit 7 [Dkt. 107-9] and Exhibit 8 [Dkt. 107-10]**. The Parties propose that two types of information in these discovery responses be redacted. First, the parties propose that Ms. Shuster's current phone number and email address be redacted. Second, the parties propose that Ms. Shuster's answers to Interrogatory Nos. 10 and 11, which

4

addresses other alleged trauma that potentially implicates third parties, should be redacted consistent with this Court's earlier ruling.  *See* [Dkt. 156 at 10-11].  Ms. Shuster's privacy interest in both types of information is clear, as is the interest of any third parties that might be impacted by disclosure of the information.  The redactions are minimal and, with respect to Interrogatory Nos. 10 and 11, relate to material that this Court has already held should remain confidential and in which the public's interest does not outweigh the privacy interests (both Ms. Shuster's and any third party's) and the potential for harm to Ms. Shuster or those parties given the limited relevance to the Parties' claims.  As noted above, particularly because this information is connected to a discovery motion and not a substantive motion, the public's interest in this information may be less.

**Exhibit 17 [Dkt. 107-19]**.  This report was prepared by Kyle Pearson, who initially served as Ms. Shuster's Tulane counselor and then served as Mr. Levy's Tulane counselor. The information proposed to be redacted in this report relates to (1) prior alleged trauma that this Court has previously recognized should not be publicly disclosed, *see* [Dkt. 156 at 10-11]; and (2) the mental health conditions of a third party.  While the Court has not previously addressed the latter category (which was not specifically addressed in the parties' prior Motions to Restrict), given this Court's July 26, 2024 ruling and recognition of third party privacy interests and the marginal relevance of private mental health information related to a third party to the resolution of the parties' claims before this Court, the parties seeks to maintain Level 1 restriction for that information.

As noted above, the redactions are focused and narrowly tailored to provide for public access to information that is relevant.  The privacy interests held by Ms. Shuster and

the third parties, and the risk of harm to them from public discussion of the matters addressed outweighs the public's right of access to this information.

**Exhibit 18 [Dkt. 107-20]**. The Parties propose that Exhibit 18, which includes medical records from Tulane Medical Center, be maintained under Level 1 restriction. Not only are they medical records, but the information contained in the records largely relates to treatment for an unrelated traumatic incident about which this Court has previously held that information should remain under seal. Given the circumstances, the sensitivity of the information at issue, and the fact that this information was included with a discovery—and not a substantive—motion, Ms. Shuster's privacy interests (and the potential privacy interests of an unrelated third party) outweigh the public's lesser interest in disclosure. *See* [Dkt. 156 at 9 n.6]. Given the highly personal content of these medical records, redaction or summaries are not appropriate alternatives. Disclosure of this information and public discussion of its contents would be harmful to both Ms. Shuster and, potentially, a third party, in that it would be expected to cause emotional distress to know that the sensitive matters in these records – which were not the basis of any of Ms. Shuster's claims – could be public knowledge.

**Exhibit 19 [Dkt. 107-21].** Exhibit 19 is the complete copy of Ms. Shuster's deposition. Given the Court's prior rulings, the Parties' proposed redactions, identified by page and line below, are limited to (1) discussions of other alleged trauma discussed above and related medical treatment, consistent with the Court's prior ruling, *see* [Dkt. 156 at 10-11], and (2) testimony regarding the mental health of an unrelated third party, *see supra* discussion of Exhibit 17.

    106:8-129:24

      132:15-138:8
      147:8-150:19
      151:1-12
      152:12-154:10
      155:9-16
      158:13-162:2
      164:9-169:9
      236:23-240:25
      242:4-10
      249:7-9
      257:5-258:11
      317:7-25
      359:22-23
      360:8-10
      360:19-364:12

In proposing the redactions identified above, the Parties have selected only those portions of the transcript that contain particularly sensitive information that the Court has either previously held should be protected from disclosure or has yet to address in the context of a motion to restrict. With respect to the latter, as the Court has recognized, some information implicates the privacy rights of third parties. Here that information includes discussions of one third-party's mental health conditions, which are obviously not central to the Parties' claims. Given that the redacted material has reduced relevance to the key issues raised in this case, the privacy interests held by Ms. Shuster and unrelated third parties outweigh the public's interest in disclosure of these carefully defined excerpts of testimony.

The redactions prepared are, as contemplated by Local Rule 7.2, an appropriate alternative that addresses both Ms. Shuster's privacy interests, the privacy interests of third parties, permitting public access to other testimony, and limiting the public's right of access only to the extent needed to prevent harm from public disclosure, *see* discussion on Exhibit 17.

**Exhibit 28 [Dkt. 107-30] and Exhibit 32 [Dkt. 107-34].** Portions of these two exhibits, which include text message exchanges with close friends, have been redacted to delete those portions of the messages that refer to other alleged trauma consistent with this Court's prior rulings and the discussions regarding Exhibits 3, 7, 17, 18 and 19 above. The redactions are narrowly tailored to the specific information previously addressed by the Court, and the privacy interests outweigh the public interest as discussed *supra*.

In addition, with respect to Exhibit 32 [Dkt. 107-34], the Parties propose to redact some limited information about a romantic relationship that Ms. Shuster had with a third party, consistent with the concerns addressed by FRE 412. While this category has not been specifically addressed by the Court in rulings on prior motions to restrict, the redactions are minimal and carefully tailored, the redactions address only private information usually protected by FRE 412, and the public's interest in this information is minimal, particularly when compared to the harm posed to Ms. Shuster's and a third party's privacy interests in the details of an unrelated romantic relationship, and given that this information does not have a substantial bearing on the claims raised in this case.

**Exhibit 41 [Dkt. 107-43]**. This exhibit is a text exchange with an unrelated third party that again focuses on mental health concerns of another third party. As a result, the Parties propose that the entire exhibit remain under Level 1 restriction. While the third party's privacy interests are significant and, therefore, the potential harm to that party's interest from public discussion of the mental health issues faced by that party is significant, the relevance to the Parties' claims is not substantial. Accordingly, the public's interest in this particular text-message exchange about matters unrelated to the Parties' claims in this case is outweighed by the third party's privacy rights.

## Conclusion

The Parties respectfully request that this Motion to Restrict be granted and that the Court maintain Level 1 restriction for the complete copies of Exhibits 5 [Dkt 107-7], 18 [Dkt. 107-20], and 41 [Dkt. 107-43], and for the unredacted copies of Exhibits 3 [Dkt. 107-5], 7 [Dkt. 107-9], 8 [Dkt. 107-10], 17 [Dkt. 107-19], 19 [Dkt. 107-21], 28 [Dkt. 107-30], and 32 [Dkt. 107-34].

Dated: August 13, 2024

Respectfully submitted,

 s/*Jacob McMahon*
Jacob McMahon
Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
945 N Pennsylvania Street
Denver, CO 80203
Phone: 303.831.7364
Fax: 303.832.2628
Email: lmenninger@hmflaw.com
jmcmahon@hmflaw.com

 s/ *Kimberly M. Hult*
Kimberly M. Hult
Daniel D. Williams
Matthew A. Simonsen
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Facsimile: (303) 442-6493
Kimberly.Hult@hbcboulder.com
Dan.Williams@hbcboulder.com
Matt.Simonsen@hbcboulder.com