# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01149-NYW-KAS

JACOB LEVY,

     Plaintiff and Counterclaim Defendant

v.

HOLLY SHUSTER,
     Defendant and Counterclaim Plaintiff

---

**DEFENDANT AND COUNTERCLAIM PLAINTIFF HOLLY SHUSTER'S OBJECTIONS, ANSWERS AND RESPONSES TO MR. LEVY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Defendant and Counterclaim Plaintiff Holly Shuster ("Ms. Shuster"), by and through her undersigned counsel, responds to Plaintiff Jacob Levy's First Set of Interrogatories and Requests for Production of Documents as follows:

**Preliminary Statement & Reservation of Rights**

The following objections and answers are based on Ms. Shuster's current knowledge, understanding and belief and/or based on information currently within her possession, custody, or control with respect to the matters addressed in each interrogatory and request. Ms. Shuster reserves the right to amend, modify, or supplement her objections and answers as discovery is continuing and additional facts and information may be uncovered that may require her to amend, modify, or supplement her objections and answers to these Interrogatories and Requests.

Accordingly, the following objections and answers are made without waiving or intending to waive but, on the contrary, intending to preserve and preserving:

1

1.      Ms. Shuster's right to raise all questions of relevancy, materiality, privilege, and admissibility concerning the information provided for any purpose that may arise in this action or in any other action;

2.      Ms. Shuster's right to object to the use of the information provided, and/or the responses or the subject matter thereof, on any ground in this or any other action, including that the information is not sought for a proper purpose but is irrelevant and harassing; and

3.      Ms. Shuster's right to object on any grounds at any time to other discovery requests or to any other discovery involving the information provided, the documents produced, and/or the subject matter thereof.

## II. INTERROGATORIES

1.      State the location and dates of Your residential addresses during the last five (5) years, including the dates You lived at each address and the identity of the Persons who lived with You during any such date. This includes temporary residence at or near a school or university.

**ANSWER:** Ms. Shuster resided at the following addresses on the dates listed below:

| Dates | Address | Other Residents |
|---|---|---|
| December 2018 to March 2020 | 88 Brite Ave.<br>Scarsdale, NY 10583 | Her family |
| March 2020 to August 2020 | 210 Little Noyac Path<br>Water Mill, NY 11976 | Her family |
| August 2020 to September 2020 | Josephine Louise Hall<br>1251 Broadway St.<br>New Orleans, LA 70118 | Annalisa (Nali) Pagano |
| September 2020 to May 2021 | Butler House<br>36 McAllister Drive | Annalisa Pagano |

2

|  |  |  |
|---|---|---|
|  | New Orleans, LA 70118 |  |
| May 2021 to August 2021 | 210 Little Noyac Path<br>Water Mill, NY 11976 | Her family |
| August 2021 to October 2021 | Weatherhead Hall<br>65 Newcomb Place<br>New Orleans, LA  70118 | Keenan Goldin,<br>Shreya Nigiri and<br>Jacob Levy |
| October 2021 to May 2022 | Willow Residence C<br>160 Janet Yulman Way<br>New Orleans, LA  70118 | Liberty Morris |
| May 2022 to June 2022 | 210 Little Noyac Path<br>Water Mill, NY 11976 | Her family |
| June 2022 to August 2022 | 1220 Park Avenue<br>New York, NY  10128 | Her family |
| August 2022 to September 2022 | 929 Lowerline Street<br>New Orleans, LA  70118 | Jordan Ziegler |
| September 2022 to January 2023 | 1220 Park Avenue<br>New York, NY 10128 | Her family |
| January 2023 to May 2023 | 929 Lowerline Street<br>New Orleans, LA  70118 | Jordan Ziegler |
| May 2023 to Present | 1220 Park Avenue<br>New York, NY 10128 | Her family |

2. Identify any Health Care Provider from whom You received any treatment for any physical, mental or emotional condition (to include but not limited to trauma, PTSD, substance abuse, or eating disorder), during the last five (5) years to the present, including:

    a. The Health Care Provider's name, address, and telephone number;

    b. The type of consultation, examination, or treatment provided;

    c. The dates You received consultation, examination, or treatment;

3

   d.  The medical expenses to date;

   e.  Whether health insurance or some other person, insurance, organization or entity paid for the medical expenses.

  **OBJECTION AND ANSWER:**  Ms. Shuster objects to the extent that this interrogatory calls for privileged, protected information about unrelated physical, mental or emotional conditions.  Whether Ms. Shuster received medical treatment for routine illnesses unrelated to the parties' claims is not discoverable information under the Federal Rules of Civil Procedure.

  Without waiving her objection, Ms. Shuster states that her medical providers who have provided treatment for injuries and conditions related to the parties' claims have previously been disclosed and include Gwenn Lowe, LCSW, Lori K. Evans, Ph.D., Sarah M. Benito Figueroa, M.D.  Ms. Shuster has previously produced copies of those providers' treatment and billing records, and the information requested in subsections (a)-(d) may be ascertained by examining records pursuant to F.R.C.P. 33(d), and the burden of doing so is the same for both parties.

  Ms. Shuster's medical expenses have been paid for by her parents and/or her medical insurance.

3.  State any email address, email account, cellphone number and cellphone provider, Social Media account with login or screen name, text or instant messaging account name and number, that You have used, applied for, or been supplied during the last five (5) years.

  **ANSWER:**  To the best of her knowledge, Ms. Shuster has had the following addresses, accounts and numbers over the last five (5) years:

Cellphone:  [REDACTED]
Email:  [REDACTED]
Instagram:  Hollymshuster
Snapchat:  Hollyshu27
Twitter:  Holly6136773
Tiktok:  HollyShust
LinkedIn:  Holly Shuster

4

4.     Identify each Communication that You have had with any Person related to Jacob Levy.

**OBJECTION:**   Ms. Shuster objects to the overbroad nature of this Interrogatory, which would require her to describe every communication she had about Mr. Levy, including any time she referenced him in conversation over several years. Ms. Shuster further objects to this interrogatory to the extent that it calls for information subject to the attorney-client privilege. With respect to written communications, responsive communications that refer or relate to the claims and defenses presented in this case have been produced or will be produced and are incorporated here pursuant to FRCP 33(d). With respect to all oral communications, given the nature and duration of the parties' relationship, there would be no practical means to identify all such communications and the request to do so is also not proportional to the needs of the case.

5.     With respect to each of Your Counterclaims, identify the date, circumstances, including any sexual act of each "occasion" during which You allege You were sexually assaulted, raped, battered, or assaulted.

**ANSWER:** Ms. Shuster does not have specific dates for each time that Plaintiff sexually assaulted her.  Plaintiff routinely pressured Ms. Shuster for sexual acts, persisting with his demands even when she had previously and repeatedly told him "no."  The sexual activity also frequently involved Plaintiff hitting Ms. Shuster, even though she told him that she did not want to be struck or otherwise engage in painful, violent sexual activity.  Plaintiff insisted to Ms. Shuster, however, that this was how adult sexual relationships worked and that the sexual violence was normal.  On more than one occasion, Ms. Shuster also awakened to find Plaintiff performing sexual acts to her, including sexual penetration, to which she did not (and could not under the circumstances) provide consent.

In early November 2021, after the relationship ended, Plaintiff broke into Ms. Shuster's dormitory suite, rummaged through Ms. Shuster's personal belongings, and waited for Ms. Shuster to return to her room.  Upon discovering that Plaintiff had broken into her room, Ms. Shuster convinced Plaintiff to leave the room.  Soon after leaving the room, Plaintiff physically attacked Ms. Shuster by throwing a heavy metal ring at her and then pressing her up against the edge of a balcony, making it difficult for her to breathe, while menacingly asking her whether she thought he would throw her over the balcony (she did).  Late during the night of November 8-9, 2021, Plaintiff returned to Ms. Shuster's room and demanded that her roommate, Liberty Morris, allow

5

him to enter Ms. Shuster's room. As a result of the ongoing stalking and threatening behavior, Ms. Shuster sought and obtained a No Contact Order from Tulane on November 16, 2021. Ms. Morris also obtained a No Contact Order against Plaintiff on November 16, 2021.

Nonetheless, Plaintiff continued to stalk and harass Ms. Shuster, causing her to fear additional physical attacks. In particular, on several other occasions after issuance of the No Contact Order, and in direct violation of that Order, Plaintiff called, messaged and physically stalked Ms. Shuster on campus and often tried to approach her when she left or returned to her dormitory building, causing Ms. Shuster to fear additional physical attacks. Those violations occurred on numerous dates including, among many others, December 8, 2021, December 9, 2021, December 12, 2021, December 13, 2021, December 16, 2021, December 17, 2021, and December 31, 2021. On one occasion, Plaintiff demanded that Ms. Shuster meet him at the top of a parking structure near her dormitory "or else," again causing her significant fear for her physical safety.

6. Identify each Communication that You have had with any Person regarding Your allegation that You were sexually assaulted or raped, as described in Your Counterclaims.

**OBJECTION AND ANSWER:** Ms. Shuster objects to this Interrogatory to the extent that it seeks information regarding her communications with her legal counsel. Without waiving that objection and to the best of her recollection, Ms. Shuster has disclosed the sexual assaults by Mr. Levy to the following individuals: Her parents, Deborah Morel and Michael Shuster; her sister, Genevieve Shuster; close friends, including Liberty Morris, Clare Arnold, Jordan Ziegler, and Kathleen Full-Baudeneau; her Tulane counselor, Deanna Robertson, Tulane's Director of Student Conduct, Christopher Zacharda, and other Tulane employees such as her professors; her Louisiana counsel, Judge Richard Perque; and medical providers by whom she has treated or whom she has consulted or contacted (Ms. Lowe, Dr. Evans, Dr. Benito Figueroa, and Amanda Tonkovich).

7. Identify any Document in Your possession in which You have discussed, described, referenced, alluded to, or mentioned Jacob Levy or any sexual assault, rape or stalking, to include any journal, diary, artwork, or therapeutic work, in whatever form.

**OBJECTION AND ANSWER:** Ms. Shuster objects to this Interrogatory to the extent that it seeks information regarding her communications with her legal counsel. Ms. Shuster further objects to this Interrogatory which seeks information already

6

produced by Ms. Shuster and for which the burden of deriving the answer is substantially the same for either party under F.R.C.P. 33(d).

Without waiving her objection and to the best of her recollection, those Documents would include the following documents, all of which have previously been disclosed or will be disclosed with Ms. Shuster's Responses to the Requests for Production: Judge Perque's notes; Tulane records describing the intimate partner abuse and sexual harassment by Mr. Levy, the numerous violations of the No Contact Order, and Mr. Levy's stalking and harassment; Tulane Police Department records; the Louisiana state court documents; Ms. Shuster's application for readmission to Tulane; Ms. Shuster's text correspondence with Ms. Morris, Ms. Arnold, and Mr. Browne; Ms. Shuster's essay – A Hundred Times; correspondence with potential and treating medical providers; Ms. Shuster's medical records; and excerpts of Ms. Shuster's journal.

As Ms. Shuster identifies and locates additional nonprivileged and responsive documents, she will produce them.

8. Identify each Communication that You have had with any local, state, or federal law enforcement agent or agency, whether in Your capacity as a purported victim, witness or perpetrator of any criminal activity, whether as a juvenile or as an adult.

**OBJECTION AND ANSWER:** Ms. Shuster objects to the overbroad nature of this Interrogatory, which seeks information not properly subject to discovery under the Federal Rules of Civil Procedure, such as any Communication she may have had at any time as a witness to criminal activity.

Without waiving this Objection, Ms. Shuster states that she communicated with Tulane Police Department about Mr. Levy's threats and repeated violations of the No Contact Order issued by Tulane University in December 2021.

9. Identify any email address, email account, cellphone number and cellphone provider, social media account and login or screen name, text or instant messaging account name and number, that You have used, applied for, or been supplied between the dates of the Alleged Assault and the present.

**RESPONSE:** *See* Response to Interrogatory No. 3.

7

10. Identify any sexual abuse, rape, abuse, assault, or battery against You by anyone other than Mr. Levy, including the identity of the perpetrator, details of the misconduct or offense committed, the date and location of the misconduct or offense, the Person(s) or agencies to whom You made any report of such misconduct or offense, and any Documents related to the misconduct or offense.

**OBJECTION AND ANSWER:** Ms. Shuster objects to this Interrogatory to the extent that it seeks information regarding her communications with her legal counsel. Without waiving that objection,



Apart from her medical records, Ms. Shuster is unaware of any other Documents that relate to this incident.

11. Identify any other sources of physical and/or mental injury to You that have occurred prior or subsequent to the "occasions" of sexual assault, rape or stalking that You allege in Your Counterclaims, including the date of any such injury, the nature of the injury, the cause of the injury, and the Persons associated with any such injury.

**OBJECTION AND ANSWER:** Ms. Shuster objects to the extent that this interrogatory calls for privileged, protected information about unrelated physical and/or

8

mental injuries that occurred at any time before the fall of 2020.  Without waiving that Objection, 

12. With respect to each instance of "media" that You sent to Jacob Levy's Snapchat account as indicated in Documents Bates Numbered JL_0024-JL_0118, identify the contents of the media, including what type of media, who was depicted in the media, what activities were depicted in the media.

**ANSWER**:  The documents identified in this Interrogatory include messages that were not sent by Ms. Shuster.  With respect to the messages sent by Ms. Shuster, she is unable to identify the contents of the specific media, as Mr. Levy blocked her account in November 2021, and she likewise unfriended Mr. Levy in late 2021.

## III. REQUESTS FOR PRODUCTION

13. All Communications and Documents identified in Interrogatory Nos. 1-12, above.

**RESPONSE:**  Subject to the objections above, through counsel, Ms. Shuster has made and is making a good faith effort to identify and produce all discoverable Documents all responsive, non-privileged Documents.

14. All Documents reviewed or relied upon in answering Interrogatory Nos. 1-12, above.

**RESPONSE:**  Subject to the objections above, through counsel, Ms. Shuster has made and is making a good faith effort to identify and produce all responsive, non-privileged Documents.

15. All Documents and Communications which relate to or mention Jacob Levy.

9

**OBJECTION AND RESPONSE:** Ms. Shuster objects to the overbroad nature of this Request, which would seek any document that even mentions Mr. Levy. Without waiving this Objection, through counsel, Ms. Shuster has made and is making a good faith effort to identify and produce any Documents and Communications responsive to this Request that refer or relate to information reasonably subject to discovery under the Rules of Civil Procedure, including Documents that refer or relate to the Parties' claims.

16. All photographs, videos, stickers, shares, video chats or other image evidence that depicts Jacob Levy either alone, with You, or with any other Person.

**RESPONSE:** Through counsel, Ms. Shuster has made and will make a good faith, effort to identify and produce any responsive documents.

17. All Communications that You have had with any individual identified in response to Interrogatory Nos. 4 and 5.

**OBJECTION AND RESPONSE:** Ms. Shuster objects to this Request to the extent that it calls for information subject to the attorney-client privilege. Ms. Shuster further objects to the overbroad and harassing nature of this Request with Respect to Interrogatory No. 4, which seeks information every Communication that even mentions Mr. Levy regardless of whether it is relevant or discoverable under the Federal Rules of Civil Procedure. Ms. Shuster further objects to the request regarding all such communications that do not relate to Mr. Levy as an invasion of her privacy interests recognized by, among other cases, *In re Denver District Court*, 256 P.3d 678 (Colo. 2011).

Without waiving her objections, with respect to written Communications, as described in Ms. Shuster's Answer to Interrogatory No. 4, through counsel, Ms. Shuster has made and is making a good faith effort to identify and produce responsive Communications that refer or relate to the claims and defenses presented in this case.

With respect to Interrogatory No. 5, Ms. Shuster does not understand the Request.

10

18. All Communications that You, Your attorneys or You or their agents have had with any witness disclosed by You pursuant to Fed. R. Civ. P. 26(a).

**OBJECTION AND RESPONSE:** Ms. Shuster objects to this Request to the extent that it calls for information subject to the attorney-client privilege and work product doctrine. Ms. Shuster also objects to the overbroad nature of this Request as it would seek every Communication she has had with any witness regardless of relevance or whether it is otherwise discoverable under the Federal Rules of Civil Procedure. For example, as drafted, this Request seeks every communication that Ms. Shuster has ever had with her parents and friends, regardless of the content of those communications.

Without waiving those Objections, through counsel, Ms. Shuster has made and is making a good faith effort to identify and produce any written Communications that Ms. Shuster has had with witnesses that refer or relate to the Parties' claims.

19. All records from any Health Care Provider identified in response to Interrogatory No. 2 that relate to You.

**OBJECTION AND RESPONSE:** Ms. Shuster incorporates by reference her Objection to Interrogatory No. 2, as it seeks privileged information that is not reasonably subject to discovery under the Federal Rules of Civil Procedure.

Without waiving her Objection, Ms. Shuster has previously produced her treatment records from the individuals identified in response to Interrogatory No. 2. Those records have been designated Highly Confidential – Attorneys' Eyes Only.

20. All Documents from any law enforcement agency, whether local, state, or federal, whether in the United States or elsewhere, which concern or relate to You in any way. These Documents should include, without limitation, any witness statements made by You.

**OBJECTION AND RESPONSE:** Ms. Shuster objects to this Request to the extent that it calls for information subject to the attorney-client privilege. Ms. Shuster further objects to the overbroad nature of this Request, which seeks information that is not discoverable under the Federal Rules of Civil Procedures.

Without waiving this Objection, through counsel, Ms. Shuster has made a good faith effort to identify and produce all responsive, nonprivileged documents.

11

21. Make available for inspection and copying pursuant to Rule 34(a)(1) a forensic image of any cellphone, computer, Social Media account, or email account through which You communicated with or about Jacob Levy.

**OBJECTION:** Ms. Shuster objects to this Request as grossly overbroad, harassing, and as seeking personal, private, and confidential information that is not subject to discovery under the Federal Rules of Civil Procedure, and information that is subject to recognized privileges under federal law, including the attorney-client privilege.

Without waiving this Objection, Ms. Shuster's devices have been imaged and preserved by a third-party forensic consultant. Through counsel, she has made and is making a good faith effort to identify and produce all discoverable Documents on those devices as required under the Federal Rules of Civil Procedure.

Dated: January 16, 2024                              AS TO OBJECTIONS AND RESPONSES

Respectfully Submitted,

*Kimberly M. Hult*
Kimberly M. Hult
Daniel D. Williams
Matthew Simonsen
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO 80302
Telephone: (303) 442-6514
Facsimile: (303) 442-6493
Kimberly.Hult@hbcboulder.com
Dan.Williams@hbcboulder.com
Matt.Simonsen@hbcboulder.com

12

## VERIFICATION OF RESPONSES

I acknowledge that the foregoing Answers to the above Interrogatories are true and correct to the best of my knowledge.

*s/Holly Shuster*_____
Holly Shuster

13

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2024, the foregoing was served via email on the following:

Laura Menninger
Jacob McMahon
Haddon, Morgan & Foreman, P.C.
950 17th Street Suite 1000
Denver, CO 80202
lmenninger@hmflaw.com
jmcmahon@hmflaw.com

/s/ Ella Ford
Ella Ford

14