IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01149-NYW-KAS

JACOB LEVY,

    Plaintiff/Counterclaim Defendant,

v.

HOLLY SHUSTER,

    Defendant/Counterclaim Plaintiff.
_____

# MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the parties' **Joint Motion for Leave to Restrict** [#162] (the "Motion"). In accordance with D.C.COLO.LCivR 7.2(d), the Motion [#162] was publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed.

    On July 29, 2024, the Court issued an Omnibus Order on Motions to Restrict [#156] addressing five motions to restrict. *See Motions to Restrict* [##106, 119, 139, 144, 149]. In relevant part, the Court noted that Plaintiff's Motion to Restrict [#106] did not seek restriction of Exhibits 1 through 49 to his Motion to Compel [#107] and it lifted restriction on those documents. *See Omnibus Order* [#156] at 4, 12. Defendant filed an Emergency Motion for Stay [#157] and the Court directed that the majority of Exhibits be restricted pending the filing of a motion to restrict. *See Minute Order* [#159] at 2-3.

    The parties now seek to file redacted versions of Exhibits 3, 7, 8, 17, 19, 28, and 32, and seek to restrict Exhibits 5, 18, and 41 in their entirety. *See Motion* [#162] at 9. These exhibits include: Defendant's medical records (Exhibits 5 and 18); Defendant's testimony and discovery responses containing her current phone number and discussing prior and unrelated trauma (Exhibits 7, 8, and 19); text messages with third parties regarding other romantic relationships and those third parties' own mental health crises (Exhibits 28, 32, 41); Defendant's email with a Tulane counselor relating to prior trauma and a third party's mental health conditions (Exhibit 17); and the Dr. Peters expert report (Exhibit 3), which this Court previously allowed to be filed redacted. *See Motion* [#162] at 3-8; *Omnibus Order* [#156] at 12 (directing the parties to file a redacted copy of the Peters Report). Because the parties do not seek to restrict any of the other exhibits, the Court will **lift restriction** on them.

"A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). The moving party must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Id.* at 1135-36. The movant must also "identify a clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2(c)(3).

The Court has reviewed the parties' proposed restrictions and redactions and is satisfied that they are narrowly tailored to address specific, compelling privacy concerns that the Court has previously discussed, including "prior or subsequent trauma and prior family/medical history" of Defendant, as well as confidential information relating to third parties, their romantic relationships, and their mental health conditions. *Omnibus Order* [#156] at 10 (citing *Ledezma v. Young Life*, No. 20-cv-01896-NYW, 2021 WL 2823261, at *9-*10 (D. Colo. Jan. 8, 2021)); *see also Brokop v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2021 WL 9206241, at *2 (D. Colo. Dec. 16, 2021) (granting restriction and permitting redaction of documents that would "reveal[] the confidential information of a third party"). Thus, pursuant to D.C.COLO.LCivR 7.2(c), the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy, and, where practicable, the parties have filed publicly available redacted versions of the at-issue documents. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#162] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **MAINTAIN** Level 1 Restriction[1] on the following documents: Exhibits 3, 5, 7, 8, 17-19, 28, 32, and 41 [## 107-5, -7, -9, -10, -19, -20, -21, -30, -34, and -43].[2]

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to **LIFT RESTRICTION** on the following documents: Exhibits 1-2, 4, 15, 20-27, 29-31, 33-40, 42-49 [##107-3, -4, -6, -17, -22, -23, -24, -25, -26, -27, -28, -29, -31, -32, -33, -35, -36, -37, -38, -39, -40, -41, -42, -44, -45, -46, -47, -48, -49, -50, -51].

IT IS FURTHER **ORDERED** that the Emergency Motion for Stay [#157] is **DENIED AS MOOT**.

Dated: September 4, 2024

---

[1] Level 1, the least restrictive, limits access to the parties and the Court. *See* D.C.COLO.LCivR 7.2(b).

[2] Publicly available redacted versions of Exhibits 3, 7, 8, 17, 19, 28, and 32 can be found as exhibits attached to the Motion [#162]. Exhibits 5, 18, and 41 will be restricted in their entirety.